# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JAB ENERGY SOLUTIONS II, LLC,[1] | ) ) | Case No. 21-11226 (CTG) |
| Debtor. | ) ) ) | **Docket Ref. No. 26** |

### ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY AND HONOR PREPETITION COMPENSATION, REIMBURSABLE BUSINESS EXPENSES, AND EMPLOYEE BENEFIT OBLIGATIONS, AND (B) MAINTAIN AND CONTINUE CERTAIN COMPENSATION AND BENEFIT PROGRAMS POSTPETITION; AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion ("Motion")[2] of the above-referenced debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require, the Debtor to (i) pay prepetition wages, salaries, employee benefits, and other compensation; (ii) remit withholding obligations and deductions; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) authorize applicable banks and other financial institutions receive, process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the requirements of

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized, but not directed, to make payments to applicable third parties from the Employee Withholdings, and other Withholding Obligations and in respect of the Benefit Programs, and costs associated therewith, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

3. The Debtor is authorized, but not directed, to honor outstanding checks for Workforce Compensation that may be outstanding as of the Petition Date.

4. In accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtor maintains its accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in such accounts.

5. The Debtor is authorized to pay prepetition amounts on account of the Workforce Compensation and Benefit Programs, including all processing and administrative fees associated with payment of the Workforce Compensation and Benefit Programs, subject to the aggregate caps set forth in the chart below and subject to the caps set forth in sections 507(a)(4)

and (5) of the Bankruptcy Code,.  No payments to or on behalf of any Employee with respect to prepetition Wages will exceed $13,650 without further Court order.

| BENEFIT/PROGRAM | CAP AMOUNT |
|---|---|
| Wages | $5,000 |
| Medical Plan | $3,000 |
| Dental Plan | $500 |
| Vision Plan | $100 |
| Life/AD&D Insurance Plan | $1,000 |
| Car Allowances | $1,400 |
| Reimbursable Expenses | $2,000 |
| Corporate Credit Card Program | $5,000 |

6.      The Debtor is authorized to allow Employees to use accrued prepetition PTO in the ordinary course.  The Debtor is also authorized, in its discretion, to pay out any accrued PTO amounts that are owed to Employees to the extent required under the Debtor's policies and applicable state law.

7.      The Debtor is authorized to continue to administer and provide its Benefit Programs postpetition in the ordinary course of business and in the Debtor's discretion.

8.      The Debtor shall provide the Committee with weekly reporting of amounts paid under paragraphs 27 and 28 of the Motion as part of their DIP financing reporting obligations.

9. Nothing in this Order authorizes or approves any payment, bonus plan, or severance plan subject to section 503(c) of the Bankruptcy Code.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

11. The Debtor is authorized, but not directed, to continue to maintain its Workers' Compensation Plan in the ordinary course of business. The automatic stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code solely to allow the Debtor, in its discretion, to continue to assess, determine, and adjudicate any of the unpaid workers' compensation claims during these chapter 11 case in accordance with the Workers' Compensation Plan; *provided however*, however that nothing in this order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

12. The requirements of Bankruptcy Rule 6004(a) are waived.

13. The stay under Bankruptcy Rule 6005(h) is waived.

14. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtor's rights to contest the amount or validity of claims.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Dated: October 1st, 2021**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**