## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JAB Energy Solutions II, LLC[1] | Case No. 21-11226 (CTG) |
| Debtor. | |

**Hearing Date: October 25, 2021 at 3:00 p.m. (ET)**
**Objection Deadline: October 19, 2021 at 4:00 p.m. (ET)**

### DEBTOR'S MOTION FOR AN ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby submits this motion (the "Motion") for the entry of an order, substantially in the form annexed hereto as **Exhibit A**, establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members. In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

1. On September 7, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2. On September 24, 2021, the Office of the United States Trustee (the "UST") formed an official committee of unsecured creditors (the "Committee").

3. Information regarding the Debtor's history and business operations, capital structure, and the events leading up to the commencement of this Chapter 11 Case can be found in the *Declaration of Albert Altro, Chief Restructuring Office, in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 24].

2

**Relief Requested**

4.  By this Motion, the Debtor requests the entry of an order approving the Compensation Procedures (as defined herein) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code. The entry of such an order will streamline the professional compensation process and allow the Court and other parties to more effectively monitor the professional fees and expenses incurred in this case. This Motion further seeks approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the any statutory committee appointed in this case.

**Retention of Professionals**

5.  The Debtor has retained certain professionals, including Pachulski Stang Ziehl & Jones LLP as the Debtor's bankruptcy counsel. The Debtor may seek to retain other professionals during the course of this case if the need arises. The Committee has retained Lugenbuhl, Wheaton, Peck, Rankin & Hubbard and JOYCE LLC to assist it in fulfilling its obligations in this case (the professionals retained the Debtor and the Committee are hereafter collectively referred to as the "Professionals").

**Proposed Compensation and Reimbursement Procedures**

6.  By this Motion, the Debtor proposes that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, that Professionals be

permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the procedures set forth below (the "Compensation Procedures"):

    a.    On or before the 20th day of each calendar month, or as soon as practicable thereafter, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by first class mail on each of the following parties (collectively, the "Notice Parties"):

        (1)    counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq.;

        (2)    the UST, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: David Buchbinder, Esq.; and

        (3)    counsel to the Committee, (a) Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, LA 70130, Attn: Benjamin W. Kadden, Esq. and (b) JOYCE LLC, 1225 N. King Street, Suite 800, Wilmington, DE 19801, Attn: Michael J. Joyce, Esq.

    b.    Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

    c.    Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

    d.    Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses

4

requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtor are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") If a Notice of Objection was timely received and remains unresolved, the Debtor are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

e.   If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtor shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment (an "Incremental Resolution Payment"). If, however, the parties are unable to reach a complete resolution of the objection within ten days after service of the Notice of Objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.   At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

   (1)   the Monthly Fee Applications that are the subject of the request;

   (2)   the amount of fees and expenses requested;

5

(3) the amount of fees and expenses paid to date or subject to an Objection;

(4) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

(5) any other information requested by the Court or required by the Local Rules.

g. Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

(1) The Debtor will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtor, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

(2) The first Interim Fee Period will cover the month in which the Petition Date occurs and the two full months immediately following such month. Thus, as applicable to this chapter 11 case, the first Interim Fee Period will cover the Petition Date through November 30, 2021. Each Professional must file and serve its first Interim Fee Application Request on or before the 45th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests must be filed on or before January 14, 2022.

(3) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

(4) Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the

6

filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

7. By this Motion, the Debtor also requests that each member of the Committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or the practice of this Court.

8. By this Motion, the Debtor further requests that the Court limit the notice of interim and final fee application requests to (i) the Notice Parties and (ii) parties that have filed with the Clerk of this Court a request for special notice pursuant to Bankruptcy Rule 2002. The Debtor further requests that (i) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application, any final fee applications (the "<u>Final Fee Applications</u>"), and any notices of hearing on Interim Fee Applications and Final Fee Applications (the "<u>Hearing Notices</u>") and (ii) all other parties entitled to notice be entitled to receive only the Interim Fee Applications and the Hearing Notices. Providing notice of interim and final fee applications in such manner will allow the parties most active in this chapter 11 case to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

9. The Debtor shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

10. The procedures proposed herein will enable the Debtor to closely monitor the costs of administration and implement efficient cost management procedures. In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest, including the UST, to more efficiently monitor the compensation and reimbursement of Professionals.

**Applicable Authority**

11. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently. *In re Mariner Post-Acute Network Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Courts have regularly entered orders allowing professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. In fact, this Court has approved similar compensation procedures in many cases within this District. *See, e.g., In re Kona Grill, Inc.*, Case No. 19-10953 (CSS) (Bankr. D. Del. May 28, 2019); *In re True Religion Apparel, Inc.*, Case No. 17-11460 (CSS) (Bankr. D. Del. July 31, 2017); *In re General Wireless Operations Inc.*, Case No. 17-10506 (BLS)(Bankr. D. Del.

DOCS_DE:236445.2 42899/001

Mar. 8, 2017). Accordingly, this Court has authority to enter an order authorizing the Compensation Procedures requested herein.

13. Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtor's estate and its creditors. Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved and the time required on part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization. The Debtor has limited staff and resources to deal with the extra burdens imposed by the filing of this case. Without the streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the Debtor, the Professionals, the Court, the UST, and other parties in interest. The Debtor believes that the proposed Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services and that such Professionals are not forced to bear undue financial burden or risk caused by delays in payment.

14. The Debtor believes that the Compensation Procedures requested herein will: (i) enable the Debtor and parties in interest to closely monitor costs of administration relating to this case; (ii) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (iii) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications; and (iv) eliminate undue financial burdens on the Professionals and avoid having the Professionals fund the costs of the Debtor's case.

15. Based on the foregoing, the Debtor submits that the relief requested by this Motion is necessary, appropriate and in the best interests of its estate and creditors and should therefore be granted.

### Notice

16. The Debtor has provided notice of this motion to: (a) the UST; (b) counsel to the Debtor's prepetition and postpetition secured lenders; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order, substantially in the form attached to this Motion as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: October 11, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       crobinson@pszjlaw.com

[Proposed] Counsel to the Debtor and Debtor in Possession

11