# Exhibit 1 to Order - Engagement Letter

September 7, 2021

**CONFIDENTIAL**

JAB Energy Solution II, LLC
19221 I 45 South, Suite 324
Shenandoah, Texas 77385

Dear Mr. Robards:

This letter (the "Engagement Agreement") confirms the engagement of Traverse, LLC ("Traverse") by JAB Energy Solution II, LLC and its subsidiaries (the "Company" or "JAB") to provide restructuring consulting services, including the appointment of Albert Altro, as Chief Restructuring Officer ("CRO"). Traverse's role as restructuring consultant includes, but is not limited, to the matters discussed below.

1) Coordinate with Company on pre-bankruptcy actions to date and assist in the on-going pre-bankruptcy planning efforts underway to include:

    a) Preparation of procedures and protocols to operate in a Chapter 11 Bankruptcy.
    b) Supporting the Company with all pleadings and reporting requirements in Chapter 11, including, but not limited to, initial and monthly operating reports, schedules of assets and liabilities and statement of financial affairs.
    c) Assisting with reporting to key constituencies regarding the Chapter 11 Bankruptcy, including regular reporting to the Company's secured creditors.
    d) Assisting with the recovery efforts on projects.
    e) Communicate with regulators.
    f) Assisting with liquidity management and cash flow forecasting.
    g) Assisting with exit from Chapter 11.
    h) Preparing and ensuring compliance with the terms and conditions of any use of borrowed funds or cash collateral.

2) Assist with management of the Company's vendors and suppliers in connection with the Chapter 11 Bankruptcy.

3) Coordinate with the Company's advisors or specialists.

In addition to the specific services listed above that we will perform, we understand that we will participate, at your request and to the extent appropriate, in meetings and discussions with appropriate parties and their representatives relating to the Company's restructuring.

Traverse is a firm that provides turnaround, crisis management, and financial advisory services. In some cases, Traverse provides these services as advisors to management, in other cases one or more of its staff serve as corporate officers and other of its staff fill positions as full time or part time employees ("crisis manager"). In the event the Company files for chapter 11 relief under

Title 11 of the United States Code (the "Bankruptcy Code"), the Company shall retain Traverse under Bankruptcy Code section 363.

The application of Traverse shall disclose the individuals identified for executive officer positions as well as the names and proposed functions of any additional staff to be furnished by Traverse.

Mr. Altro's engagement as CRO is subject to the express approval of the Company's board of managers whose members are performing their duties and obligations under applicable law. Mr. Altro and any and all members of Traverse will act under the direction, control and guidance of the Board and shall serve at the Board's pleasure.

We understand that our work in providing such assistance will be performed in accordance with applicable standards of the accounting and restructuring profession and will include, at your request, reading and analyzing documents, discussing issues and assumptions with and advising you regarding the factual issues, concepts and perspectives that appear to us to be the most important factors bearing on the determinations at issue.

We understand that we will be performing only those services directed by the Board of Directors and the Company's advisors. We are to perform such procedures as are necessary and appropriate in the circumstances as to which we mutually agree.

It is our intention to work closely with you throughout this engagement. Regular discussions with you of our engagement should facilitate our progress and provide you with relevant information and an ongoing opportunity to confirm or request that we modify the scope of our engagement to best serve your objectives.

In order for us to perform our services, it will be necessary for us to have access to your facilities and to certain books, records and reports of JAB and affiliated organizations. We will perform our services in a manner that will permit the business operations of JAB to proceed in an orderly fashion, subject to the requirements of this engagement. We understand that you have briefed members of management as to the scope of this engagement and they have agreed to cooperate with us and our team and to make available to us their personnel, books, records and other data sources relevant to our needs.

Traverse acknowledges that, in connection with the services to be provided pursuant to this Engagement Agreement, certain confidential, non-public and proprietary information concerning the Company ("Confidential Information") has been or may be disclosed by the Company to Traverse or its employees, affiliates, attorneys, subcontractors and advisors (collectively, "Representatives"). Traverse agrees that, without the Company's prior consent, no Confidential Information will be disclosed, in whole or in part, except to (i) those Representatives who need access to any Confidential Information for purposes of performing the services to be provided hereunder, or (ii) as may be required by law or regulatory authority, provided that, in the case of clause (ii), to the extent legally permissible, Traverse shall cooperate with the Company in seeking, in order to prevent or limit disclosure of Confidential Information, a protective order or other appropriate remedy pursuant to the relevant procedures under any applicable laws and regulations; if, failing the entry of a protective order or other appropriate remedy, disclosure of any Confidential

