# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JAB Energy Solutions II, LLC[1] | ) ) ) | Case No. 21-11226 (CTG) |
| Debtor. | ) ) ) | |

Hearing Date: February 18, 2022 at 1:00 p.m. (ET)
Objection Deadline: January 18, 2022 at 4:00 p.m. (ET)

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEADLINE BY WHICH THE DEBTOR MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

The above-captioned debtor and debtor in possession (the "Debtor") files this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the time within which the Debtor may assume or reject unexpired leases of nonresidential real property ("Unexpired Leases")[2] by ninety (90) days[3]. In support of the Motion, the Debtor respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

[2] While the Debtor does not believe it is a party to any Unexpired Leases, it files this Motion out of an abundance of caution.

[3] The Debtor notes that it has filed this Motion prior to the expiration of the current deadline of January 5, 2022. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, Local Rule 9006-2 automatically extends the deadline pending the Court's hearing to consider the relief requested by this Motion.

District of Delaware, dated February 29, 2012.  The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008 and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. The statutory predicate for the relief requested herein is section 364(d)(4) of the Bankruptcy Code.

**Background**

4. On September 7, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this caseOn January 11, 2021.

5. On September 24, 2021, the Office of the United States Trustee (the "UST") formed an official committee of unsecured creditors (the "Committee").

6. Additional information regarding the Debtor's history and business operations, capital structure, and the events leading up to the commencement of this chapter 11 case can be found in the *Declaration of Albert Altro, Chief Restructuring Office, in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 24] (the "First Day Declaration").

**Relief Requested**

7.      By this Motion, the Debtor respectfully requests that this Court, pursuant to section 365(d)(4) of the Bankruptcy Code, extend the deadline by which the Debtor must assume or reject Unexpired Leases by ninety (90) days, or through April 4, 2022.

**Basis for Relief Requested**

8.      Section 365(d)(4) of the Bankruptcy Code provides as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> > (i) the date that is 120 days after the date of the order for relief; or
> >
> > (ii) the date of the entry of an order confirming a plan.
>
> (B)   (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> > (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

9.      Section 365(d)(4) of the Bankruptcy Code authorizes a court to "extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessee for cause." 11 U.S.C. § 365(d)(4)(B)(i).

10.     "Cause," as used in section 365(d)(4), is not defined by the Bankruptcy Code. Among other things, courts have considered the following non-exhaustive factors in evaluating whether "cause" exists for purposes of section 365(d)(4):

(1)     the complexity of the case facing the debtor;

(2) the number of leases that the debtor must evaluate;

(3) whether the debtor is paying for the use of the property; and

(4) whether the debtor's continued occupation could damage the lessor beyond the compensation available to it under the Bankruptcy Code.

11. *South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987) (discussing factors relevant to consideration of "cause" to extend time under section 365(d)(4) of the Bankruptcy Code). *See also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating."), *cert. denied*, 510 U.S. 865 (1993).

12. Courts in this district consistently have recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code. *See, e.g.*, *Channel Home Ctrs.*, 989 F.2d at 687–88; *In re GST Telecom Inc.*, 2001 WL 686971 (D. Del. June 8, 2001); *In re Rickel Home Centers*, 1997 WL 538785 (D. Del. Aug. 13, 1997). As the United States Court of Appeals for the Third Circuit has stated, "[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs., Inc.*, 989 F.2d at 689. *See also Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n. 5 (9th Cir. 1997) (noting that bankruptcy courts often grant debtors' requests for extensions), *cert. denied*, 522 U.S. 1148 (1998).

13. Cause exists to extend the time within which the Debtor may assume or reject the Unexpired Leases. This case is less than four months and this is the Debtor's first request for an

extension of the deadline to assume or reject Unexpired Leases.  While the Debtor does not believe it is party to any Unexpired Leases, it files this Motion out of an abundance of caution to preserve its rights in the event it determines otherwise.

14.     No party is prejudiced by the requested extension.  The Debtor has been working in good faith to execute a chapter 11 strategy that maximizes stakeholder recoveries.  The Debtor and its advisors continue to work with its stakeholders, including the Committee, toward a successful outcome for this chapter 11 case.

15.     Accordingly, the Debtor submits that cause exists for the Court to extend the Debtor's deadline to assume or reject Unexpired Lease through April 4, 2022.

## Notice

16.     Notice of this Motion has been given to the following parties, or their counsel, if known:  (a) the Office of the United States Trustee; (b) counsel to the Debtor's prepetition and postpetition secured lenders; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17.     No prior request for the relief sought in this Motion has been made to this or any other court, except as set forth herein.

WHEREFORE, the Debtor requests entry of an order, substantially in the form attached hereto, extending the Debtor's deadline to assume or reject Unexpired Lease through April 4, 2022, and for such other and further relief as this Court deems appropriate.

| Dated: January 4, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP** |
|---|---|
| | */s/ Colin R. Robinson* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | Colin R. Robinson (Bar No. 5524) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | |
| | *Counsel to the Debtor and Debtor in Possession* |

6

DOCS_DE:237598.1