IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JAB Energy Solutions II, LLC,[1] | ) Case No. 21-11226 (CGT) |
| | ) |
| Debtor. | ) |
| | ) |

**Objection Deadline: February 2, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

# FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM SEPTEMBER 7, 2021 THROUGH SEPTEMBER 30, 2021

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | Effective *nunc pro tunc* to September 7, 2021 by order signed on or about November 15, 2021 |
| Period for which Compensation and Reimbursement is Sought: | September 7, 2021 through September 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $234,341.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $  2,792.73 |

This is a: ☒ monthly ☐ interim ☐ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,445.00 | 37.60 | $54,332.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,275.00 | 9.60 | $12,240.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 33.50 | $37,687.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,095.00 | 24.70 | $27,046.50 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member NJ Bar since 2000 | $1,050.00 | 4.60 | $ 4,830.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $ 925.00 | 84.70 | $78,347.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 875.00 | 11.50 | $10,062.50 |
| Patricia J. Jeffries | Paralegal 1999 | $ 460.00 | 7.50 | $ 3,450.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 460.00 | 11.50 | $ 5,290.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 460.00 | 0.30 | $ 138.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 425.00 | 1.10 | $ 467.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 375.00 | 0.50 | $ 187.50 |
| Karen S. Neil | Case Management Assistant 2003 | $ 375.00 | 0.70 | $ 262.50 |

**Grand Total:** $234,341.50  
**Total Hours:** 227.80  
**Blended Rate:** $1,028.72

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 2.80 | $ 2,497.00 |
| Asset Disposition | 0.10 | $ 109.50 |
| Bankruptcy Litigation | 99.50 | $104,522.50 |
| Case Administration | 6.10 | $ 2,945.50 |
| Committee Matters | 0.40 | $ 438.00 |
| Claims Admin./Objections | 6.50 | $ 6,549.00 |
| Employee Benefit/Pension | 7.00 | $ 6,993.50 |
| Executory Contracts | 0.70 | $ 647.50 |
| Financial Filings | 15.30 | $ 11,513.00 |
| Financing | 81.90 | $ 90,489.00 |
| Meeting of Creditors | 0.70 | $ 836.50 |
| Plan & Disclosure Statement | 0.20 | $ 289.00 |
| Retention of Professional | 1.30 | $ 1,458.50 |
| Retention of Prof./Others | 4.40 | $ 4,220.50 |
| Stay Litigation | 0.90 | $ 832.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[2] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call | $ 31.44 |
| Express Mail | Federal Express | $ 309.33 |
| Filing Fee | USBC | $1,788.00 |
| Legal Research | Lexis/Nexis | $ 147.01 |
| Court Research | Pacer | $ 56.90 |
| Reproduction Expense | | $ 161.60 |
| Reproduction/ Scan Copy | | $ 115.70 |
| Research | Cl@s Information Services | $ 182.75 |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JAB Energy Solutions II, LLC,[1] | ) | Case No. 21-11226 (CGT) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Objection Deadline: February 2, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**FIRST MONTHLY APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR THE
PERIOD FROM SEPTEMBER 7, 2021 THROUGH SEPTEMBER 30, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about October 21, 2021 ("Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Debtor and Debtor in Possession, hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 7, 2021 through September 30, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $234,341.50 and actual and necessary expenses in the amount of $2,792.73 for a total allowance of $237,134.23 and payment of $187,473.20 (80% of the allowed fees) and

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

reimbursement of $2,792.73 (100% of the allowed expenses) for a total payment of $190,265.93 for the period September 7, 2021 through September 30, 2021 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## **Background**

1. On September 7, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and continues to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about October 21, 2021, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending November 30, 2021 and at three-month intervals thereafter or such other intervals convenient to the Court, each of the Professionals may file and serve an interim

application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4.  The retention of PSZ&J, as Counsel for the Debtor and Debtor in Possession, was approved effective *nunc pro tunc* to September 7, 2021 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about November 15, 2021 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.  All services for which PSZ&J requests compensation were performed for or on behalf of the Debtor.

