**EXHIBIT B**



ENTERED
06/27/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC, | § § § § | CASE NO. 15-34287<br><br>CHAPTER 11 |
| Debtor. | § | |

**ORDER GRANTING JOINT EMERGENCY MOTION OF W&T OFFSHORE, INC., MONTCO OILFIELD CONTRACTORS, LLC AND BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC TO AUTHORIZE PLUGGING AND ABANDONMENT FOR HIGH ISLAND A-370 AND EUGENE ISLAND 118**

The Court, upon consideration of the *Joint Emergency Motion to Authorize Plugging and Abandonment for High Island A-370 and Eugene Island 118* (the "Motion"),[1] and upon consideration of the arguments and evidence presented at hearing, finds that the Motion is well-taken and should be GRANTED.

The Court hereby finds as follows:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Court has statutory authority to enter the relief granted herein pursuant to 11 U.S.C. §§ 363, 364, and 365.

B. The decommissioning authorized by this Order is in compliance with Debtor's decommissioning obligations.

C. The relief ordered herein is in the best interest of the estate of Black Elk Energy Offshore Operations, LLC ("Black Elk" or "Debtor").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

D.     Black Elk's share of decommissioning work for High Island A-370 and Eugene Island 118 may be funded from the W&T Non-Operated Escrow Account (the "Escrow Account") as set forth in the Motion and the Second Amendment.

E.     Notwithstanding the use of funds as confirmed herein, the parties maintain whatever interests and rights in the Escrow Account that existed prior to the entry of the Order.

The Court therefore ORDERS as follows:

1.     Montco Oilfield Contractors, LLC ("Montco") is hereby authorized to perform decommissioning work for High Island A-370 (OCS-G 02434) ("HI A-370") and Eugene Island 118 (OCS-G 15242) ("EI 118"), pursuant to the terms of the Montco Service Agreement previously approved by the Court (Dkt. Nos. 663, 682), and as amended by the Second Amendment to the Montco Service Agreement attached hereto as Exhibit A ("Second Amendment"), and at the turnkey prices provided therein (the "Amended Work Costs").

2.     Montco shall be authorized to remove, extract, use, or dispose of any property owned by Black Elk and located at HI A-370 and EI 118. This includes, but is not limited to, all platforms, facilities, pipelines, equipment, and any other property owned by Black Elk and located at HI A-370 and EI 118, but shall return such serviceable equipment, if possible, to the Debtor.

3.     This Order shall serve as an instruction to the Escrow Agent for the Escrow Account to pay a portion of Black Elk's share of the Amended Work Costs to Montco in order to perform the decommissioning work for HI A-370 and EI 118 pursuant to the terms of the Second Amendment in accordance with the applicable escrow agreements. To the extent the Escrow Account funds are utilized, W&T shall be entitled to seek, by further application or motion, adequate protection and to assert an administrative claim and assert a subrogation claim to any

WEST\269551633.1

claim the government may assert related to the decommissioning obligations for HI A-370 and EI 118.  Further, W&T may seek, by further application or motion, reimbursement of W&T's legal fees and costs, including from the Escrow Account.  The Debtor and the United States reserve any and all such rights to object to any of the foregoing.  Any distribution of funds from the Escrow Account shall be free and clear of any claims or liens asserted by any other creditor or party-in-interest.

4. Argonaut Insurance Company shall be authorized to release $3,800,000 as described in the Second Amendment and is further authorized to release such funds directly to Montco as set forth in the Second Amendment, free and clear of the claims of any other creditor or party-in-interest to the cash collateral held to secure such bonds.

5. Upon completion of the decommissioning work, platform removal, pipeline removal and site clearance for each lease included in the Second Amendment, Montco shall work with BSEE and BOEM to obtain confirmation and approval of site clearance, which shall be provided in the sole discretion of BSEE and BOEM.  BSEE and BOEM shall use reasonable best efforts to expedite permitting and bond release and termination upon completion of all decommissioning work subject to the applicable bond as determined by BSEE and BOEM.

