# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| JAB Energy Solutions II, LLC,[1] | Case No. 21-11226 (CTG) |
| Debtors. | Re: D.I. 160 |

**MOTION OF TURNKEY OFFSHORE PROJECT SERVICES, LLC AND OFFSHORE TECHNICAL SOLUTIONS, LLC FOR ENTRY OF AN ORDER SHORTENING NOTICE AND CONSIDERATION OF THEIR CROSS-MOTION FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY [D.I. 160]**

Turnkey Offshore Project Services, LLC ("TOPS") and Offshore Technical Solutions, LLC ("OTS," and together with TOPS, collective the "Movants") respectfully move (this "Motion to Shorten") as follows:

**RELIEF REQUESTED**

1. By this Motion to Shorten, the Movants request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) shortening the notice and objection period with respect to the Movants' *Cross-Motion for Entry of an Order Modifying the Automatic Stay* (the "Cross-Motion") that was filed contemporaneously with the Movants' *Preliminary Objection to Debtor's Motion for Approval of Settlement Agreement Regarding Decommissioning of High Island A370 Project [D.I. 149]* (the "Preliminary Objection," and collectively with the Cross-Motion, the "Objection and Cross-Motion")[2] (ii) setting the date for the hearing to consider the Cross-Motion (the "Hearing") as February 24, 2022 at 10:00 am (ET),

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Ste. 324, Shenandoah, TX 77385.

[2] The facts and circumstances surrounding the Motion to Shorten are set forth in the Objection and Cross-Motion, and are incorporated herein by reference. All capitalized terms used but not defined in this Motion to Shorten shall have the meanings given to such terms in the Objection and Cross-Motion.

(iii) establishing the objection deadline for the Motion as the time set for the Hearing (the "Objection Deadline"), and (iv) granting such other relief as the Court deems just and proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)

2. Pursuant to Local Rule 9006-1(e), counsel to the Movants consulted with counsel to the Debtor, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to the Official Committee of Unsecured Creditors prior to filing this Motion to Shorten. The Debtor and the Official Committee of Unsecured Creditors have indicated that they object to the relief requested in this Motion to Shorten. The U.S. Trustee does not take a position with respect to the relief requested in this Motion to Shorten.

## JURISDICTION

3. The United States District Court for the District of Delaware has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the District Court, dated February 29, 2012. *See Healthcare Real Estate Partners, LLC v. Summit Healthcare Reit, Inc. (In re Healthcare Partners, LLC)*, Adv. Pro. No. 16-50981 (CTG), 2022 WL 348176, at *9 n.65 (Bankr. D. Del. Feb. 4, 2022). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Movants do not consent to the entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested herein are sections 102 and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1.

**BACKGROUND**

5.  The Movants are subcontractors of JAB Energy Solutions II (the "Debtor") who collectively have approximately $9 million in claims arising out of the Debtor's refusal to pay the Movants for dismantling and decommissioning services performed on the High Island A370 offshore oil platform (the "HI A370 Project").

6.  On February 10, 2022, the Debtor filed the *Debtor's Motion for Approval of Settlement Agreement Regarding Decommissioning of High Island A370 Project* [D.I. 149] (the "Settlement Motion"), seeking approval of that certain High Island A370 Comprehensive Decommissioning Resolution Term Sheet (the "Settlement Agreement"), attached as Exhibit 1 to the proposed order submitted with the Settlement Motion as Exhibit A thereto (the "Proposed Settlement Order"). The Settlement Agreement purports to be a "resolution of all outstanding issues between the [parties] relating to the High Island Project." Settlement Motion ¶ 9. The Settlement Agreement also fully incorporates the Funding Agreement and "is intended to facilitate the consummation of the Funding Agreement." Settlement Agreement at 4.

