**Exhibit D**

**Blackline of Settlement Agreement**

4

# HIGH ISLAND A370 COMPREHENSIVE
## DECOMMISSIONING RESOLUTION TERM SHEET

| | |
|---|---|
| Parties: | • Richard Schmidt (the "<u>Trustee</u>"), in his capacity as Trustee of the Black Elk Liquidation Trust and the Black Elk Litigation Trust (collectively, the "<u>Trust</u>")<br>• W&T Offshore, Inc. ("<u>W&T</u>")<br>• Burlington Resources Offshore, Inc. ("<u>Burlington</u>")<br>• Talos Energy Inc. ("<u>Talos</u>")<br>• JAB Energy Solutions II LLC ("<u>JAB</u>")<br>• Argonaut Insurance Company ("<u>Argo</u>")<br>• United States Bureau of Safety and Environmental Enforcement ("<u>BSEE</u>")<br>• Texas Parks and Wildlife Department ("<u>TPW</u>") |
| Reference OCS Lease: | High Island A370, OCS G-02434 (the "<u>Lease</u>") |
| Additional Defined Terms: | "<u>Approval Order</u>" means an order, in form and substance consistent with all of the terms of this Term Sheet Agreement and otherwise reasonably acceptable to each Party hereto, entered by the Delaware Bankruptcy Court in the JAB Chapter 11 approving JAB's entry into and consummation this Term Sheet Agreement.<br><br>"<u>Argo Bond</u>" means Argonaut Bond No. SUR0019139.<br><br>"<u>Black Elk Chapter 11</u>" means the chapter 11 case for Black Elk Energy Offshore Operations, LLC, Case No. 15-34287 in the Houston Bankruptcy Court.<br><br>"<u>Bond Cancellation Notice</u>" means a writing in form and substance reasonably acceptable to Argo to be delivered by W&T that confirms the full release and cancellation of the Argo Bond and that is substantially similar to the form of bond release letter attached hereto as Exhibit F"<u>E</u>."<br><br>"<u>BSEE Firm Commitment</u>" means a writing by BSEE that states a firm and irrevocable commitment of BSEE to, on or within three business days following TPW's delivery of the TPW Confirmation to the Escrow Agent, (i) approve the pending Site Clearance report submitted by JAB, and (ii) make all necessary online entries to the BSEE/BOEM database (being the data at https://www.data.boem.gov/leasing/leaseliability/default.as |

px) for the Lease to reflect the satisfaction of all decommissioning activities for the lease and a cost estimate reduction consistent with the completion of 100% of the well abandonment (T&A) scope of work as provided in the JAB MSA.

"BSEE Performance" means the completion of BSEE's performance of its actions required under the BSEE Firm Commitment.

"Closing Date" means the day that is the first business day following the expiration of fifteen (15) days after entry of the Approval Order on the court docket in the JAB Chapter 11, provided that no stay of the Approval Order is in effect on such date.

"Delaware Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

"Escrow Release Date" means the first business day upon which all Party payment, delivery and other obligations as provided herein (and as set forth at Escrow steps 1-5, below) have been satisfied.

"Escrow Agent" means Chicago Title Company.

"Escrow Agreement" means a customary escrow agreement to be entered into by and among the Parties hereto and the Escrow Agent that shall set forth the various receipts, deliveries and releases stated herein so as to accomplish the purpose of this Term Sheet Agreement, which Escrow Agreement shall be substantially in the form as attached hereto as Exhibit "D".

"Execution Date" means the last Party signature date as reflected on the signature pages to this Term Sheet Agreement.

"Funding Agreement" means that certain High Island A370 Funding Term Sheet between Trustee, W&T, Burlington, Talos, DOI, JAB, and Argo, a true and correct copy of which is attached hereto as Exhibit "A".

"Houston Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

4846-5199-1292

"JAB Chapter 11" means the chapter 11 case currently pending for JAB, Case No. 21-11226 in the Delaware Bankruptcy Court.

"JAB MSA" means that certain Master Services Agreement for Decommissioning Services, dated as of April 26, 2013, between JAB and Black Elk Energy LLC, and subsequently subject to, and amended by, that certain Acknowledgement of Assignment of Master Services Agreement between the Trustee and JAB, a true and correct copy of which is attached hereto as Exhibit "B".

"Net Remaining Funds" means the net cash balance remaining of the funding obligation delivery amounts as set forth in this Term Sheet Agreement held by the Escrow Agent, after payment of the Reefing Fee and the reasonable fee of the Escrow Agent as set forth in the Escrow Agreement.

"Reefing Agreement" means that certain Material Donation Agreement for Partially Removed Petroleum Structures, between Black Elk and TPW and relating to the Lease site.

