UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OFFSHORE TECHNICAL SOLUTIONS, INC.**          **CIVIL ACTION NO: 21-939 DPC**

**VERSUS**                                                                             **MAGISTRATE JUDGE**
                                                                                                     **DONNA PHILLIPS CURRAULT**

**JAB ENERGY SOLUTIONS, LLC.,**
**JAB ENERGY SOLUTIONS II, LLC., and**          **PRESIDING JUDGE**
**ALLISON MARINE HOLDINGS, LLC.**

### MOTION TO CONSOLIDATE
*(with and into Civil Action 21-672)*

NOW INTO COURT, through undersigned counsel, comes plaintiff Offshore Technical Solutions, LLC ("OTS") who respectfully moves this Honorable Court to consolidate this matter, Civil Action 21-939, with Civil Action No. 21-672, also pending before this Court as presiding judge. As grounds for this motion mover and plaintiff herein, OTS respectfully represents as follows:

1. On April 1, 2021 plaintiff in Civil Action 21-672, Turnkey Offshore Project Services, LLC ("TOPS") commenced an action in this Court through the filing of a complaint against JAB Energy Solutions, LLC, one of the named defendants herein. That Action was allotted at random to Judge Lance M. Africk and this Honorable Court;

2. Subsequent thereto, on May 12, 2021 this civil action was commenced by OTS against the above named defendants, one of which is JAB Energy Solutions, LLC. This matter was originally allotted to Judge Wendy B. Vitter and Magistrate Judge Dana M. Douglas (Rec. Doc.2) but on August 4, 2021 was transferred this division, the same division as the TOPS suit, Civil Action 21-672. (Rec. Doc. 17);

3. Thereafter, on August 9, 2021 in this matter mover, OTS, consented to proceed before this Court as presiding judge pursuant to 28 U.S.C. 636(c). (Rec. Doc. 18);

4. After the filing of the initial complaint by TOPS in Civil Action 21-672 ("the TOPS Action"), TOPS as plaintiff filed a Supplemental and Amending Complaint adding as defendants in the TOPS action JAB Energy Solutions II, LLC and Allison Marine Holdings, LLC, the two other named defendants in this action and added allegations in the TOPS Action which substantially overlap the allegations herein;

EXHIBIT "C"

5. After the amendment, there is identity between the principal defendants in the TOPS Action and this action, the OTS action. Likewise, the allegations are similar if not identical insofar as the single business enterprise allegations are concerned and there will be complete identity of discovery and other legal issues as between the two actions as both plaintiff in Civil Action 21-672 (TOPS) and OTS were working on the same job, for the same people, at the same time. In fact, OTS rendered the services to defendants that provide the basis for the claims herein predominantly on the TOPS vessel working in conjunction with TOPS;

6. Like OTS in this matter, on August 9, 2021, TOPS consented to jurisdiction of this Court pursuant to 28 U.S.C. 636(c) in the TOPS Action (See Rec. Doc. 35);

6. Counsel for TOPS has consented to this motion; and

7. Counsel for the defendants has not consented to this motion.

OTS, as mover herein, for the reasons set forth above and as are set forth in the accompanying Memorandum in Support, submits that the criteria for consolidation under Rule 42 of the Federal Rules of Civil Procedure are met and consolidation is warranted given the facts and legal issues which predominate in the two cases. Accordingly, OTS respectfully moves this Court to consolidate these matters as prayed for herein.

**DATED**: August 12, 2021

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Martin S. Bohman
MARTIN S. BOHMAN (#22005)
HARRY E. MORSE (#31515)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: MARTIN@BOHMANMORSE.COM
E-MAIL: HARRY@BOHMANMORSE.COM

*Attorneys for Offshore Technical Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2021 a true and correct copy of the foregoing Statement of Corporate Disclosure was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to parties and counsel who are Filing Users by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to any non-CM/ECF participants.

