# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| JAB Energy Solutions II, LLC[1] | ) Case No. 21-11226 (CTG) |
| Debtor. | ) |

**ORDER (I) GRANTING INTERIM APPROVAL OF THE DISCLOSURES; (II) SCHEDULING A COMBINED HEARING TO CONSIDER FINAL APPROVAL OF THE DISCLOSURES AND CONFIRMATION OF THE COMBINED PLAN, AND SETTING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS OF BALLOT; AND <u>(V) GRANTING RELATED RELIEF</u>**

Upon consideration of the *Debtor's Motion for Entry of an Order (I) Granting Interim Approval of the Adequacy of the Disclosures in the Combined Disclosure Statement and Joint Plan of Liquidation; (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballot; and (VI) Granting Related Relief* (the "<u>Motion</u>") filed by the above-captioned debtor and debtor in possession (the "<u>Debtor</u>");[2] and based on the record in this chapter 11 case; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C § 157(b)(2) and the Court may enter a final order consistent with

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion or Combined Plan, as applicable.

DOCS_DE:240160.4 42899/001

Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosures are approved on an interim basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosures are expressly reserved for consideration at the Combined Hearing (as defined below).

3. The form of Combined Hearing Notice and the forms of Non-Voting Notices attached to the Motion are approved in all respects.

4. The forms of Ballots are approved in all respects.

5. **[●], 2022** is established as the Voting Record Date for the purposes of determining the creditors and equity Interest Holders entitled to receive the Solicitation Package or the Non-Voting Notices and to vote on the Combined Plan.

6. The Solicitation Package and Non-Voting Notices shall be sent for distribution not later than **[●], 2022**.

7. Any Plan Supplement must be filed with this Court not later than **[●], 2022**.

2

8. Ballots must be received on or before **[●], 2022 at 5:00 p.m. (Eastern Time)** ("Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the Debtor in writing.

9. If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Combined Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "3018 Motion") for such relief no later than **[●], 2022**. The deadline for any party in interest to object to any 3018 Motion is **[●], 2022**. Any such 3018 Motion may be resolved by agreement between the Debtor and the movant without the requirement for further order or approval of the Court.

10. As to any creditor filing a 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, either at or prior to the Combined Hearing.

11. Objections, if any, to final approval of the Disclosures or confirmation of the Combined Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before [●], 2022 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com); (ii) counsel to the DIP Lender, (a) Steptoe

& Johnson LLP, 633 W. Fifth Street, Suite 1900, Los Angeles, CA 90071, Attn: Jeffrey M. Reisner, Esq. (jreisner@steptoe.com), and (b) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801, Attn: Kurt F. Gwynne, Esq. (kgwynne@reedsmith.com); (iii) counsel to Castlegate Credit Opportunities Fund, LLC, (a) Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19899, Attn: Neil B. Glassman, Esq. (nglassman@bayardlaw.com) and Erin R. Fay, Esq. (efay@bayardlaw.com), and (b) Morrison Cohen LLP, 909 Third Avenue, 27th Floor, New York, NY 10022, Attn: Joseph T. Moldovan, Esq. (jmoldovan@morrisoncohen.com) and David J. Kozlowski, Esq. (dkozlowski@morrisoncohen.com) (iv) counsel to the Official Committee of Unsecured Creditors, (a) Joyce, LLC, 1225 King Street, Suite 800, Wilmington, DE 19801, Attn: Michael J. Joyce, Esq. (mjoyce@mjlawoffices.com), and (b) Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, LA 70130, Attn: Benjamin W. Kadden, Esq. (bkadden@lawla.com) and Coleman L. Torrans, Esq. (ctorrans@lawla.com); and (v) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy Jay Fox, Jr., Esq. (timothy.fox@usdoj.gov).

12. Any party supporting the Combined Plan may file a statement in support or a reply to any objection to confirmation of the Combined Plan by **[●], 2022**.

13. The Combined Plan voting certification shall be filed by **[●], 2022**.

14. A hearing shall be held before this Court on **[●] 2022, at [●] (Eastern Time)** or as soon thereafter as counsel can be heard, to consider confirmation of the Combined Plan (the "Combined Hearing") at the United States Bankruptcy Court for the District of Delaware, before the Honorable Judge Craig T. Goldblatt in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom No. 7, Wilmington, DE 19801.

4

15. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtor will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan.

16. The Debtor is authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

17. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.