## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JAB ENERGY SOLUTIONS II, LLC,[1] | Case No. 21-11226 (CTG) |
| Debtor. | |

## AFFIDAVIT OF SERVICE

I, Alexa Westmoreland, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtor in the above-captioned case.

On September 20, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Castlegate Credit Opportunities Fund LLC at 780 Third Ave, 40th Floor, New York, NY 10017:

- **Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312)

- **Order (I) Granting Interim Approval of the Disclosures; (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan, and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballot; and (V) Granting Related Relief** (Docket No. 326)

- **Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Combined Plan; (III) Deadline for Filing Objections to Confirmation of the Combined Plan; (IV) Deadline for Voting on the Combined Plan; and (V) Bar Date for Filing Administrative Claims Established by the Combined Plan** (Docket No. 331)

- **[Customized] Class 3 - Prepetition Junior Lender Claims Ballot to Accept or Reject Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit A**)

- **Pre-Addressed Return Envelope**

Furthermore, on September 20, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit B**:

- **Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312)

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

- **Order (I) Granting Interim Approval of the Disclosures; (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan, and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballot; and (V) Granting Related Relief** (Docket No. 326)

- **Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Combined Plan; (III) Deadline for Filing Objections to Confirmation of the Combined Plan; (IV) Deadline for Voting on the Combined Plan; and (V) Bar Date for Filing Administrative Claims Established by the Combined Plan** (Docket No. 331)

- **[Customized] Class 5 - Unsecured Claims Ballot to Accept or Reject Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **<u>Exhibit C</u>**)

- **Pre-Addressed Return Envelope**

- **Letter to the Unsecured Creditors of JAB Energy Solutions II, LLC on Behalf of the Official Committee of Unsecured Creditors of JAB Energy Solutions II, LLC** (attached hereto as **<u>Exhibit D</u>**)

Furthermore, on September 20, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **<u>Exhibit E</u>**:

- **Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 312)

- **Order (I) Granting Interim Approval of the Disclosures; (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan, and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballot; and (V) Granting Related Relief** (Docket No. 326)

- **Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Combined Plan; (III) Deadline for Filing Objections to Confirmation of the Combined Plan; (IV) Deadline for Voting on the Combined Plan; and (V) Bar Date for Filing Administrative Claims Established by the Combined Plan** (Docket No. 331)

Furthermore, on September 20, 2021, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **<u>Exhibit F</u>**:

- **Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Combined Plan; (III) Deadline for Filing Objections to Confirmation of the Combined Plan; (IV) Deadline for Voting on the Combined Plan; and (V) Bar Date for Filing Administrative Claims Established by the Combined Plan** (Docket No. 331)

- **Notice of (I) Non-Voting Status Due to Non-Impairment, (II) Interim Approval of Disclosures, (III) Hearing to Consider Confirmation of the Combined Plan, (IV) Deadline for Filing Objections to Confirmation of the Combined Plan, and (V) Bar Date for Filing Administrative Claims Established by the Combined Plan** (attached hereto as **Exhibit G**)

Furthermore, on September 20, 2021, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit H**:

- **Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Combined Plan; (III) Deadline for Filing Objections to Confirmation of the Combined Plan; (IV) Deadline for Voting on the Combined Plan; and (V) Bar Date for Filing Administrative Claims Established by the Combined Plan** (Docket No. 331)

Dated: September 23, 2022

Alexa Westmoreland

State of Colorado    )<br>                  ) SS.<br>County of Denver    )

Subscribed and sworn before me this 23nd day of September 2022 by Alexa Westmoreland.

(Notary's official signature)

PARKER LEATHERBURY POPKY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20214038112
MY COMMISSION EXPIRES SEPTEMBER 27, 2025

# <u>Exhibit A</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JAB Energy Solutions II, LLC[1] | ) | Case No. 21-11226 (CTG) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT TO ACCEPT OR REJECT COMBINED**
**DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF JAB ENERGY**
**SOLUTIONS II, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 – PREPETITION JUNIOR LENDER CLAIMS**

---

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE CLASS 3 – PREPETITION JUNIOR LENDER CLAIMS.  PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.**

**IF THE VOTING AGENT HAS NOT RECEIVED THIS BALLOT BY 5:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 20, 2022 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTOR, IT WILL NOT BE COUNTED. FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED**

---

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [D.I. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan") proposed by the above-captioned debtor (the "Debtor").  The disclosures (the "Disclosures") contained in the Combined Plan were approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware.  The Disclosures provide information to assist you in deciding how to vote your Ballot.  You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Combined Plan and the classification and treatment of your claim(s) under the Combined Plan.  Capitalized terms not defined herein shall have the meaning ascribed to such term in the Combined Plan.

The Combined Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Combined Plan has been provided to you with this Ballot.  You can obtain additional

---

[1]  The last four digits of the Debtor's U.S. tax identification number are 3625.  The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

copies upon request to the Voting Agent, Stretto, Inc. ("Stretto"), by writing to JAB Energy Solutions II, LLC Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or by phone at 855-544-5525. Copies of the Combined Plan are also available for free on the Voting Agent's website at https://cases.stretto.com/JABenergy and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Combined Plan and/or if the Combined Plan otherwise satisfies applicable legal requirements.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OF IF YOU LOSE YOUR BALLOT, OF IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY PHONE AT 855-544-5525 OR BY EMAIL TO TEAMJABENERGY@STRETTO.COM.**

---

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" LINE IS CHECKED OR BOTH THE "ACCEPT" AND "REJECT" LINE IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the holder of a **CLASS 3 – PREPETITION JUNIOR LENDER CLAIM,** hereby votes, in the amount set forth below, as follows (check one):

_____ Accept the Combined Plan        _____ Reject the Combined Plan

Amount of Claim $_____

**Item 2. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Combined Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Plan on behalf of the claimant and make the other elections set forth in this Ballot. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Combined Plan this Ballot will not be counted.

_____        _____

Name of Creditor

Federal Tax I.D. No. (Optional)

_____
Signature

_____
Date Completed

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
Telephone Number

## VOTING INFORMATION AND INSTRUCTIONS FOR
## COMPLETING THE BALLOT

1.      On the lines provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight delivery, or courier to the Voting Agent at the following address:

JAB Energy Solutions II, LLC Ballot Processing Center
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

Alternatively, you may submit your Ballot via the Voting Agent's online portal by visiting https://cases.stretto.com/JABenergy/.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**_____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each E-Ballot Password is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot Password you receive, as applicable. Creditors who cast a Ballot using the Voting Agent's Electronic Balloting Portal system should NOT also submit a paper Ballot.

2.      **Ballots must be received by the Voting Agent by 5:00 p.m., prevailing Eastern Time, on October 20, 2022 (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience. *Ballots submitted by facsimile or email will not be accepted*.

3.      Please sign and date your Ballot as required in Item 2.  Your signature is required in order for your Ballot to be counted.

4.      If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Combined Plan, unless there is an objection to your claim pending as of **September 23**, **2022**.  The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Combined Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (e.g., the right to contest the amount or validity of any claim for purposes of allowance under the Combined Plan).  If your claim is subject to an objection that was filed by **September 23, 2022**, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your

4

claim for purposes of voting to accept or reject the Combined Plan.  In order for a claim subject to a timely-filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than **October 4, 2022**. Ballots of holders of claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated claims that have been paid, allowed by an Order of the Court or superseded by a timely Filed Proof of Claim) will not be counted unless the Court temporarily allows such claim for purposes of voting to accept or reject the Combined Plan.