Information is required, Traverse may only disclose that portion of Confidential Information that its counsel advises it is compelled to disclose; and Traverse shall provide, prior to making such disclosure, prompt notice to the Company that such disclosure is required upon becoming aware of such requirement. The term "Confidential Information" does not include any information: (a) that was already in the possession of Traverse or any of its Representatives, or that was available to Traverse or any of its Representatives on a non-confidential basis, prior to the time of disclosure to Traverse or such Representatives; (b) obtained by Traverse or any of its Representatives from a third person which, insofar as is known to Traverse or such Representatives, is not subject to any prohibition against disclosure; (c) which was or is independently developed by Traverse or any of its Representatives without violating any confidentiality obligations under this paragraph; or (d) which was or becomes generally available to the public through no fault of Traverse. The obligations set forth in this paragraph shall remain in effect for a period of twelve months after the expiration or termination of this Engagement Agreement.

Our work will be performed on a "level-of-effort" basis; that is, the depth of our analyses and extent of our authentication of the information on which our advice to you will be predicated may be limited in some respects due to the extent and sufficiency of available information, time constraints dictated by the circumstances of our engagement, and other factors. Moreover, we do not contemplate examining any such information in accordance with generally accepted auditing or attestation standards. Rather, it is understood that, in general, we rely on information disclosed or supplied to us by you or by employees and representatives of the Company without audit or other detailed verification of their accuracy and validity.

Traverse shall charge a monthly fee of $37,000 for Mr. Altro. In addition, Traverse will charge its standard hourly rates for any additional Traverse employees assigned to this engagement.

Our hourly rate for work of this nature for Managing Directors is $395 per hour and rates will range between $225 - $325 per hour for Managers and Directors. Rates are based on the relevant skills and experience of the individual team members.

We will also be reimbursed for our reasonable out-of-pocket expenses including, but not limited to, travel, meals and lodging, delivery services, costs of reproduction, and other related expenses. We will submit weekly invoices for services rendered and expenses incurred. Our invoices are payable upon receipt.

It is our policy in these cases to receive a security retainer prior to the commencement of our activities to be held by us throughout this engagement. The retainer secures final payment of our invoices for services rendered. Given the magnitude and scope of the services you have requested, we require an advance of $20,000. This advance will be returned to the Company upon payment in full of our outstanding invoices or applied to any outstanding invoices at the conclusion of this engagement.

JAB agrees to indemnify and hold harmless Traverse LLC, Albert Altro and those in his employ (the "Indemnified Parties") to the fullest extent lawful from any and all losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses and disbursements including, without limitation, the costs, fees, expenses and disbursements, as and when incurred, of

investigating, preparing or defending any action, suit, proceeding or investigation (whether or not in connection with proceedings or litigation in which Albert Altro is a party), directly or indirectly, caused by, relating to, based upon, arising out of or in connection with the engagement of Traverse or Mr. Altro by the Company or any services rendered pursuant to such engagement, <u>provided</u>, <u>however</u>, that the Company shall not be responsible for any losses, claims, damages, liabilities or expenses of any Indemnified Party to the extent they are caused by the Indemnified Parties' bad faith, willful misconduct or gross negligence.

The Company agrees that Traverse, Mr. Altro and his personnel engaged in this matter will not be liable to the Company for any claims, liabilities, or expenses relating to this engagement in excess of the fees paid by them to Mr. Altro pursuant to this engagement unless there is a final non-appealable order of a Court of competent jurisdiction, at the trial level, finding Traverse or Mr. Altro directly liable for bad faith, gross negligence or willful misconduct.

The limitation on liability and indemnification contained in this engagement letter shall survive the completion or termination of this engagement.

The Company, Traverse and Mr. Altro hereby irrevocably and unconditionally submits for themselves and their property in any legal action or proceeding relating to this Engagement Agreement, to the non-exclusive general jurisdiction of the United States Bankruptcy Court for the District of Delaware.

Notwithstanding anything to the contrary contained herein, Traverse and Mr. Altro shall have the right to disclose its retention by the Company or the successful completion of its services hereunder in internal marketing materials only or as required by law.

I look forward to working with you on this important matter. Please return a copy of this engagement letter, signed in the space provided to signify your agreement with the terms and provisions herein. If you have any questions, please call Albert Altro at (310) 809-5064.

Very truly yours,

Albert Altro
Traverse, LLC

Agreed by:

JAB Energy Solutions II, LLC

By: _____
Henry (Hank) L. Robards, Jr.
Vice President, Allison Marine Holdings, LLC in its
capacity as Member of JAB Energy Solutions II, LLC

4