6.  PSZ&J has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments during the year prior to the Petition Date in the amount of $100,000 in connection with the preparation of initial documents and the prepetition representation of the Debtor. Upon final

reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J was credited to the Debtor and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code. In addition, prior to the Petition Date, PSZ&J was paid $75,000 for its services in connection with an Assignment for the Benefit of Creditors, which has been concluded.

## Fee Statements

7.  The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.  PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtor for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A. Asset Analysis and Recovery

15. This category relates to work regarding asset analysis and recovery issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the Texas Reef Fund; (2) performed work regarding lien searches; (3) reviewed and analyzed issues regarding an assignment asset summary; (4) reviewed and analyzed issues regarding intercompany receivables; and (5) corresponded and conferred regarding asset analysis and recovery issues.

Fees: $2,497.00;    Hours: 2.80

### B. Asset Disposition

16. This category relates to work regarding sales and other asset disposition issues. During the Interim Period, the Firm, among other things, attended to sale inquiry issues.

Fees: $109.50;    Hours: 0.10

### C. Bankruptcy Litigation

17. This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) attended to scheduling issues; (2) performed work regarding First Day Motions; (3) performed work regarding Agenda Notices and Hearing Binders; (4) reviewed and analyzed issues regarding Texas and Louisiana litigation; (5) reviewed and analyzed documents related to Black Elk; (6) performed work regarding a First Day declaration; (7) performed work regarding

documents to be filed in Chancery proceedings; (8) performed work regarding a notice of commencement; (9) reviewed and analyzed lender comments regarding First Day Motions; (10) performed work regarding a case status conference; (11) prepared for and attended a hearing on September 21, 2021; (12) performed work regarding a response to document requests from the United States Trustee; (13) performed work regarding negotiations; (14) reviewed and analyzed comments of the United States Trustee to the First Day Motions, and performed work regarding responses; (15) performed work regarding notice issues relating to First Day Motions; (16) performed work regarding *Pro Hac Vice* motions; (17) reviewed and analyzed a Committee adjournment request; (18) performed work regarding First Day Orders; and (19) conferred and corresponded regarding bankruptcy litigation issues.

Fees: $104,522.50;   Hours: 99.50

**D.   Case Administration**

18.   This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) performed work regarding service lists; (2) maintained a memorandum of critical dates; and (3) maintained document control.

Fees: $2,945.50;   Hours: 6.10

**E.   Committee Matters**

19.   This category relates to work regarding Committee matters. During the Interim Period, the Firm, among other things, corresponded and conferred regarding Committee issues.

Fees: $438.00;   Hours: 0.40

### F. Claims Admin/Objections

20. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) performed work regarding a creditors list; (2) reviewed and analyzed issues regarding dismissal of Chancery assignment for the benefit of creditors; (3) performed research; (4) responded to creditor inquiries; (5) reviewed and analyzed Texas Reef Donation issues; (6) prepared for and met with the Black Elk Trustee's counsel regarding claim issues; (7) reviewed and analyzed issues regarding a notice of appointment of creditor's committee; (8) reviewed and analyzed a Committee adjournment request and performed work regarding a response; and (9) corresponded and conferred regarding claim issues.

Fees: $6,549.00;   Hours: 6.50

### G. Employee Benefits and Pensions

21. This category relates to work regarding employee benefits, pensions and other employee issues. During the Interim Period, the Firm, among other things, performed work regarding a wage motion and order.

Fees: $6,993.50;   Hours: 7.00

### H. Executory Contracts

22. This category relates to work regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding a master services agreement relating to Breton Sound.

Fees: $647.50;   Hours: 0.70

### I. Financial Filings

23. This category relates to work regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding an Initial Debtor Interview ("IDI"); (2) performed work regarding IDI documents; (3) performed work regarding Schedules and Statements; and (4) corresponded and conferred regarding financial filings issues.