6. Nothing herein shall be construed a waiver, limitation, or election of any other rights by W&T, Montco, Fieldwood, ERT, Fairways, or the United States Department of the Interior with respect to Black Elk and this bankruptcy case or Black Elk with respect to those parties.  Moreover, nothing herein shall waive, reduce, or alter any adequate protection claim or administrative claim asserted by W&T, Montco, Fieldwood, ERT, Fairways, or the United States Department of the Interior or any defense or objection to same that may be asserted by the Debtor.  W&T, Montco, Fieldwood, ERT, Fairways and the United States Department of the

3

WEST\269551633.1

Interior shall reserve the right to amend or supplement any administrative claim asserted notwithstanding this order. W&T fully reserves the right to seek the proper measure of adequate protection for any monies released from the W&T Non-Operated Escrow Account pursuant to this Order.

7. This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, 9014, or otherwise. The parties to the Second Amendment are authorized to commence decommissioning work for HI A-370 and EI 118 immediately upon entry of this Order.

Date: 6-27-16

UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

**(Second Amendment to Montco Service Agreement)**

WEST\269551633.1

## SECOND AMENDMENT TO
## AMENDED AND RESTATED TURNKEY SERVICE AGREEMENT

This SECOND AMENDMENT TO AMENDED AND RESTATED TURNKEY SERVICE AGREEMENT (this "Second Amendment") is made and entered into as of June __, 2016, effective as of February 8, 2016, by and between Montco Oilfield Contractors, LLC ("Contractor" or "Montco") and Black Elk Energy Offshore Operations, LLC ("Company", and together with Contractor, the "Parties", and each a "Party"). Capitalized terms used in this Second Amendment but not otherwise defined herein shall have the meanings ascribed to them in the Agreement (as defined below).

### RECITALS

WHEREAS, Company is a debtor and debtor in possession in that certain chapter 11 case bearing case number 15-34287 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court");

WHEREAS, Company and Contractor entered into that certain Amended and Restated Turnkey Service Agreement, dated effective as of February 8, 2016, joined therein by Montco Offshore, Inc. as the guarantor of the Company's obligations, liabilities and responsibilities as set forth therein (the "Agreement"), and the Court entered an order approving the Agreement on March 1, 2016 [ECF No. 682];

WHEREAS, pursuant to the Agreement, Contractor is performing, and will continue to perform, Services with respect to Jobs on behalf of Company, as more fully described on Exhibit "A" to the Agreement (the "P&A Plan");

WHEREAS, the Parties have previously amended the Agreement through the First Amendment dated June __, 2016 (the "First Amendment");

WHEREAS, Company operates certain additional properties, as more fully described hereafter, for which it has P&A Obligations, and performance for such obligations are not presently covered by the Agreement as amended (the "Additional P&A Obligations"); and

WHEREAS, the Parties wish to further amend the Agreement to the extent necessary to include performance of Additional P&A Obligations, on the same terms and conditions as set forth in the Agreement, except to the extent otherwise expressly provided for herein.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Recitals and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

-1-

Section 1. Exhibit "A" to the Agreement is hereby amended to supplement and include the additional Jobs (Numbers 22, 23, 24, and 25) as more particularly set forth on Exhibit "A-1" to this Second Amendment.

Section 2. For purposes of this Second Amendment, the following shall be added as additional subsections to Section 1 of the Agreement:

1.2.6: **Timing of Payments on High Island A-370 Job 22.** Upon completion of High Island A-370 ("HI A-370") Job 22 listed on Exhibit "A-1" as evidenced by (i) detailed daily operations reports during actual execution, (ii) copy of End of Operations Report (EOR) for the subject well(s), and (iii) the BSEE acceptance of the EOR for the subject well(s) as assurance of work execution and regulatory acceptance of the subject work activity related to Job 22: within forty-five days of receipt of all of the documents referred to in (i), (ii), and (iii) of this Section 1.2.6 and the $4,250,000 invoice from Montco, (a) Montco shall be paid $3,028,150 by Argonaut Insurance Company ("ARGO") from ARGO bond SUR0019139, in accordance with the terms of Section 1.2.3 but only upon receipt of a rider from W&T reducing the penal sum apportioned to HI-A370 in Rider No. 2 to ARGO bond no. SUR0019139 by $3,028,150; and (b) Energy Resources Technology GOM, LLC ("ERT") shall pay Montco $796,875 and Fairways Offshore Exploration, Inc. ("Fairways") shall pay Montco $425,000.