7.  Under the terms of the Settlement Agreement, $5.6M of the Black Elk Funds that is currently available will be reduced to $5.2M after reduction of (i) the costs of escrow related to the Settlement Agreement and (ii) the Reefing Fee, which is a fee payable to TPW in the same amount as its scheduled "unliquidated" and "disputed" general unsecured claim. *Id.*; Settlement Agreement at 3. Moreover, the Debtor also "intends to distribute the proceeds of the High Island Receivable, after payment of the Carve-Out . . ., to repay the DIP Facility." Settlement Motion ¶ 9.

8.  As discussed more fully in the Objection and Cross-Motion, the Black Elk Funds were subject to extensive prepetition litigation in the Eastern District of Louisiana. The

3

Movants, along with C-Dive, LLC, filed separate actions for breach of contract against the Debtor for unpaid labor costs on the HI A370 Project.

9. In *Turnkey Offshore Project Services, LLC v. JAB Energy Solutions, LLC*, No. 2:21-cv-00672 (the "EDLA Proceeding"), TOPS sought a preliminary injunction to enjoin the Debtor and other parties from alienating the Black Elk Funds under the Funding Agreement if any payments related to the project were received. The Honorable Donna Phillips Currault, United States Magistrate Judge for the Eastern District of Louisiana, held a merits hearing on TOPS's motion for an injunction and held that TOPS had demonstrated a likelihood of success on the merits for, among other claims, its fraudulent inducement and unjust enrichment claims against the Debtor. Specifically, Judge Currault held that the Debtor's prepetition bad faith likely supported the equitable remedy of a constructive trust on the Black Elk Funds that are payable associated with the HI A370 Project and currently are being held and controlled by the Black Elk Trustee, W&T, Talos, and Argo (collectively, the "Enjoined Parties").

10. Toward that end, Judge Currault issued a prepetition injunction freezing the Black Elk Funds and enjoining the Enjoined Parties from transmitting such funds. There is no order dissolving the Black Elk Injunction and the Black Elk Injunction remains binding on the Enjoined Parties.

11. On February 17, 2022, the Movants contemporaneously filed the Objection and Cross-Motion. In the Cross-Motion, the Movants seek approval for an order lifting the stay to allow the Movants to proceed with the EDLA Proceeding pending before the EDLA District Court to finally resolve the ownership and disposition of the Black Elk Funds. Accordingly, the Movants filed the Cross-Motion and this Motion to Shorten, seeking expedited relief from the

4

automatic stay to allow the EDLA District Court to reach a final determination concerning the Black Elk Funds.

12. The Movants submit that a combined record on the Settlement Motion and the Cross-Motion will lead to the efficient disposition of both matters and therefore seek to shorten the required notice period for the Cross-Motion so that it may be heard and considered concurrently with the Settlement Motion.

## BASIS FOR RELIEF REQUESTED

1. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

13. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

14. Sufficient cause exists to justify shortening the notice period for, and scheduling a hearing on, the relief requested in the Cross-Motion. Contemporaneous with the filing of this Motion to Shorten, the Movants filed the Cross-Motion seeking relief from the

5

automatic stay for the limited purpose of permitting litigation to resume in the EDLA Proceeding. The relief requested by this Motion to Shorten is appropriate because the Court's simultaneous consideration of the Settlement Motion and the Cross-Motion is necessary to conserve judicial resources and will be most fair and equitable to the parties. The relief requested in the Settlement Motion *presupposes* that the Black Elk Funds are property of the Debtor's estate (or will be). Such relief is inextricably intertwined with the relief requested in the Cross-Motion, which seeks to lift the stay so that the EDLA District Court may finally determine ownership over the Black Elk Funds. It follows that a combined record on the Settlement Motion and Cross-Motion would efficiently resolve the pending disputes and not add unnecessary delay and costs.