"Reefing Fee" means the remaining net payment due to TPW under the Reefing Agreement comprised of: (i) a payment in accordance with terms of this Term Sheet Agreement in the amount of $~~878,243.00 or such lesser amount as agreed to as between TPW and JAB~~700,000.00; and (ii) an allowed, general unsecured claim in the JAB Chapter 11 in the amount of $178,243.00.

"Site Clearance" means and refers to the activities set forth at 30 C.F.R. §§ 250.1740-250.1743 and resulting verification that a site is clear of obstructions.

"Term Sheet Agreement" means this High Island A370 Comprehensive Decommissioning Resolution Term Sheet.

"TPW Confirmation" means a written confirmation by TPW directed to BSEE in a form reasonably acceptable to BSEE, Trustee, and JAB that the Reefing Fee has been received and that neither Black Elk nor the Trustee have any further performance or obligations owing under the Reefing Agreement.

4846-5199-1292

| | |
|---|---|
| Purpose of this Term Sheet Agreement: | The Parties have entered into this Term Sheet Agreement for this purpose of finalizing the decommissioning and other activities required as to the Lease site in accordance with the JAB MSA, including the platform work and site clearance, so as to (1) obtain Site Clearance, (2) fully resolve and satisfy with TPW the Reefing Fee obligation, (3) cause the release/cancellation of the Argo Bond, (4) remit Net Remaining Funds to JAB pursuant to the JAB MSA, and (5) confirm the satisfaction and performance of all claims and obligations of each Party and the release of each Party from any further obligations relating to or associated with the Lease, including obligations under the Funding Agreement, the Reefing Agreement, the Argo Bond, and the JAB MSA. <br><br> This Term Sheet Agreement is intended to facilitate the consummation of the Funding Agreement and, unless expressly stated herein, shall not be interpreted to effect an amendment of the Funding Agreement; provided that, upon consummation of this Term Sheet Agreement, this Term Sheet Agreement shall, only to the extent inconsistent with the Funding Agreement, supersede the Funding Agreement and the Parties' obligations thereunder. |
| Parties' Obligations: | Trustee: <br> • The Trustee shall (1) coordinate the gathering of each Party's signature to this Term Sheet Agreement and deliver email notice to each Party (or its counsel) upon the occurrence of the Execution Date, and (2) deliver email notice to each Party (or its counsel) of the occurrence of the Closing Date. <br> • The Trustee shall deliver $445,000 to the Escrow Agent in full and final satisfaction of the Trust's funding obligation under the Funding Agreement within 7 days following satisfaction of BSEE Performance. <br><br> W&T: <br> • W&T shall deliver $2,771,666 to the Escrow Agent in full and final satisfaction of its funding obligation under the Funding Agreement within 7 days following satisfaction of BSEE Performance. <br> • W&T shall deliver the Bond Cancellation Notice to the Escrow Agent within 7 days of the Closing |

|  | Date. |
|---|---|
|  | **Burlington:**<br>• Burlington has fully performed its obligations under the Funding Agreement and has no further obligations.<br><br>**Talos:**<br>• Talos shall deliver $1,196,874 to the Escrow Agent in full and final satisfaction of its funding obligation under the Funding Agreement within 7 days following satisfaction of BSEE Performance.<br><br>**JAB:**<br>• JAB shall seek and obtain entry of the Approval Order from the Delaware Bankruptcy Court in the JAB Chapter 11 by filing an appropriate approval motion as soon as reasonably practicable following the Execution Date.<br>• Subject to entry of the Approval Order by the Delaware Bankruptcy Court, JAB shall:<br>  o Immediately provide any consents or acknowledgements reasonably required or requested by any other Party to this Term Sheet Agreement to consummate the purpose of this Term Sheet Agreement.<br>  o Coordinate with the Trustee and the Escrow Agent in declaring the occurrence of the Escrow Release Date.<br><br>**Argo:**<br>• Argo shall deliver $1,262,872 to the Escrow Agent in the manner set forth in the Funding Agreement in full and final satisfaction of its funding obligation under the Funding Agreement within 7 days of the Closing Date.<br><br>**TPW:**<br>• TPW shall deliver to the Escrow Agent the TPW Confirmation within 7 days of the Closing Date.<br><br>**BSEE:**<br>• BSEE shall deliver to the Escrow Agent the BSEE Firm Commitment within 7 days of the Closing |