                              /s/ Martin S. Bohman
                              **MARTIN S. BOHMAN**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OFFSHORE TECHNICAL SOLUTIONS, INC.**          **CIVIL ACTION NO: 21-939 DPC**

**VERSUS**                                      **MAGISTRATE JUDGE**
                                                **DONNA PHILLIPS CURRAULT**

**JAB ENERGY SOLUTIONS, LLC.,**
**JAB ENERGY SOLUTIONS II, LLC., and**          **PRESIDING JUDGE**
**ALLISON MARINE HOLDINGS, LLC.**

### MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE
(*With and into Civil Action 21-672*)

MAY IT PLEASE THE COURT:

By way of accompanying motion, plaintiff Offshore Technical Solutions, LLC ("OTS") respectfully moves this Court to consolidate this matter, Civil Action No. 21-939 with and into Civil Action 21-672 as the first filed action, under Fed. R. Civ. P. 42. Both suits fundamentally turn on whether the defendant companies JAB Energy Solutions, LLC, JAB Energy Solutions II, LLC, and Allison Marine Holdings, LLC are a single business enterprise or alter-egos, such that one can be held liable for the debts of another. The claims in both are similar and involve common issues of material fact, present virtually identical legal theories and thus involve common issues of law, and seek recovery of monies owed by the defendants work performed on the same job.

In addition to Turnkey Offshore Project Services, LLC ("TOPS") and OTS, there was another company on the job as well, C-Dive, LLC ("C-Dive"). C-Dive likewise has initiated suit asserting claims similar in form and substance to the OTS claims here. OTS appreciates that like it, C-Dive has filed a motion to consolidate its case with and into Civil Action 21-672. To the extent material, all of the plaintiffs, TOPS, OTS and C-Dive agree that these matters should be consolidated and have consented. This memorandum articulates why this is the correct decision here and OTS's motion should be granted by the Court.

## FACTS

On April 1, 2021, TOPS filed suit against JAB Energy Solutions, LLC and Brent Boudreaux.[1] (Civil Action 21-672, Rec. Doc. 1). TOPS sued JAB and Mr. Boudreaux for in excess of $8,000,000.00 USD for unpaid work in the salvage and removal of an offshore platform located at High Island 370A. TOPS was not paid for the work it did. In the initial complaint, TOPS alleged that Brent Boudreaux, a principal of JAB, was personally liable as well.

On June 28, 2021, TOPS amended its complaint in the TOPS Action, adding JAB Energy Services II, LLC and Allison Marine Holdings, LLC alleging single business enterprise and alter-ego theories. (Civil Action 21-672, Rec. Doc. 19). Between the filing of TOPS' original Complaint and its amended Complaint, OTS commenced this action through the filing of its Complaint herein, on May 12, 2021. OTS, like TOPS, filed suit on unpaid invoices. OTS, like TOPS, was working on the same rig removal at HI370A and in fact was working with TOPS and C-Dive.

The bulk of OTS's Complaint focuses on its allegations that JAB, JAB II, and Allison Marine are all one entity under the law and these allegations, with TOPS's amendment, are the predominant issues in both cases as they exist at present. This was not the situation at the time of filing; however, as they now stand, the two cases have significant overlap of claims and present common issues of both law and fact.

## CONSOLIDATION STANDARD

Federal Rule of Civil Procedure 42 governs consolidation of cases by a district court. *See generally Price Centric Resources, Inc. v. Laporte*, C/A No. 19-10163 (E.D. La. Dec. 9, 2020) (Vitter, J.). That Rule provides that "[i]f actions before the court involve a common question of

---

[1] Civil Action 21-672, filed as "*Turnkey Offshore Project Services, LLC ("TOPS") versus JAB Energy Solutions, LLC and Brent Boudreaux*" is the First Filed Action and bears the lower docket number. It will be referred to herein simply as the "TOPS Action").

law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

The Court has broad discretion in determining whether to consolidate matters. *Dupont v. Southern Pac. Co.*, 336 F.2d 193, 196 (5th Cir. 1966). When considering whether to consolidate matters, courts examine numerous factors including: Whether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial. *Varnado v. LeBlanc*, No. 13-348, 2016 WL 320146 at *2 (M.D. La. Jan. 25, 2016). Although "consolidation is permitted as a matter of convenience and economy in administration, it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties one suit parties in another." *Lewis v. ABC Business Servs. Inc.*, 135 F.3d 389, 412 (5th Cir. 1998).