5.    The following voting procedures apply to your Ballot:

a.    Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Combined Plan;

b.    Except to the extent the Debtor otherwise determines, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim or Interest files a motion pursuant to Bankruptcy Rule 3018;

c.    Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

d.    Except to the extent the Debtor otherwise determines, any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

e.    Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan shall not be counted;

f.    Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

g.    The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

h.    Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email, or any other electronic means will not be accepted unless otherwise ordered by the Court;

i.    No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

j.    The Debtor expressly reserves the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Combined Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification).  If the Debtor makes material changes in the terms of the

5

Combined Plan, the Debtor will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

k.  If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

m.  The Debtor, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in its discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan;

n.  Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, which determination shall be final and binding;

o.  If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Combined Plan cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan has been accepted or rejected, unless the Court orders otherwise;

p.  Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q.  Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r.  Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s.  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan;

6

t.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and/or to opt out of the release; and

u.    The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.    **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR EMAIL.**

# **Exhibit B**



**Exhibit B**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| AJ Rentals Workdog | Attn: Andy Kulka | 405 Rue Carnot | | | Carencro | LA | 70520 |
| Alan Vando | | 1715 Summergate Dr | | | Conroe | TX | 77304-1866 |
| Allison Marine Contractors II, LLC | | PO Box 511 | | | Morgan City | LA | 70381 |
| Allison Marine Holdings, LLC | | 9828 Hwy 182 East | | | Morgan City | LA | 70382 |
| Allison Offshore Services II, LLC | | 110 Row Three | | | Lafayette | LA | 70508 |
| American Express | Customer Service | PO Box 981531 | | | El Paso | TX | 79998-1531 |
| Blackwater Diving LLC | | PO Box 948 | | | Amelia | LA | 70340 |
| Brent Boudreaux | | 119 Remington Rd | | | Montgomery | TX | 77316 |
| C-Dive, LLC | c/o Carver Darden Koretzky Tessier Finn Blossman & Areaux, LLC | Attn: Robert S. Stassi, Peter J. Segrist, & David J. Scotton | 1100 Poydras St | Suite 3100 | New Orleans | LA | 70163 |
| Crosby Tugs, LLC | | PO Box 279 | | | Golden Meadow | LA | 70357 |
| Demex International Inc. | Attn: Gary DeMarsh | 7144 Dummyline Road | | | Picayune | MS | 39466 |
| Diamondback E&P, successor by merger to Energen Resources Corporation | c/o Locke Lord, LLP | Attn: Philip Eisenberg | 600 Travis St | Suite 2800 | Houston | TX | 77002 |
| DLS, LLC | | PO Box 309 | | | Lydia | LA | 70569 |
| GOL, LLC | Attn: Guy Broussard and Bambi Roper | PO Box 309 | | | Raceland | LA | 70394 |
| Harvey Gulf International | Attn: Robert Vosbein, Patrick Somers & Benjamin Kadden | 701 Poydras St | Suite 3700 | | New Orleans | LA | 70139 |
| HB Rentals, LC | | 5813 Highway 90 East | | | Broussard | LA | 70518 |
| Lugenbuhl, Wheaton, Peck, Rankin & Hubba | | 601 Poydras St | Suite 2775 | | New Orleans | LA | 70130 |
| Marmac, LLC [McDonough Marine Service] | Attn: Bridget Nalley | 3500 N Causeway Blvd | Suite 900 | | Metairie | LA | 70002 |
| McDonough Marine Service | | PO Box 919227 | | | Dallas | TX | 75391 |
| Miles Thomas Law, LLC | Attn: Miles C. Thomas | 8011 Sycamore Street | | | New Orleans | LA | 70118 |
| Nepavision Web LLC | Attn: Ram P. Lamichhane | 9888 Preserve Way | | | Conroe | TX | 77385 |
| Offshore Domestic Group, LLC | c/o Chamberlain Hrdlicka | Attn: Jarrod B. Martin | 1200 Smith St | Suite 1400 | Houston | TX | 77002 |
| Offshore Liftboats LLC | Attn: Vanessa Pierce | PO Box 398 | | | Cut Off | LA | 70345 |
| Offshore Technical Solutions, LLC | c/o Bohman Morse, LLC | Attn: Martin S. Bohman | 400 Poydras St | Suite 2050 | New Orleans | LA | 70130 |
| SNOW & GREEN LLP | | PO Box 549 | | | Hockley | TX | 77447 |
| Sparrows Offshore, LLC | Attn: William Williams | 6707 Northwinds Dr | | | Houston | TX | 77041 |
| Trussco, Inc. | Attn: Mark E. Stipe | 4500 NE Evangeline Thwy | | | Carencro | LA | 70520 |
| Turnkey Offshore Project Services LLC | c/o Nalley, Dew & Miner, APLC | Attn: George Nalley | 2450 Severn Ave | Suite 100 | Metairie | LA | 70001 |
| US Dept. of Commerce - NOAA | Attn: Farron Wallace & Megan Kesterson | 4700 Avenue U | | | Galveston | TX | 77551 |
| W&T Offshore, Inc. | c/o Locke Lord, LLP | Attn: Philip Eisenberg | 600 Travis St | Suite 2800 | Houston | TX | 77002 |

# **<u>Exhibit C</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JAB Energy Solutions II, LLC[1] | ) | Case No. 21-11226 (CTG) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT TO ACCEPT OR REJECT COMBINED**
**DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF JAB ENERGY**
**SOLUTIONS II, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5 – UNSECURED CLAIMS**

---

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE CLASS 5 – UNSECURED CLAIMS.  PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.**

**IF THE VOTING AGENT HAS NOT RECEIVED THIS BALLOT BY 5:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 20, 2022 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTOR, IT WILL NOT BE COUNTED. FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED**

---

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [D.I. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan") proposed by the above-captioned debtor (the "Debtor").  The disclosures (the "Disclosures") contained in the Combined Plan were approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware.  The Disclosures provide information to assist you in deciding how to vote your Ballot.  You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Combined Plan and the classification and treatment of your claim(s) under the Combined Plan.  Capitalized terms not defined herein shall have the meaning ascribed to such term in the Combined Plan.

The Combined Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Combined Plan has been provided to you with this Ballot.  You can obtain additional

---

[1] The last four digits of the Debtor's U.S. tax identification number are 3625.  The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

copies upon request to the Voting Agent, Stretto, Inc. ("Stretto"), by writing to JAB Energy Solutions II, LLC Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by phone at 855-544-5525. Copies of the Combined Plan are available for free on the Voting Agent's website at https://cases.stretto.com/JABenergy and are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Combined Plan and/or if the Combined Plan otherwise satisfies applicable legal requirements.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OF IF YOU LOSE YOUR BALLOT, OF IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY PHONE AT 855-544-5525 OR BY EMAIL TO TEAMJABENERGY@STRETTO.COM.**

---

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" LINE IS CHECKED OR BOTH THE "ACCEPT" AND "REJECT" LINE IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote**. The undersigned, the holder of a **CLASS 5 – UNSECURED CLAIM** against the Debtor, hereby votes, in the amount set forth below, as follows (check one):

\_\_\_\_\_ Accept the Combined Plan        \_\_\_\_\_ Reject the Combined Plan

Amount of Claim $_____

**Item 2. (Optional) Plan Releases (Do not complete if you have rejected the Combined Plan).**

Pursuant to the Combined Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the third party release provision contained in Section 16.2(c) of the Plan, you are automatically deemed to have agreed to give the releases in Section 16.2(c) of the Plan. However, if you vote to ACCEPT the Combined Plan, you may check the box below to opt out of, and therefore not give, the releases in Section 16.2(c) of the Combined Plan.

DOCS_DE:240351.6 02312/002

I hereby ELECT TO OPT OUT of the release provision contained in Section 16.2(c) of the Combined Plan.