Fees: $11,513.00;    Hours: 15.30

### J. Financing

24. This category relates to issues regarding Debtor in Possession ("DIP") financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed budget issues; (2) reviewed and analyzed financing issues and strategy; (3) reviewed and analyzed existing loan and security documents; (4) reviewed and analyzed the terms of a proposed DIP loan; (5) performed work regarding a motion to approve DIP financing; (6) performed work regarding negotiations related to DIP financing; (7) reviewed and analyzed a DIP financing term sheet; (8) reviewed and analyzed UCC and judgment lien searches; (9) performed work regarding an interim DIP financing order; (10) reviewed and analyzed lender comments to the DIP financing motion and order, and revised the motion and order; (11) performed work regarding a notice of DIP financing motion; (12) reviewed and analyzed comments of the United States Trustee regarding financing issues; (13) reviewed and analyzed Committee issues regarding financing, and prepared for and attended a telephonic conference with representatives of the lenders and the Committee; (14) responded to Committee

and United States Trustee issues regarding financing; and (15) conferred and corresponded regarding financing issues.

        Fees: $90,489.00;    Hours: 81.90

**K.    Meeting of Creditors**

    25.    This category relates to work regarding meeting of creditor issues. During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding a notice of commencement and regarding a Section 341 meeting of creditors.

        Fees: $836.50;    Hours: 0.70

**L.    Plan and Disclosure Statement**

    26.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Interim Period, the Firm, among other things, reviewed and analyzed Plan issues.

        Fees: $289.00;    Hours: 0.20

**M.    Retention of Professionals**

    27.    This category relates to work regarding the retention of the Firm. During the Interim Period, the Firm, among other things, performed work regarding its retention application.

        Fees: $1,458.50;    Hours: 1.30

**N.    Retention of Professionals--Others**

    28.    This category relates to work regarding the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding the Stretto retention application; (2) reviewed and analyzed comments of the

United States Trustee regarding the Stretto retention; and (3) performed work regarding a supplemental declaration in support of the Stretto retention application.

Fees: $4,220.50;     Hours: 4.40

**O.     Stay Litigation**

29.     This category relates to work regarding the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things, attended to issues regarding a stay of pending litigation.

Fees: $832.50;     Hours: 0.90

**Valuation of Services**

30.     Attorneys and paraprofessionals of PSZ&J expended a total 227.80 hours in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,445.00 | 37.60 | $54,332.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,275.00 | 9.60 | $12,240.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 33.50 | $37,687.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,095.00 | 24.70 | $27,046.50 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member NJ Bar since 2000 | $1,050.00 | 4.60 | $ 4,830.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Colin R. Robinson | Of Counsel 2012; Member of NY since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $ 925.00 | 84.70 | $78,347.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 875.00 | 11.50 | $10,062.50 |
| Patricia J. Jeffries | Paralegal 1999 | $ 460.00 | 7.50 | $ 3,450.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 460.00 | 11.50 | $ 5,290.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 460.00 | 0.30 | $ 138.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 425.00 | 1.10 | $ 467.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 375.00 | 0.50 | $ 187.50 |
| Karen S. Neil | Case Management Assistant 2003 | $ 375.00 | 0.70 | $ 262.50 |

**Grand Total:** $234,341.50
**Total Hours:** 227.80
**Blended Rate:** $1,028.72

31.   The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtor during the Interim Period is $234,341.50.

32.   In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period of September 7, 2021 through September 30, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $234,341.50 and actual and necessary expenses in the amount of $2,792.73 for a total allowance of $237,134.23 and payment of $187,473.20 (80% of the allowed fees) and reimbursement of $2,792.73 (100% of the allowed expenses) be authorized for a total payment of $190,265.93; and for such other and further relief as this Court deems proper.

Dated: January 12, 2022          PACHULSKI STANG ZIEHL & JONES LLP

/s/ *Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:   ljones@pszjlaw.com
             crobinson@pszjlaw.com

*Counsel to the Debtor and Debtor in Possession*

## DECLARATION

STATE OF DELAWARE        :
                         :
COUNTY OF NEW CASTLE     :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)  I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)  I am familiar with the work performed on behalf of the debtor and debtor in possession by the lawyers and paraprofessionals of PSZ&J.

c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about October 21, 2021 and submit that the Application substantially complies with such Rule and Order.

/s/ *Laura Davis Jones*
Laura Davis Jones