1.2.7: **Timing of Payments on High Island A-370 Job 23:** Upon completion of HI A-370 Job 23 listed on Exhibit "A-1", as evidenced by (i) detailed daily operations reports during actual execution which shall include depth of cut of each pile and conductor, (ii) copy of "completion report of platform removal operations" (as submitted to BSEE), and (iii) a copy of the "completion report of site clearance verification operations" (as submitted to BSEE), for the subject work activity related to Job 23, and upon acceptance and approval thereof by BSEE (as determined by BSEE's posting of the Site Clearance Date or other means): within forty-five days of receipt of all of the documents referred to in (i), (ii), and (iii) of this Section 1.2.7 and the $4,700,000 final invoice from Montco, (a) Montco shall be paid $771,850 by ARGO from ARGO bond SUR0019139, in accordance with the terms of Section 1.2.3, but only upon receipt of a rider from W&T reducing the penal sum of ARGO bond SUR0019139 by $771,850 and removing HI-A370 from the list of properties as set forth on Schedule A – Rider No. 2 to ARGO bond. SUR0019139; (b) W&T shall issue instructions to the escrow agent, which is holding funds in the W&T Non-Operated Escrow Account, for payment direct to Montco the amount of $2,576,900; provided, however, that if W&T fails to issue such instructions, the Court may order the issuance of the instructions after notice and hearing; (c) ERT shall pay Montco $881,250 and Fairways shall pay Montco $470,000. Except as expressly set forth in Sections 1.2.6 and 1.2.7, ERT and Fairways do not assume any additional liability or obligations under this Agreement.

1.2.8 **Timing of Payments on Eugene Island 118:** Upon completion of the Eugene Island 118 Jobs 24 and 25 listed on Exhibit "A-1", as evidenced by (i) detailed daily operations reports during actual execution which shall include depth of cut of each pile and conductor, (ii) copy of the EOR for the subject well(s); (iii) BSEE acceptance of the EOR

for the subject wells; (iv) copy of "completion report of platform removal operations" (as submitted to BSEE), and (v) a copy of the "completion report of site clearance verification operations" (as submitted to BSEE), for the subject work activity related to Job 23, and upon acceptance and approval thereof by BSEE (as determined by BSEE's posting of the Site Clearance Date or other means): within forty-five days of receipt of all of the documents referred to in (i), (ii), and (iii) of this Section 1.2.8 and the final invoice from Montco, (a) W&T shall issue instructions to the escrow agent, which is holding funds in the W&T Non-Operated Escrow Account, for payment direct to Montco the amount of $784,000; provided, however, that if W&T fails to issue such instructions, the Court may order the issuance of the instructions after notice and hearing; and (b) Fieldwood Energy, LLC ("Fieldwood") shall pay direct to Montco the amount of $261,250. Except as expressly set forth in Section 1.2.8, Fieldwood does not assume any additional liability or obligations under this Agreement. Except as expressly set forth in Sections 1.2.4, 1.2.5, 1.2.6, 1.2.7, and 1.2.8, W&T does not assume any additional liability or obligations under this Agreement.

Section 3. After giving effect to this Second Amendment, all representations and warranties made by the Parties under the Agreement are true and correct as of the date hereof.

Section 4. No default has occurred or is occurring under the Agreement, nor would a default result from entry into or performance under this Second Amendment.

Section 5. To the extent necessary, the Parties hereby ratify, confirm and reaffirm their respective liabilities, and payment and performance obligations, under the Agreement.

Section 6. This Second Amendment may be executed in one or more counterparts, each of which shall constitute an original but all of which when taken together shall constitute a single contract. Delivery of an executed signature page to this Second Amendment by facsimile, e-mail in pdf format or similar electronic transmission, shall be effective and serve as delivery of a manually signed counterpart of this Second Amendment.