15. Scheduling the Settlement Motion and the Cross-Motion to be heard together at the hearing presently scheduled for February 24, 2022 at 10:00 a.m. (ET) will not prejudice the Debtor or any other party in interest and, instead, will only assist with the resolution of the matters scheduled for the Hearing. As explained in the Cross-Motion, the Movants and the Debtor have been involved in litigation over the Black Elk Funds for nearly a year and are fully familiar with the issues in the EDLA Proceeding. Indeed, the Debtor's position on a key factor in finding cause to lift the stay, whether TOPS is likely to succeed on the merits of its claim, has been fully briefed *at least twice* in the EDLA Proceeding. *Defendants' Opposition to TOPS' Motion for Temporary Restraining Order*, EDLA Proceeding, Case No. 21-00672 (D.I. 24, filed July 22, 2021); *Defendants' Supplemental Brief*, EDLA Proceeding, Case No. 21-00672 (D.I. 32, filed July 30, 2021); *see also Scarborough St. James Corp.*, 535 B.R. 60, 68 (Bankr. D. Del. 2015) (listing "[w]hether the creditor has a probability of prevailing on the merits" as one of the three factors to assess in analyzing "cause" to lift the stay); *In re Tribune Co.*, 418 B.R. 116, 129 (Bankr. D. Del.

2009) ("Even a slight probability of success on the merits may be sufficient to supporting lifting the automatic stay in the appropriate case.").

16. Moreover, the Debtor and other parties that may dispute the Cross-Motion are not prejudiced by shortened notice because they will receive the same amount of time (seven days) to object to the Cross-Motion as if the Cross-Motion was served on regular notice. Specifically, Local Rule 4001-1(b) allows for scheduling of a stay relief motion in accordance with Local Rule 9006-1(c). Del. Bankr. L.R. 4001-1(b). Local Rule 9006-1(c), in turn, provides for all motions to be served on 14 days' notice of a hearing (unless an exception applies). Del. Bankr. L.R. 9006-1(c)(i). If served on 14 days' notice of a hearing, a movant may set an objection deadline seven days from service. Del Bankr. L.R. 9006-1(c)(ii). Here, seven days from service is the date of the Hearing. Therefore, the Movants are only prejudicing themselves with the timing of the motion as they will have no opportunity for a reply. Nevertheless, the Movants are willing to sacrifice their ability to file a written reply in order for this Court to have combined and complete record on both the Settlement Motion and the Cross-Motion at the Hearing.

WHEREFORE, the Movants respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting expedited consideration of the Cross-Motion.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: February 17, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Joseph C. Barsalona II*<br>Matthew B. Harvey (No. 5186)<br>Joseph C. Barsalona II (No. 6102)<br>1201 N. Market St., 16th Floor<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: mharvey@morrisnichols.com<br>          jbarsalona@morrisnichols.com<br><br>*Counsel to Turnkey Offshore Project Services, LLC and Offshore Technical Solutions, LLC*<br><br>– and –<br><br>**NALLEY, DEW, AND MINER, APLC**<br>A Professional Law Corporation<br>George J. Nalley, Jr. (admitted *Pro Hac Vice*)<br>2450 Severn Avenue<br>Metairie, LA 70001<br>Telephone: (504) 838-8188<br>Email: george@gnalley.com<br><br>– and –<br><br>**RICHARD W. MARTINEZ, APLC**<br>Richard W. Martinez (admitted *Pro Hac Vice*)<br>3500 N. Hullen St.<br>Metairie, LA 70002<br>Telephone: (504) 525-3343<br>Email: richard@rwmaplc.com<br><br>*Counsel to Turnkey Offshore Project Services, LLC*<br><br>– and –<br><br>**BOHMAN MORSE, LLC**<br>Martin S. Bohman (admitted *Pro Hac Vice*)<br>400 Poydras Street, Suite 2050<br>New Orleans, LA 70130<br>Telephone: (504) 930-4009<br>Facsimile: (888) 757-6899<br>Email: martin@bohmanmorse.com<br><br>*Counsel for Offshore Technical Solutions, LLC* |