4846-5199-1292

| | |
|---|---|
| | Date. <br>• Within three business days of receipt of the Escrow Agent's notice delivered per Escrow Step (5) below, BSEE shall accomplish BSEE Performance and deliver to the Escrow Agent notice of completion of BSEE Performance. |
| Escrow Steps: | The Escrow Agent shall be provided irrevocable instructions in the Escrow Agreement to perform the following duties, deliveries and/or releases in the order set forth below: [1] <br><br>(1) Receive and accept into escrow, and simultaneously provide notice of each such receipt and acceptance to each Party, (a) the TPW Confirmation, (b) the BSEE Firm Commitment, (c) the Bond Cancellation Notice, and (d) $1,262,872 from Argo in accordance with Argo's funding commitment. <br>(2) Upon receipt of the items set forth in (1)(a) – (d) above, the Escrow Agent shall: <br>(a) Deliver the Reefing Fee to TPW in accordance with the payment instructions set forth in Exhibit "C-1", hereto. <br>(b) Release and deliver the TPW Confirmation to BSEE per the delivery instructions set forth in Exhibit "C-2", hereto. <br>(c) Release and deliver the BSEE Firm Commitment to all Parties per the delivery instructions set forth in Exhibit "C-2", hereto. <br>(d) Release and deliver the Bond Cancellation Notice to Argo per the delivery instructions set forth in Exhibit "C-2", hereto. <br>(e) Deliver notice to all Parties confirming the consummation of steps (a) through (d), above. <br>Steps 2(a)-2(d) shall occur simultaneously; provided however, that it is expressly understood that the reefing fee to TPW cannot be paid without the Bond Cancellation Notice being provided to Argo. <br>(3) Receive and accept into escrow, and simultaneously provide notice of each such receipt and acceptance to each Party, the funds delivered to escrow as provided in this Term Sheet Agreement by the Trustee, Talos, and W&T. <br>(4) Immediately upon the receipt of all payment obligations in step 3, declare the Escrow Release Date, and |

---

[1] Except for the receipts and acceptances in step 3, which may occur at any time, each prior step shall be fully completed before the next step action occurs.

4846-5199-1292

| | deliver the Net Remaining Funds to JAB in accordance with the payment instructions set forth in Exhibit "C-3", hereto.<br><br>(5) Deliver notice to all Parties (a) confirming the consummation of steps (1) through (4) above, and (b) terminating the escrow relationship. |
|---|---|
| Discharges and Releases: | The Approval Order shall specifically provide for the following discharges and releases upon the occurrence of the Escrow Release Date and the consummation of this Term Sheet Agreement: (1) the release and discharge as among the Trustee and JAB of any further obligations or liabilities owing under the JAB MSA, provided, however, such releases and discharges shall expressly exclude Claim No. 203 filed by JAB in the Black Elk Chapter 11, as may be amended, supplemented, or modified (or same opposed by the Trustee), (2) the release and discharge as among the Trustee and TPW of any further obligations or liabilities owing under the Reefing Agreement, (3) the termination and cancellation of the Argo Bond, and (4) the release and discharge of any claims against any party to the Funding Agreement arising from or in any way connected with the Lease, including the funding obligations set forth in the Funding Agreement.<br><br>BSEE further confirms that consummation of this Term Sheet Agreement shall result in the reduction of any "Regulatory Agency Claim" in the Black Elk Chapter 11 to $0. |
| Conditions Precedent to Closing Date: | The Closing Date shall not occur until the day that is the first business day following the expiration of fifteen (15) days following entry of the Approval Order by the Delaware Bankruptcy Court, and further provided that no stay of the Approval Order exists on such day. |
| Conditions Precedent to, and Occurrence of, Escrow Release Date: | The Escrow Release Date shall not occur until each of the following has occurred or such status exists: (1) the Closing Date has occurred; (2) each Party has unconditionally and irrevocably satisfied its pre-Escrow Release Date obligations as set forth in this Term Sheet Agreement; and (3) there exists no stay of the Approval Order issued by a court of competent jurisdiction. |
| Termination of this Term Sheet Agreement: | In the event that the Escrow Release Date does not occur within thirty (30) days following the Closing Date, or such |

4846-5199-1292

| | other date as agreed to by the Parties, then any Party may terminate this Term Sheet Agreement by delivering email notice to the Escrow Agent and to each other Party (or counsel) declaring the termination of the Term Sheet Agreement for failure of timely-occurrence of the Escrow Release Date. |
| --- | --- |
| | Upon termination of the Escrow Agreement by one of the Parties, the Escrow Agreement shall obligate the Escrow Agent to return to each Party its deliverable under this Term Sheet Agreement (provided that a Party had previously met such deliverable obligation) as soon as practicable following receipt of a termination notice delivered by a Party. |
| Further Assurances: | Each Party agrees to perform such other actions that are reasonably necessary to achieve the consummation, and fulfill the purpose, of this Term Sheet Agreement. |
| Reservation of Rights: | In the event that this Term Sheet Agreement is terminated as provided above, then each Party reserves all rights regarding any matter addressed herein. |