## THE REFERENCED CASES SHOULD BE CONSOLIDATED

At the time this action was commenced, consolidation was likely not warranted. TOPS and JAB sent separate invoices for separate work, and even though both were working on the same job, the rig removal at HI 370A, and OTS was working from a TOPS vessel, the initial theories of recovery were different and there was no substantial overlap of the named defendants. With TOPS' amended Complaint though, the only real difference is the claim asserted against Brent Boudreaux individually in the TOPS Action, but that is not a material divergence considering the totality of the claims and issues and is not in any way a bar to consolidation.

It is clear that there is one principal underlying issue in the two lawsuits, and it isn't whether the debt is owed, because it clearly is. The question is whether JAB, JAB II, and Allison are playing a not-so-elaborate shell game to the detriment of the contractors who actually performed the work on the removal of the structure at HI 370A such that legally they should be treated as one and the same. The defendants owe around $9,000,000.00 USD, all of which remains unpaid.

OTS respectfully submits that consolidation is now proper and its motion should be granted. Under Fed. R. Civ. P. 42 and the case law construing it, this Court should consider whether the actions are pending before the same court (they are); whether the actions involve a common party (they do); whether there is any risk of prejudice or confusion will result from consolidation (there isn't), and whether there is any risk of inconsistent adjudications of common factual or legal questions from trying the matters separately.

OTS asserts that the objectives underlying Rule 42 are served here by consolidation and therefore, OTS respectfully moves this Court to grant OTS's motion and order consolidation.

**DATED**: August 12, 2021

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Martin S Bohman
MARTIN S. BOHMAN (#22005)
HARRY E. MORSE (#31515)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: MARTIN@BOHMANMORSE.COM
E-MAIL: HARRY@BOHMANMORSE.COM

*Attorneys for Offshore Technical Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2021 a true and correct copy of the foregoing Statement of Corporate Disclosure was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to parties and counsel who are Filing Users by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to any non-CM/ECF participants.

                          /s/ Martin S. Bohman
                          **MARTIN S. BOHMAN**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE TECHNICAL SOLUTIONS, INC.** | **CIVIL ACTION NO: 21-939 DPC** |
| **VERSUS** | **MAGISTRATE JUDGE** |
| | **DONNA PHILLIPS CURRAULT** |
| **JAB ENERGY SOLUTIONS, LLC.,** | |
| **JAB ENERGY SOLUTIONS II, LLC., and** | **PRESIDING JUDGE** |
| **ALLISON MARINE HOLDINGS, LLC.** | |

### NOTICE OF SUBMISSION

PLEASE TAKE NOTICE that the Motion to Consolidate filed by plaintiff, Offshore Technical Solutions, LLC is hereby noticed for submission on the 1ST day of September, 2021 at 11:00 a.m. before the Honorable Donna Phillips Currault, United States Magistrate Judge, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130.

DATED:  Thursday, August 12, 2021

                                            Respectfully submitted:

                                            **BOHMAN | MORSE, LLC**

                                            s/ Martin S. Bohman
                                            MARTIN S. BOHMAN (Bar #22005)
                                            HARRY E. MORSE (Bar #31515)
                                            400 Poydras St., Suite 2050
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 930-4009
                                            Facsimile: (888) 217-2744
                                            Email: martin@bohmanmorse.com
                                            Email : harry@bohmanmorse.com

                                            *Offshore Technical Solutions, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 12TH day of August 2021, I filed by electronically transmitting a true and correct copy of the above and foregoing Motion to Consolidate to the Court's CM/ECF system, which should send a notice of electronic filing to all parties and counsel who are Filing Users. I further certify that service was accomplished this date on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the Local Rules.

               s/Martin S. Bohman
               MARTIN S. BOHMAN