> **Section 16.2(c) of the Combined Plan provides as follows:**
>
> **On and after and subject to the occurrence of the Effective Date, except as otherwise provided in the Plan, each Claimant (collectively, the "Releasing Parties") who (i) is not Impaired under the Plan or (ii) affirmatively votes to accept the Plan and, as to each Holder of a Class 5 Unsecured Claim who are not parties to the Plan Term Sheet only, who does not elect to "opt-out" by marking the appropriate box on such Releasing Party's respective Ballot, for themselves and their respective successors, assigns, transferees, and such Claimants' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), shall release (the "Third Party Release") each Released Party, and each of the Debtor, the Reorganized Debtor, the Estate, and the Released Parties[2] shall be deemed released from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided however*, the foregoing Third Party Release shall not release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.**

---

[2] "Released Parties" means, collectively, (a) the Debtor and Reorganized Debtor; (b) the Committee and the individual members thereof in their capacity as such; (c) the Prepetition Senior Lender; (d) the Prepetition Junior Lender; (e) Lincolnshire; (f) the Non-Debtor Affiliates; and (g) each of such Entities' Related Persons; *provided however*, that all rights of the Liquidating Trust to prosecute any Causes of Action assigned to the Trust as set forth herein, including the D&O Insurance Assigned Claims, shall be fully preserved. For the avoidance of doubt, Brent Boudreaux and any other person qualifying as an "Insured Person" under that certain Management Liability Solutions 2.0 Insurance Policy, Policy No. DPLE320442, Policy Form Number D56100-G, shall not be a Released Party.

```

```

**Item 3.   Acknowledgements.**   By signing this Ballot, the undersigned acknowledges receipt of the Combined Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Plan on behalf of the claimant and make the other elections set forth in this Ballot.   The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Combined Plan this Ballot will not be counted.


_____          _____
Name of Creditor                                                       Federal Tax I.D. No. (Optional)


_____          _____
Signature                                                                Date Completed


_____          _____
If by Authorized Agent, Name and Title                    Street Address


                                                                           _____
                                                                           Telephone Number

4

## VOTING INFORMATION AND INSTRUCTIONS FOR
## COMPLETING THE BALLOT

1.      On the lines provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight delivery, or courier to the Voting Agent at the following address:

JAB Energy Solutions II, LLC Ballot Processing Center
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

Alternatively, you may submit your Ballot via the Voting Agent's online portal by visiting https://cases.stretto.com/JABenergy.  Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**_____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each E-Ballot Password is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot Password you receive, as applicable. Creditors who cast a Ballot using the Voting Agent's Electronic Balloting Portal system should NOT also submit a paper Ballot.

2.      **Ballots must be received by the Voting Agent by 5:00 p.m., prevailing Eastern Time, on October 20, 2022 (the "_Voting Deadline_").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience. *Ballots submitted by facsimile or email will not be accepted*.

3.      Please sign and date your Ballot as required in Item 2.  Your signature is required in order for your Ballot to be counted.

4.      If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Combined Plan, unless there is an objection to your claim pending as of **September 23, 2022**.  The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Combined Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (e.g., the right to contest the amount or validity of any claim for purposes of allowance under the Combined Plan).  If your claim is subject to an objection that was filed by **September 23, 2022**, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your

5

claim for purposes of voting to accept or reject the Combined Plan.  In order for a claim subject to a timely-filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than **October 4, 2022.** Ballots of holders of claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated claims that have been paid, allowed by an Order of the Court or superseded by a timely Filed Proof of Claim) will not be counted unless the Court temporarily allows such claim for purposes of voting to accept or reject the Combined Plan.

5.     The following voting procedures apply to your Ballot:

a.   Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Combined Plan;

b.   Except to the extent the Debtor otherwise determines, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim or Interest files a motion pursuant to Bankruptcy Rule 3018;

c.   Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

d.   Except to the extent the Debtor otherwise determines, any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

e.   Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan shall not be counted;

f.   Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

g.   The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

h.   Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email, or any other electronic means will not be accepted unless otherwise ordered by the Court;

i.   No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

j.   The Debtor expressly reserves the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Combined Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification).  If the Debtor makes material changes in the terms of the

6

Combined Plan, the Debtor will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

k. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

m. The Debtor, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan;

n. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, which determination shall be final and binding;

o. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Combined Plan cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan has been accepted or rejected, unless the Court orders otherwise;

p. Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan;

t. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and/or to opt out of the release; and

u. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

6. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7. **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR EMAIL.**

DOCS_DE:240351.6 02312/002

# <u>Exhibit D</u>



Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, LA 70130
Tel. 504.568.1990 | Fax 504.310.9195

September 20, 2022

**Re:   Combined Disclosure Statement and Plan of Liquidation of
JAB Energy Solutions II, LLC Under Chapter 11 of the
Bankruptcy Code**

Dear Unsecured Creditors of JAB Energy Solutions II, LLC,

We write on behalf of the Official Committee of Unsecured Creditors (the "***Committee***")[1] of JAB Energy Solutions II, LLC ("***JAB***" or the "***Debtor***"), the debtor and debtor-in-possession in the above-reference chapter 11 bankruptcy case (the "***Chapter 11 Case***") in connection with the Debtor's solicitation of ballots to accept or reject the *Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [D.I. 312] ("***Plan***").[2] A copy of the Plan, which contains an incorporated disclosure statement, is included in the Solicitation Package mailed with this letter. You should carefully review the Plan, as it contains detailed information regarding the Debtor, its business, the Chapter 11 Case, the proposed orderly liquidation of the company, and the distributions to be made to various classes of creditors under the Plan, including unsecured creditors. A copy of the Plan may also be downloaded from the website of Debtor's claim and ballot processing agent, Stretto, at:
https://cases.stretto.com/JABenergy/.

General unsecured Claims are classified as Class 5 Claims under the Plan. The Plan provides for the creation of the Liquidating Trust and states that it shall be vested with start-up funds ($100,000.00) and certain causes of action and claims[3] of the Debtor, which are to be liquidated by a Liquidating Trustee. The Plan provides in section 10.5 that unsecured creditors in Class 5 shall receive their Pro Rata share of interests in this Liquidating Trust. As the beneficiaries of the

---

[1] The Committee is comprised of the following unsecured creditors appointed by the Office of the United States Trustee: Offshore Domestic Group, LLC and Sparrows Offshore, LLC. The Committee is represented by Lugenbuhl, Wheaton, Peck, Rankin & Hubbard.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

[3] Under the Plan, "'Assigned Liquidating Trust Claims' means (i) the Black Elk Assigned Claim; (ii) the Fairways Assigned Claims; (iii) the D&O Insurance Assigned Claims; and (iv) all Avoidance Actions that are not released under the Plan and the Plan Term Sheet." Plan at 8.

# Lugenbuhl

Liquidating Trust, Class 5 members would receive all proceeds of the liquidated Liquidating Trust Assets, after payment of the trust administrative expenses.

The Plan's provision for a Liquidating Trust vested with Debtor assets was the product of hard-fought and arms-length negotiations conducted for a six-month period between the Committee, the Debtor, the Debtor's junior secured lender, and the Debtor's equity holders and affiliates, including its parent company.  The Committee does not believe that further negotiations could have produced a deal more favorable to the Debtor's general unsecured creditors. Further, the Committee believes that confirmation of the Plan is in the best interest of general unsecured creditors because the Plan maximizes the likelihood that general unsecured creditors will receive a meaningful recovery on account of their Claims.

**The Committee <u>supports confirmation</u> of the Plan and strongly recommends that holders of unsecured claims complete and return the enclosed Ballot and vote to <u>accept</u> the Plan.**

Ballots must be received on or before **October 20, 2022 at 5:00 p.m. (Eastern Time)** in accordance with the instructions on the Ballot, unless time is extended by the Debtor in writing.

Please feel free to contact the undersigned counsel for the Committee with any questions.