Section 7. Montco Offshore, Inc. joins in the execution of this Second Amendment to guarantee the (i) performance by Contractor or of all of its obligations under and pursuant to the Agreement, as amended herein, and (ii) liabilities and responsibilities of contract under and pursuant to the Agreement, as amended herein.

*[Remainder of Page Left Blank Intentionally]*

This Second Amendment is executed as of the date first set forth above.

**MONTCO OILFIELD CONTRACTORS, LLC**

_____
By: Carroll Price
Its: President

**MONTCO OFFSHORE, INC.**

_____
By: Lee A. Orgeron
Its: President and Chief Executive Officer

**BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC**

_____
By: _____
Its: _____

*Agreed and Acknowledged By:*

**W&T OFFSHORE, INC.**

_____
By:
Its:

**ENERGY RESOURCES TECHNOLOGY GOM, LLC**

_____
By:
Its:

**FAIRWAYS OFFSHORE EXPLORATION, INC.**

_____
By:
Its:

**ARGONAUT INSURANCE COMPANY**

_____
By:
Its:

-4-

**FIELDWOOD ENERGY LLC**

---
By:
Its:

# EXHIBIT A-1

## JOBS

1. Each individual Job requiring an individual payment upon release or cancelation of surety bonds is separately identified by a Line Item number below.

2. With respect to each of the federal offshore leases (collectively, the "Leases", and each individually a "Lease") and each of the federal offshore rights-of-way (collectively, the "ROWs", and each individually a "ROW") that are identified below, either by reference to the Lease or ROW serial number, to the area and block, or, with respect to pipelines, to the segment number, the scope of work for each Lease or ROW will include the wells, platforms, caissons and/or pipelines situated thereon, whether or not specified below for each block, Lease or ROW (the "Jobs").

3. The services to be performed by Contractor pursuant to the Agreement with respect to the Jobs shall comprise (a) with respect to wells, such activities and operations necessary to permanently plug and abandon each well, unless otherwise specified; (b) with respect to each platform or caisson, such activities and operations necessary to dismantle, decommission, abandon and remove (together with all personal property affixed thereto or located thereon); (c) with respect to each pipeline, such activities and operations necessary to abandon the pipeline or, if and only to the extent required by governmental authority, remove same; and (d) with respect to each Lease and ROW, perform such site clearance and restoration operations and activities as may be necessary whether or not specified below (collectively, the "Services").

4. The Services will be conducted for each Lease or ROW unless a Service, by express terms below, is excluded or limited, and the failure to specifically reference a Service for a particular Job will not serve to eliminate such Service from the Agreement.

*[Do not detach this page.]*

**Black Elk Energy Offshore Operations, LLC**
**Exhibit A-1 – Montco Decommissioning Plan**

| Number | Block | Legacy | Scope of Work Summery* | Service* | Gross Total | Working Interest | Net Total | Net Total per Property | Applicable Bond Numbers | Applicable Bond Reduction Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | HI A370 | W&T | Well Plugging and abandonment | Well abandonment | $4,250,000.00 | 71.25 | $3,028,125.00 | $3,028,125.00 | SUR0019139 | $3,800,000.00 |
| 23 | HI A370 | W&T | Platform removal, site clearance, any remaining Jobs and Services | Platform removal, site clearance | $4,700,000.00 | 71.25 | $3,348,750.00 | $3,348,750.00 | SUR0019139 | $0.00 |
| 24 | EI 118 | W&T | EI 118 #2 Well Abandonment | Well abandonment | | 75.00 | | | | |
| 25 | EI 118 | W&T | EI 118 # 2 Structure Removal, pipeline abandonment, flushing and removal of pipeline segment 12067 including both ends of the pipeline (at EI 107 and EI 118); site clearance | Platform removal, pipeline abandonment, site clearance, flushing and removal of pipeline segment 12067 including both ends of the pipeline (at EI 107 and EI 118), make safe | $1,045,000.00 | 75.00 | $784,000.00 | | | |

\* Notwithstanding the Scope of Work Summary or the Description of Service above, the Services as defined in Exhibit A to the Agreement under the heading "Jobs" will be conducted for each Lease affecting the OCS blocks subject to this Second Amendment, without limit or restriction.