[REMAINDER OF PAGE BLANK – SIGNATURES BEGIN ON NEXT PAGE]

4846-5199-1292

**AGREED**:

BY: **Black Elk Trustee**

By: _____
Name: _____
Title: _____

BY: **W&T Offshore, Inc.**

By: _____
Name: _____
Title: _____

BY: **Burlington Resources Offshore, Inc.**

By: _____
Name: _____
Title: _____

BY: **Talos Energy, Inc.**

By: _____
Name: _____
Title: _____

BY: **Argonaut Insurance Company**

By: _____
Name: _____
Title: _____

BY: **United States Bureau of Safety and Environmental Enforcement**

By: _____
Name: _____
Title: _____

BY: **JAB Energy Solutions II LLC**

By: _____
Name: _____
Title: _____

BY: **Texas Parks and Wildlife Department**

By: _____
Name: _____
Title: _____

# EXHIBIT A

High Island A370 Funding Term Sheet

# **EXHIBIT B**

JAB Master Services Agreement

# **EXHIBIT C-1**

TPW Payment Receipt Instructions

[To be provided]

# EXHIBIT C-2


Parties' Delivery Receipt Instructions/Address for All
Communication Deliveries Under Term Sheet Agreement


[To be provided]

Delivery of any required notice or communication to each Party shall be effected as follows:

To the Trustee:

        Via U.S. mail, postage prepaid:
                Richard Schmidt
                615 Leopard Street, Suite 635
                Corpus Christi, Texas 78401

                With a copy to counsel:
                John J. Sparacino
                McKool Smith, PC
                600 Travis Street, Suite 7000
                Houston, Texas 77002

                      and

        Via E-mail:
                rss@judgerss.com
                jsparacino@mckoolsmith.com


To W&T:

        Via U.S. mail, postage prepaid:
                Philip Eisenberg
                Bradley C. Knapp
                Locke Lord LLP
                600 Travis Street, Suite 2800
                Houston, Texas 77002
                peisenberg@lockelord.com
                bknapp@lockelord.com

To Talos:

        Via U.S. mail, postage prepaid:
                Deborah Huston
                VP & Deputy General Counsel
                Talos Energy
                333 Clay Street, Suite 3300
                Houston, TX 77002

                      and

Via E-mail:
        deborah.huston@talosenergy.com


To JAB:

        Via U.S. mail, postage prepaid:
                Albert Altro, Chief Restructuring Officer
                JAB Energy Solutions II, LLC
                19221 I-45 South, Suite 324,
                Shenandoah, TX 77385

                With a copy to counsel:

                Laura Davis Jones
                Colin R. Robinson
                Pachulski Stang Ziehl & Jones
                919 North Market Street, 17th Floor
                Wilmington, DE 19801

                      and

        Via E-mail:
                albertaltro@traversellc.com
                ljones@pszjlaw.com
                crobinson@pszjlaw.com

To Argo:

        Via U.S. mail, postage prepaid:
                Argo Group US
                Attn: Robert G. Lavitt
                PO Box 469011
                San Antonio, TX 78246

                With a copy to counsel:
                Lindsey M. Johnson
                 Looper Goodwine P.C.
                650 Poydras Street, Suite 2400
                New Orleans, LA 70130

                      and

4846-5199-1292

Via E-mail:
        Surety.Claims@ArgoSurety.com
        ljohnson@loopergoodwine.com


To BSEE:

        Via U.S. mail, postage prepaid:
                Bureau of Safety and Environmental Enforcement
                1201 Elmwood Park Blvd.
                New Orleans, LA 70123-2394

                        and

        Via E-mail:
                daniel.martin@usdoj.gov
                eric.andreas@sol.doi.gov


To TPW:

        Via U.S. mail, postage prepaid:
                Texas Parks and Wildlife Department
                Artificial Reef Program
                4200 Smith School Rd.
                Austin, TX 78744-3291
                Attention:  Dale Shively

                        and

        Via E-mail:
                dale.shively@tpwd.texas.gov
                julian.martinez@tpwd.texas.gov


To Burlington:

        Via U.S. mail, postage prepaid and email:
                Philip Eisenberg
                Bradley C. Knapp
                Locke Lord LLP
                600 Travis Street, Suite 2800
                Houston, Texas 77002
                ~~plocke~~peisenberg@lockelord.com

4846-5199-1292

bknapp@lockelord.com

# EXHIBIT C-3

Fund Delivery Instructions for Net Remaining Funds to JAB

[To be provided]

# EXHIBIT D

Escrow Agreement

~~[To be provided]~~

# EXHIBIT <s>F</s><u>E</u>

Form of Bond Cancellation Notice

[To be provided]