Sincerely,

Benjamin W. Kadden

# Exhibit E



**Exhibit E**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Blackwater Diving LLC | Attn: Kevin Lorio | PO Box 948 | | | Amelia | LA | 70340 |
| Castlegate Credit Opportunities Fund, LLC | c/o Bayard, P.A. | Attn: Neil B. Glassman, Erin R. Fay, & Gregory J. Flasser | 600 N King St | Suite 400 | Wilmington | DE | 19899 |
| Castlegate Credit Opportunities Fund, LLC | c/o Morrison Cohen LLP | Attn: Joseph T. Moldovan and David J. Kozlowski | 909 Third Ave | 27th Floor | New York | NY | 10022 |
| C-Dive, LLC | Attn: Guy Broussard and Robert Stassi | PO Box 2968 | | | Houma | LA | 70361 |
| C-Dive, LLC | c/o Carver Darden Koretzky Tessier Finn Blossman & Areaux, LLC | Attn: Robert S. Stassi, Peter J. Segrist, & David J. Scotton | 1100 Poydras St | Suite 3100 | New Orleans | LA | 70163 |
| Crosby Tugs, LLC | Attn: Tami Breaux | PO Box 279 | | | Golden Meadow | LA | 70357 |
| Delaware Department of Justice | Attn: Kathy Jennings | Carvel State Office Building | 820 N French St | 6th Floor | Wilmington | DE | 19801 |
| Delaware Division of Revenue | Attn: Christina Rojas, Bankruptcy Administrator | Carvel State Office Building | 820 N French St | 8th Floor | Wilmington | DE | 19801 |
| Delaware Secretary of Treasury | | 820 Silver Lake Blvd | Suite 100 | | Dover | DE | 19904 |
| Demex International Inc. | Attn: Gary DeMarsh | 7144 Dummyline Rd | | | Picayune | MS | 39466 |
| DLS, LLC | Attn: Misty Laviolette | 701 Robley Dr | Suite 104 | | Lafayette | LA | 70503 |
| DLS, LLC | c/o H. Kent Aguillard | 141 S 6th St | | | Eunice | LA | 70535 |
| H.B. Rentals, L.C. | Attn: Jean Paul Overton | 1001 Louisiana St | Suite 2900 | | Houston | TX | 77002 |
| Harvey Gulf International | Attn: Robert Vosbein, Patrick Somers, & Benjamin Kadden | 701 Poydras St | Suite 3700 | | New Orleans | LA | 70139 |
| HB Rentals, LC | Attn: Jill Sigur and Tami Beaux | PO Box 208643 | | | Dallas | TX | 75320-8643 |
| Internal Revenue Service | Centralized Insolvency Operation | 2970 Market St | Mail Stop 5-Q30.133 | | Philadelphia | PA | 19104 |
| Lugenbuhl, Wheaton, Peck, Rankin & Hubbard | Attn: Benjamin Kadden | 601 Poydras St | Suite 2775 | | New Orleans | LA | 70130 |
| McDonough Marine Service | Attn: Charlette Petkovich | PO Box 919227 | | | Dallas | TX | 75391 |
| Office of the United States Trustee for the District of Delaware | Attn: Timothy Jay Fox, Jr. | 844 King St | Suite 2207 | Lockbox #35 | Wilmington | DE | 19899-0035 |
| Official Committee of Unsecured Creditors | c/o Joyce, LLC | Attn: Michael J. Joyce | 1225 King St | Suite 800 | Wilmington | DE | 19801 |
| Official Committee of Unsecured Creditors | c/o Lugenbuhl, Wheaton, Peck, Rankin & Hubbard | Attn: Benjamin W. Kadden, Stewart F. Peck, Alicia M. Bendana, and Coleman L. Torrans | 601 Poydras St | Suite 2775 | New Orleans | LA | 70130 |
| Offshore Domestic Group | Attn: C. Larry Carbo, III | PO Box 54970 | | | New Orleans | LA | 40154 |
| Offshore Domestic Group, LLC | Attn: Brent Kallop | 1800 Bering Dr | Suite 825 | | Houston | TX | 77057 |
| Offshore Technical Compliance, LLC | Attn: Amy Porche, Martin Bohman, & Misty Laviolette | 1598 Ochsner Blvd | Suite A | | Covington | LA | 70433 |
| Offshore Technical Solutions, LLC | c/o Bohman Morse, LLC | Attn: Martin S. Bohman | 400 Poydras St | Suite 2050 | New Orleans | LA | 70130 |
| Pension Benefit Guaranty Corporation | c/o Office of the Chief Counsel | 1200 K Street, NW | | | Washington | DC | 20005 |
| River Rental Tools Inc | Attn: Jessica Cline | 109 Derrick Road | | | Belle Chasse | LA | 70037 |
| Securities & Exchange Commission | c/o Office of General Counsel | 100 F Street, NE | | | Washington | DC | 20549 |
| Securities & Exchange Commission | c/o Philadelphia Regional Office | Attn: Sharon Binger, Regional Director | One Penn Center, Suite 520 | 1617 JFK Blvd | Philadelphia | PA | 19103 |
| Securities and Exchange Commission | Attn: Regional Director | New York Regional Office Brookfield Place | 200 Vesey St | Suite 400 | New York | NY | 10281-1022 |
| Snow & Green LLP | Attn: Ken Green | PO Box 549 | | | Hockley | TX | 77447 |
| Sparrows Offshore LLC | Attn: Steven Bertone | Dept - 3628 | PO Box 123628 | | Dallas | TX | 75312-3628 |
| Specialty Offshore, Inc. | Attn: Mary Letillier | PO Box 2853 | | | Hammond | LA | 70404 |
| State of Delaware Division of Corporations | c/o Franchise Tax | John G. Townsend Building | 401 Federal St | Suite 4 | Dover | DE | 19901 |
| Ten-M Marine LLC | Attn: Morgan Perrin | 4808 Coulon St | | | Lafitte | LA | 70067 |
| Texas Parks and Wildlife Department Artificial Reef Program | Attn: Dale Shively | 4200 Smith School Rd | | | Austin | TX | 78744 |
| Turnkey Offshore Project Services, LLC | Attn: Jay Henderson and George Nalley | PO Box 5041 | | | Houma | LA | 70361 |
| Turnkey Offshore Project Services, LLC | c/o Nalley and Dew, APLC | Attn: George J. Nalley | 2450 Severn Ave | Suite 100 | Metairie | LA | 70001 |
| Turnkey Offshore Project Services, LLC | c/o Richard W. Martinez, APLC | Attn: Richard W. Martinez | 3500 N Hullen St | | Metairie | LA | 70002 |
| Turnkey Offshore Project Services, LLC and Offshore Technical Solutions, LLC | c/o Pashman Stein Walder Hayden PC | Attn: Joseph C. Barsalona II | 1007 N Orange St | 4th Floor #183 | Wilmington | DE | 19801-1242 |
| U.S. Department of Justice | Office of the US Attorney General | Attn: William Barr | 950 Pennsylvania Ave NW | Room 4400 | Washington | DC | 20530-0001 |
| U.S. Department of Justice Civil Division | Attn: J. Zachary Balasko | 1100 L Street NW | Room 7530 | | Washington | DC | 20005 |
| U.S. Department of the Treasury | Office of General Counsel | 1500 Pennsylvania Ave NW | | | Washington | DC | |
| US Attorney's Office for the District of Delaware | c/o Ellen Slights | Attn: David C. Weiss | Hercules Building, Suite 400 | 1313 N Market St | Wilmington | DE | 19801 |

# **<u>Exhibit F</u>**



**Exhibit F**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | City | State | Zip |
|------|-----------|-----------|-----------|------|-------|-----|
| Garmark SBIC Fund II LP | | One Landmark Square | 6th Floor | Stamford | CT | 06901 |
| Montgomery County | c/o Linebarger Goggan Blair & Sampson, LLP | Attn: John P. Dillman | PO Box 3064 | Houston | TX | 77253-3064 |

# <u>Exhibit G</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JAB Energy Solutions II, LLC[1] | ) | Case No. 21-11226 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NON-IMPAIRMENT, (II) INTERIM
APPROVAL OF DISCLOSURES, (III) HEARING TO CONSIDER CONFIRMATION
OF THE COMBINED PLAN, (IV) DEADLINE FOR FILING OBJECTIONS TO
CONFIRMATION OF THE COMBINED PLAN, AND (V) BAR DATE FOR FILING
ADMINISTRATIVE CLAIMS ESTABLISHED BY THE COMBINED PLAN**

To:     Holders of: (i) Class 1 – Priority Non-Tax Claims; (ii) Class 2 – Prepetition Senior Secured
        Claims; and (iii) Class 4 – Other Secured Claims

**PLEASE TAKE NOTICE THAT:**

1.      On September 7, 2022 (the "<u>Petition Date</u>"), the above captioned debtor and debtor
in possession (the "<u>Debtor</u>") commenced its case by filing a voluntary petition for relief under
chapter 11 of the Bankruptcy Code.  The Debtor has continued in the possession of its property
and has continued to operate and manage its business as debtor in possession pursuant to sections
1107(a) and 1108 of the Bankruptcy Code.  Additional information regarding the Debtor and this
case, including the Debtor's business, corporate structure, financial condition, and the reasons for
and objectives of this case, are set forth in the *Declaration of Albert Altro, Chief Restructuring
Officer in Support of Chapter 11 Petition and First Day Relief* [D.I. 24].

**THE COMBINED PLAN**

2.      On August 25, 2022, the Debtor filed the *Combined Disclosure Statement and Plan
of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [D.I.
312] (including all exhibits thereto and as amended, supplemented or otherwise modified from
time to time, the "<u>Combined Plan</u>").

**INTERIM APPROVAL OF DISCLOSURES**

3.      By an Order dated September 13, 2022 (the "<u>Solicitation Procedures Order</u>"), the
Bankruptcy Court approved, on an interim basis, the disclosures (the "<u>Disclosures</u>") in the
Combined Plan as containing adequate information within the meaning of section 1125 of

---

[1]  The last four digits of the Debtor's U.S. tax identification number are 3625.  The Debtor's mailing address is
19221 I-45 South, Suite 324, Shenandoah, TX 77385.

Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Combined Plan.

## THE COMBINED HEARING

4.     On **November 2, 2022 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Craig T. Goldblatt in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Combined Plan, as the same may be amended or modified (the "Combined Hearing").

5.     The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtor will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan. The Combined Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Combined Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN

6.     Objections, if any, to final approval of the Disclosures or confirmation of the Combined Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before October 20, 2022 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com); (ii) counsel to the DIP Lender, (a) Steptoe & Johnson LLP, 633 W. Fifth Street, Suite 1900, Los Angeles, CA  90071, Attn:  Jeffrey M. Reisner, Esq. (jreisner@steptoe.com), and (b) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE  19801, Attn: Kurt F. Gwynne, Esq. (kgwynne@reedsmith.com); (iii) counsel to Castlegate Credit Opportunities Fund, LLC, (a) Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE  19899, Attn:  Neil B. Glassman, Esq. (nglassman@bayardlaw.com) and Erin R. Fay, Esq. (efay@bayardlaw.com), and (b) Morrison Cohen LLP, 909 Third Avenue, 27th Floor, New York, NY  10022, Attn: Joseph T. Moldovan, Esq. (jmoldovan@morrisoncohen.com) and David J. Kozlowski, Esq. (dkozlowski@morrisoncohen.com)  (iv) counsel to the Official Committee of Unsecured Creditors, (a) Joyce, LLC, 1225 King Street, Suite 800, Wilmington, DE 19801, Attn:  Michael J. Joyce, Esq. (mjoyce@mjlawoffices.com), and (b) Lugenbuhl, Wheaton,

2

Peck, Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, LA 70130, Attn: Benjamin W. Kadden, Esq. (bkadden@lawla.com) and Coleman L. Torrans, Esq. (ctorrans@lawla.com); and (v) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy Jay Fox, Jr., Esq. (timothy.fox@usdoj.gov).

**The failure of a non-impaired creditor to file an objection to the Plan shall be deemed to grant the Third Party Release set forth in the Plan and described below.**

## NON-VOTING STATUS

7.      You are receiving this Notice because under the terms of the Combined Plan, either: (a) your Claim(s) are not classified under the Combined Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Combined Plan; or (b) you are a holder of a Claim which is defined in the Combined Plan as being in a class receiving an estimated one hundred percent (100%) recovery under the Combined Plan, and therefore deemed to have accepted the Combined Plan pursuant to section 1126(f) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Combined Plan. Accordingly, this notice is being mailed to you for your information only.

8.      If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtor that entitles you to vote on the Combined Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

## COPIES OF THE COMBINED PLAN

9.      If you wish to receive copies of the Disclosures Combined Plan, they will be provided, as quickly as practicable, upon request to the Voting Agent, Stretto, Inc. ("Stretto" or the "Voting Agent") by writing to JAB Energy Solutions II, LLC Corporation Ballot Processing Center, c/o Stretto, 410 Exchange Place, Suite 100, Irvine, CA 92602. Copies of the Combined Plan are also available for free on the Voting Agent's website at https://cases.stretto.com/JABenergy and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

## ADMINISTRATIVE EXPENSE BAR DATE

10.      Section 3.2 of the Combined Plan sets an Administrative Expense Bar Date for the filing of Administrative Claims (excluding Professional Fee Claims) arising on or after the Petition Date, **as forty-five (45) days after the Effective Date**.

## INJUNCTIONS, RELEASES, AND EXCULPATION

3

11.     Section 16 of the Combined Plan contains the exculpation, release, and injunction provisions set forth below: Section 16 of the Combined Plan contains the exculpation, release, and injunction provisions set forth below:

**<u>Third Party Release:</u> On and after and subject to the occurrence of the Effective Date, except as otherwise provided in the Plan, each Claimant (collectively, the "<u>Releasing Parties</u>") who (i) is not Impaired under the Plan or (ii) affirmatively votes to accept the Plan and, as to each Holder of a Class 5 Unsecured Claim who are not parties to the Plan Term Sheet only, who does not elect to "opt-out" by marking the appropriate box on such Releasing Party's respective Ballot, for themselves and their respective successors, assigns, transferees, and such Claimants' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), shall release (the "<u>Third Party Release</u>") each Released Party, and each of the Debtor, the Reorganized Debtor, the Estate, and the Released Parties[2] shall be deemed released from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided however*, the foregoing Third Party Release shall not release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan**

---

[2] "Released Parties" means, collectively, (a) the Debtor and Reorganized Debtor; (b) the Committee and the individual members thereof in their capacity as such; (c) the Prepetition Senior Lender; (d) the Prepetition Junior Lender; (e) Lincolnshire; (f) the Non-Debtor Affiliates; and (g) each of such Entities' Related Persons; *provided however*, that all rights of the Liquidating Trust to prosecute any Causes of Action assigned to the Trust as set forth herein, including the D&O Insurance Assigned Claims, shall be fully preserved.  For the avoidance of doubt, Brent Boudreaux and any other person qualifying as an "Insured Person" under that certain Management Liability Solutions 2.0 Insurance Policy, Policy No. DPLE320442, Policy Form Number D56100-G, shall not be a Released Party

**Exculpation:**  The Debtor, the Debtor's officers and managers that served during the Chapter 11 Case, the Committee, the members of the Committee, and each of their respective professionals retained during the Chapter 11 Case, each solely in their capacities as such (collectively, the "**Exculpated Parties**"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the sale or other disposition of the Debtor's assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; *provided however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided however,* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.

**Releases:**

(a)    **Debtor/Estate Release of Released Parties.**

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor, the Reorganized Debtor, the Estate, the Committee and the Liquidating Trust (collectively, the "**Debtor/Estate Releasors**") shall release (the "**Debtor/Estate Release**") each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence

5

taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; further provided that all rights of the Liquidating Trust to prosecute any Causes of Action assigned to the Liquidating Trust as set forth herein, including the D&O Insurance Assigned Claims, shall be fully preserved (for the avoidance of doubt, Brent Boudreaux and any other person qualifying as an "Insured Person" under that certain Management Liability Solutions 2.0 Insurance Policy, Policy No. DPLE320442, Policy Form Number D56100-G, shall not be a Released Party); and further provided that nothing herein shall act as a discharge of the Debtor.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

(b)     <u>Debtor/Other Party Release of Committee and Liquidating Trust</u>.

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor, the Prepetition Senior Lender, the Prepetition Junior Lender, Lincolnshire Management Inc., and the Non-Debtor Affiliates (collectively, the "<u>Debtor/Other Party Releasors</u>") shall release (the "<u>Debtor/Other Party Release</u>") the Committee, the members thereof (in their capacities as such) and the Liquidating Trust (collectively, the "<u>Debtor/Other Party Releasees</u>"), and each Debtor/Other Party Releasee is deemed released by the Debtor/Other Party Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Other Party Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Other Party Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the

6

Debtor and any Debtor/Other Party Releasee, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Debtor/Other Party Releasee that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Other Party Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Other Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Other Party Release is: (a) in exchange for the good and valuable consideration provided by the Debtor/Other Party Releasees; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Other Party Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Other Party Release.

(c)     <u>TOPS/OTS Related Releases.</u>

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, TOPS and OTS, as releasors, shall release the Prepetition Senior Lender, the Prepetition Junior Lender, Lincolnshire Management Inc., the Non-Debtor Affiliates, and each of such Entities' Related Persons (collectively, the "<u>TOPS/OTS Releasees</u>"), and each TOPS/OTS Releasee is deemed released by TOPS and OTS from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of TOPS and/or OTS, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that TOPS and/or OTS would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and TOPS and/or OTS, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of

7

or relating to any act or omission of a TOPS/OTS Releasee that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing TOPS/OTS release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor, the Reorganized Debtor, the Prepetition Senior Lender, the Prepetition Junior Lender, Lincolnshire Management Inc., and the Non-Debtor Affiliates, as releasors, shall release TOPS, OTS and each of such Entities' Related Persons (collectively, the "TOPS/OTS Parties"), and each TOPS/OTS Party is deemed released by the aforementioned releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the afore-mentioned releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that afore-mentioned releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and the afore-mentioned releasors, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a TOPS/OTS Party that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing TOPS/OTS release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the foregoing TOPS/OTS releases set forth in the preceding two paragraphs (the "TOPS/OTS Release(s)"), which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that each of the TOPS/OTS Releases is: (a) in exchange for the good and valuable consideration provided by the TOPS/OTS Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of aforementioned releasors asserting any Claim or Cause of Action released pursuant to the TOPS/OTS Releases.

8

**Injunction:**  In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor, the Reorganized Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Reorganized Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Reorganized Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Reorganized Debtor, the Estate, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.  Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor, the Reorganized Debtor, or the Liquidating Trust under the Plan.

9

# Exhibit H



**Exhibit H**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Acadiana Valve Services & Supply, LLC | | 3670 Underwood | | | LaPorte | TX | 77571 |
| Acme Truck Line Inc | | Msc-410683 | PO Box 415000 | | Nashville | TN | 37241 |
| Advanced Office Products | | 620 Romero Street | | | Lake Charles | LA | 70607 |
| adWhite | | 33300 Egypt Lane | Suite F300 | | Magnolia | TX | 77354 |
| Aflac | Legal Dept | 1932 Wynnton Road | | | Columbus | GA | 31999 |
| AJ Rentals Workdog (Andy Kulka) | DBA AJ Rentals Workdog Inc. | 405 Rue Carnot | | | Carencro | LA | 70520 |
| Aldine I.S.D. | | PO Box 203989 | | | Houston | TX | 77216 |
| Alliance Overnight Document Service | | 400 Poydras St | Suite 1480 | | New Orleans | LA | 70130 |
| Allison Industrial Services II, LLC | | PO Box 511 | | | Morgan City | LA | 70381 |
| Allison Land Development II, LLC | | PO Box 511 | | | Morgan City | LA | 70381 |
| Allison Marine Holdings, LLC | | 19221 I-45 South | Suite 324 | | Shenandoah | TX | 77385 |
| Alpha Rentals LLC | | PO Box 1470 | | | Broussard | LA | 70518 |
| American Eagle | | PO Box 896829 | | | Charlotte | NC | 28289 |
| American Express | | PO Box 650448 | | | Dallas | TX | 75265 |
| American Recovery, LLC | | 16201 E Main St | | | Cut Off | LA | 70345 |
| Anchor Marine & Industrial Supply, Inc. | | PO Box 58645 | | | Houston | TX | 77258 |
| Ann Harris Bennett | Tax Assessor-Collector | PO Box 4622 | | | Houston | TX | 77210 |
| Aqua-Tech Solutions, LLC | | 115 Nova Dr | | | Broussard | LA | 70518 |
| ARO Solutions, LLC | | 3315 Crestdale Dr | | | Houston | TX | 77080-1246 |
| Ashtead Technology Offshore, Inc. | | 14825 North West Fwy | Suite 900 | | Houston | TX | 77040 |
| AT&T | | PO Box 105262 | | | Atlanta | GA | 30348 |
| Becky Sandlin | | 3802 Robin Dr | | | Montgomery | TX | 77356 |
| Becnel Rental Tools LLC | | 340 Technology Ln | | | Gray | LA | 70359 |
| Blackwater Diving LLC | | 112 Forrest Rd | | | Morgan City | LA | 70380 |
| Blue Cross Blue Shield of LA | c/o Legal Dept. | PO Box 98019 | | | Baton Rouge | LA | 70898-9029 |
| Blue Cross of Louisiana | | PO Box 261798 | | | Baton Rouge | LA | 70826 |
| BS&G Rentals LLC | | PO Box 545 | | | Broussard | LA | 70518 |
| Capital One Corporate Card | | 201 St. Charles Ave | 29th Floor | | New Orleans | LA | 70170 |
| Castlegate Credit Opportunity Fund, LLC | c/o Lincolnshire | 40th Floor | | | New York | NY | 10017 |
| C-Dive, LLC | | 1011 Saadi St | | | Houma | LA | 70363 |
| C-Dive, LLC | Attn: Robert M. Champagne, III | PO Box 2968 | | | Houma | LA | 70361 |
| Chet Morrison Contractors LLC | | PO Box 3301 | | | Houma | LA | 70361 |
| Clean Gulf Associates, Inc | | Dept. #368 | PO Box 4869 | | Houston | TX | 77210 |
| Community Coffee | | PO Box 679510 | | | Dallas | TX | 75267 |
| Corporation Service Company | | PO Box 13397 | | | Philadelphia | PA | 19101 |
| CP2 Realty Holdings | | 1535 W Loop S | Suite 450 | | Houston | TX | 77027 |
| C-Port Stone | | 16201 East Main St | | | Cut Off | LA | 70345 |
| Craig Griffith | | 687 W Dave Dugas Rd | | | Sulphur | LA | 70665 |
| Crosby Tugs, LLC | | 17751 LA-3235 | | | Galliano | LA | 70354 |
| CUDD Pressure Control Inc | CUDD Energy Services | PO Box 203379 | | | Dallas | TX | 75320 |
| Dan Strickland | dba Logistics Dispatch Management | 9530 Morar Rd | | | Panama City | FL | 32409-4407 |
| Delaware Secretary of State | | PO Box 5509 | | | Binghamton | NY | 13902 |
| Delaware State Treasury | | 820 Silver Lake Blvd | Suite 100 | | Dover | DE | 19904 |
| Delta Rigging & Tools | | 102 Nova Dr | | | Broussard | LA | 70518 |
| Department of Treasury | Internal Revenue Service | 1352 Marrows Road | Suite 204 | | Newark | DE | 19711-5445 |
| Department of Treasury | Internal Revenue Service | PO Box 7317 | | | Philadelphia | PA | 19101-7317 |
| Department of Treasury | Internal Revenue Service | PO Box 7346 | | | Philadelphia | PA | 19101-7346 |

In re: JAB Energy Solutions II, LLC
Case No. 21-11226 (CTG)



**Exhibit H**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Diamondback E&P, successor by merger to Energen Resources Corporation | Attn: Bill Caraway, Vice President & Deputy General Counsel | 500 W Texas Ave | Suite 1200 | | Midland | TX | 79701 |
| Disa Inc. | | Dept 3731 | PO Box 123731 | | Dallas | TX | 75312 |
| Dishman & Bennett Specialty Co, Inc. | | PO Box 287 | | | Houma | LA | 70361 |
| DLS, LLC | | 701 Robley Dr | Suite 104 | | Lafayette | LA | 70503 |
| DLS, LLC | | 701 Robley Dr | Suite 104 | | Lafayette | LA | 70503 |
| DLS, LLC | | PO Box 309 | | | Lydia | LA | 70569 |
| Double L Ranch & Wildlife Feed | | 3225 Junction Hwy | | | Ingram | TX | 78025 |
| DTN, LLC | | 26385 Network Place | | | Chicago | IL | 60673 |
| Eagle Oilfield Inspection Service, Inc. | | PO Box 695 | | | Broussard | LA | 70518 |
| Eaton Oil Tools, Inc | | PO Box 1050 | | | Broussard | LA | 70518 |
| Ecoserv, LLC | | 9525 US Highway 167 | | | Abbeville | LA | 70510 |
| Encore Food Services  L.L.C. | | PO Box 4193 | | | Houma | LA | 70361 |
| Energen Resources Corporation | Attn: Phil Eisenberg | 605 Richard Arrington Jr. Blvd North | | | Birmingham | AL | 35203-2720 |
| Engineering Corporation of Louisiana | | PO Box 51944 | | | Lafayette | LA | 70505 |
| Epic Companies LLC | | PO Box 840822 | | | Dallas | Tx | 75284 |
| EPIC Software Group | | 701 Sawdust Road | | | Spring | TX | 77380 |
| Extreme Energy Services | | 1016 QCP Park Dr | | | Broussard | LA | 70518 |
| Fab-Con, Inc. | | PO Box 520 | | | Gonzales | LA | 70707 |
| FDF Energy Services, LLC | | PO Box 677438 | | | Dallas | Tx | 75267 |
| Federal Express | | PO Box 94515 | | | Palatine | IL | 60094 |
| Fire & Safety Specialists | | PO Box 60639 | | | Lafayette | LA | 70596 |
| Focus Safety Services  L.L.C. | | PO Box 52896 | | | Lafayette | LA | 70505 |
| Forefront Emergency Management, LP | | 2802 Flintrock Trace | Suite B104 | | Lakeway | TX | 78738 |
| Fugro USA Marine, Inc. | | PO Box 301114 | | | Dallas | TX | 75303 |
| Gage Lange | | 266 Esquell Ranch Rd | | | Harper | TX | 78631 |
| Garmark SBIC Fund II LP | | One Landmark Square | Suite 600 | | Stanford | CT | 6901 |
| George W. Kuney | | 1403 Laurel Ave. | | | Knoxville | TN | 37916 |
| GOL, LLC | | 4535 Highway 308 | | | Raceland | LA | 70394 |
| Guardian Insurance Company | | Appleton | PO Box 677458 | | Dallas | TX | 75267 |
| Gulf Coast Business Credit | For Acct of EPS Logistics Company | PO Box 731152 | | | Dallas | TX | 75373 |
| H & H Well Service, Inc | | PO Box 9439 | | | New Iberia | LA | 70562 |
| HB Rentals, LC | | 5813 Highway 90 East | | | Broussard | LA | 70518 |
| HB Rentals, LC | | PO Box 208643 | | | Dallas | TX | 75320-8643 |
| Hertz Lake Charles One LLC | | 50 S B B King Blvd | Suite 120 | | Memphis | TN | 38103-2626 |
| Highlander Hot Shot Service | | PO Box 2514 | | | Edinburg | TX | 78540 |
| Holloway Houston Inc. | | 5833 Armour Drive | | | Houston | TX | 77020 |
| Homegrown Energy - McBryde, LP | | PO Box 290207 | | | Kerrville | TX | 78029 |
| IHS Global Inc. | | PO Box 847193 | | | Dallas | TX | 75284 |
| Impact Selector International | | 6740 Horizon Road | | | Heath | TX | 75032 |
| Inst & Elec Technologies | | 600 Saint Etienne Road | | | Broussard | LA | 70518 |
| Internal Revenue Service | | PO Box 7346 | | | Philadelphia | PA | 19101-7346 |
| International Construction Equipment, Inc | | PO Box 402494 | | | Atlanta | GA | 30384 |
| Iron Mountain | | PO Box 915004 | | | Dallas | TX | 75391 |
| ISN Software Corporation | | PO Box 841808 | | | Dallas | TX | 75284 |
| Jason Johnston | | 32 N. Speed Ln | | | Poplarville | MS | 39470 |
| Jim Alexander | | 1164 Lake Land Street | | | Lake Charles | LA | 70605 |
| Jody Lange | | 266 Esquell Ranch Rd | | | Harper | TX | 78631 |



**Exhibit H**

Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| John W. Stone Oil Distributor, LLC | | Dept. 322 | PO Box 4869 | | Houston | TX | 77210 |
| Johnny Boudreaux | | 395 Ozark Rd | | | Church Point | LA | 70525 |
| Joseph Begnaud | | 7723 Sara Dr | | | Maurice | LA | 70555-3375 |
| Josh Towns | | 10989 Calvary Rd | | | Willis | TX | 77318 |
| Judge Richard S. Schmidt (retired) | Black Elk Trustee | The Claro Group | 711 Louisiana St | Suite 2100 | Houston | TX | 77002 |
| Keith Hotard | | 406 Trigger Trl | | | Argyle | TX | 76226-1894 |
| Kentwoo | | PO Box 1669 | | | Kenner | LA | 70063 |
| Kentwood Spring Water | | PO Box  660579 | | | Dallas | TX | 75266 |
| Lay, Pitman & Associates, Inc | | 2300 Marsh Point Rd | Suite 303 | | Neptune Beach | FL | 32266 |
| Lexco Data Systems L.P. | | PO Box 692372 | | | Houston | TX | 77269 |
| Loretta Greenleaf | | 811 Live Oak St | | | Westlake | LA | 70669 |
| Louisiana Department of Natural Resources | | PO Box 44277 | | | Baton Rouge | LA | 70804 |
| Louisiana Dept of Wildlife & Fisheries | Conservation Fund | 2000 Quail Dr | | | Baton Rouge | LA | 70808 |
| Mackey Lange | | 301 Three Mill Rd | | | Mountain Home | TX | 78058 |
| Madere Fleeting Services, LLC | | PO Box 850 | | | Belle Chasse | LA | 70037 |
| MadMax Marine, LLC | Lisa Perrin | 5083 Shell Rd | | | Lafitte | LA | 70067 |
| Magnum Mud Equipment Co Inc | | PO Box 4258 | | | Houma | LA | 70361 |
| Manson Construction Co | | PO Box 2917 | | | Houma | LA | 70361 |
| Mark Deroche | | 5332 Grant Lane | | | Iowa | LA | 70647 |
| Martin Energy Services LLC | | Three Riverway | Suite 400 | | Houston | TX | 77056 |
| McDonough Marine Service | | 3500 North Causeway Blvd | Suite 900 | | Metairie | LA | 70002 |
| Montgomery County | | 400 N San Jacinto St | | | Conroe | TX | 77301 |
| Newlin Rentals-Repair & Supplies Inc. | | 2200 Elm St | | | Morgan City | LA | 70380 |
| Oceaneering International Inc. | | PO Box 731943 | | | Dallas | TX | 75373 |
| Office Depot-Houston | | PO Box 660113 | | | Dallas | TX | 75266 |
| Offshore Domestic Group, LLC | (fka Offshore Specialty Fabricators Inc) | Chamberlain, Hrdlicka et al | 1200 Smith St | Suite 1400 | Houston | TX | 77002 |
| Offshore Domestic Group, LLC | Attention: Brent Kallop | 1800 Bering Drive | Suite 925 | | Houston | TX | 77057 |
| Offshore Domestic Group, LLC | c/o Chamberlain Hrdlicka | Attn: Jarrod B. Martin | 1200 Smith St | Suite 1400 | Houston | TX | 77002 |
| Offshore Marine Contractors, Inc. | | 133 West 113th Street | | | Cut Off | LA | 70345 |
| Offshore Specialty Fabricators Inc. | | 115 Menard Rd | | | Houma | LA | 70363 |
| Offshore Technical Solutions | | 690 South Hollywood Rd | | | Houma | LA | 70360 |
| Offshore Technical Solutions, LLC | c/o Bohman Morse, LLC | Attn: Martin S. Bohman | 400 Poydras St | Suite 2050 | New Orleans | LA | 70130 |
| Oil States Skagit Smatco LLC | | PO Box 54983 | | | New Orleans | LA | 70154 |
| Parkway Communications | | 819 Commons Lake Edge Dr | | | Huffman | TX | 77336 |
| Patriot Group | | 5000 Terminal St | | | Bellaire | TX | 77401 |
| PEC Safety | Attn:  Veriforce | 300 Holiday Square | Suite 200 | | Covington | LA | 70433 |
| Peregrine Oil & Gas LP | | 675 Bering Drive | Suite 620 | | Houston | TX | 77057 |
| Piling, Inc. | | 210 21st Street South | | | Texas City | TX | 77590 |
| Pioneer Coiled Tubing Services, LLC | | PO Box 203674 | | | Dallas | TX | 75320 |
| Power Torque Services LLC | | PO Box 539 | | | Bourg | LA | 70343 |
| Premier Tugs, LLC | | 308 Bella Vista Pkwy | | | Youngsville | LA | 70592-6605 |
| Premium Oilfield Services, LLC | | PO Box 203763 | | | Dallas | TX | 75320 |
| Proserv Operations Inc. | | PO Box 204311 | | | Dallas | TX | 75320 |
| PSC Industrial Holdings, Corp. | PSC Industrial Outsourcing, LP | PO Box 952304 | | | Dallas | TX | 75395 |
| QUIKRETE Holdings, Inc. | The Quikrete Companies, LLC dba Custom Crete | | | | Atlanta | GA | 31193 |
| Quill | Attn: Tom Riggleman | 7 Technology Cir | | | Columbia | SC | 29203 |
| Quill Corporation | | PO Box 37600 | | | Philadelphia | PA | 19101 |



**Exhibit H**

Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| R360 Environmental Solutions LLC | | P.O Box 671766 | | | Dallas | TX | 75267 |
| RigNet Inc | | PO Box 941629 | | | Houston | TX | 77094 |
| Risk Management Services, Inc. | Arthur J. Gallagher | PO Box 532143 | | | Atlanta | GA | 30353 |
| Robert Rieck | | 305 Blueridge Trail | | | Austin | TX | 78746 |
| Rodger Williamson | | 625 Large Road | | | Mansura | LA | 71350 |
| RP Southwood | c/o Madison Marquette | Attn Terri Torregrossa | 1000 Main St | Suite 2400 | Houston | TX | 77002 |
| RP Southwood, LP | Moody Rambin Interests | 1455 West Loop S | Suite 700 | | Houston | TX | 77027 |
| Samuel McInnis | | 64 Lakeridge Ct | | | The Woodlands | TX | 77381 |
| Secretary of State | | Division of Corporations | Franchise Tax | PO Box 898 | Dover | DE | 19903 |
| Shore Offshore Services, LLC | | PO Box 1159 | | | Amelia | TX | 70340 |
| Sidd & Associates, LLC | | 9234 Edgeloch Dr | | | Spring | TX | 77379 |
| Smyser Kaplan & Veselka, LLP | | 700 Louisiana | Suite 2300 | | Houston | TX | 77002 |
| Snow & Green LLP | | 22255 Roberts Cemetery Rd | | | Hockley | TX | 77447-9580 |
| Sparrows Offshore LLC | | 6707 Northwinds Dr | | | Houston | TX | 77041 |
| Specialty Offshore, Inc. | | 24358 Gliderport Rd | | | Loranger | LA | 70446 |
| Specialty Offshore, Inc. | | PO Box 2853 | | | Hammond | LA | 70404 |
| Stansbury & Associates LLC | | PO Box 1673 | | | Morgan City | LA | 70381 |
| Star Measurement | | PO Box 61704 | | | Lafayette | LA | 70596 |
| State of Delaware Division of Corporations | c/o Franchise Tax | PO Box 898 | | | Dover | DE | 19903 |
| StormGeo, Inc. | | Dept 3728 | PO Box 123728 | | Dallas | TX | 75312 |
| Stranco Rental LLC | | PO Box 10158 | | | Houma | LA | 70363 |
| Tammy J. McRae, PCAC | Tax Assessor-Collector | Montgomery County | 400 N San Jacinto St | | Conroe | TX | 77301 |
| Tarpon Systems International II, LLC | | 19221 I-45 South | Suite 325 | | Shenandoah | TX | 77385 |
| Team Industrial Services, Inc. | | PO Box 842233 | | | Dallas | TX | 75284 |
| Technology Professionals LLC | | PO Box 4175 | | | Houma | LA | 70361 |
| Tetra Applied Technologies | | PO Box 841185 | | | Dallas | TX | 75284 |
| Texas Parks and Wildlife Department | Artifical Reef Program | 4200 Smith School Road | | | Austin | TX | 78744 |
| The Hartford-Priority Accounts | Group Benefits Division | PO Box 8500-3690 | | | Philadelphia | PA | 19178 |
| The Spirit Golf Association | | 2441 High Timbers Dr | Suite 130 | | Spring | TX | 77380-1053 |
| The Strong Firm P.C. | | Hughes Landing Two | 1790 Hughes Landing Blvd | Suite 200 | The Woodlands | TX | 77380 |
| Thomas Tools | | PO Box 732868 | | | Dallas | TX | 75373 |
| Tiger Offshore Rentals, LLC | | PO Box 733252 | | | Dallas | TX | 75373 |
| Tigress Environmental & Dockside Svs | | 320 Jacqulyn Street | | | Abbeville | LA | 70510 |
| Todd A. Hubble | | 2706 Bethel Mills Ct | | | Katy | TX | 77494 |
| Tom R Bode | | PO Box 205 | | | Harper | TX | 78631 |
| Tom's Marine & Salvage, LLC | | 3008 Jean Lafitte Blvd | | | Lafitte | LA | 70067 |
| Tommy Johnson | | PO Box 841183 | | | Houston | TX | 77284 |
| Tom's Marine & Salvage | Attn: Tom Dinh | 3008 Jean Lafitte Road | | | Lafitte | LA | 70067 |
| Tony Mancuso | Sheriff & Tax Collector | PO Box 1450 | | | Lake Charles | LA | 70602-1450 |
| Trent Mitchell | | 902 Martin Luther King Blvd | | | Picayune | MS | 39466 |
| Trussco | | PO Box 679471 | | | Dallas | TX | 75267 |
| Turnkey Offshore Project Services LLC | c/o Nalley, Dew & Miner, APLC | Attn: George Nalley | 2450 Severn Ave | Suite 100 | Metairie | LA | 70001 |
| Turnkey Offshore Project Services, LLC | | 8506 Shrimpers Row | | | Dulac | LA | 70353 |
| Turnkey Offshore Project Services, LLC | | PO Box 5041 | | | Houma | LA | 70361 |
| Turnkey Offshore Project Services, LLC | c/o Nalley, Dew, and Miner, APLC | Attn: George J. Nalley, Jr | 2450 Severn Ave | | Metairie | LA | 70001 |
| United Vision Logistics | | PO Box 975357 | | | Dallas | TX | 75397 |
| US Aqua Services, LLC | | PO Box 10087 | | | New Iberia | LA | 70562 |
| Veriforce | | 300 Holiday Square Blvd | Suite 100 | | Covington | LA | 70433 |



**Exhibit H**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|------|-----------|-----------|-----------|-----------|------|-------|-----|
| Versabar Inc. | | 1111 Engineers Road | | | Belle Chasse | LA | 70037 |
| W&T Offshore, Inc. | Attn: Shahid Ghuari, VP, General Counsel & Corporate Secretary | 5718 Westheimer Road | Suite 700 | | Houston | TX | 77057 |
| War Horse Fishing & Rental Tools Inc. | | PO Box 1171 | | | Alice | TX | 78333-1171 |
| Weather Decision Technologies, Inc. | | Box 325 | | | Norman | OK | 73070 |
| Wells Fargo Bank, National Association, as Administrative Agent | | 1700 Lincoln St | 3rd Floor | MAC C7300-033 | Denver | CO | 80203 |
| West Side Calhoun County Navigation District | | PO Box 189 | | | Seadrift | TX | 77983 |
| West Wind Helicopters Inc. | | PO Box 929 | | | Santa Fe | LA | 77517 |
| Wet Tech Energy, Inc. | | PO Box 310 | | | Milton | LA | 70558 |
| WP Realty LP | dba Whispering Pines Golf Club | 1532 Whispering Pines Dr | | | Trinity | TX | 75862 |