IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JAB Energy Solutions II, LLC | ) ) | Case No. 21-11226 (CTG) |
| Debtor.¹ | ) ) ) | Re: D.I. 312, 357 |

**THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' JOINDER STATEMENT IN SUPPORT
OF FINAL APPROVAL OF DISCLOSURE STATEMENT AND
CONFIRMATION OF PLAN OF LIQUIDATION OF JAB ENERGY
SOLUTIONS II, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned case files this statement joining the Debtor's *Memorandum of Law in Support of Final Approval of Disclosure Statement and Confirmation of Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [D.I. 357] ("Memorandum").

1.  In the Debtor's Memorandum, the Debtor urges the Court to confirm the *Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] ("Plan"). As the Debtor acknowledges [D.I. 357 at 8], the Committee supports the Court confirming the Plan because (i) it would put into effect the terms of the Plan Term Sheet² negotiated and entered between the Committee; the Debtor; the Debtor's junior secured lender; two of the Debtor's unsecured creditors, including its largest; and the Debtor's equity and affiliates; and (ii) the Plan is in the best interests of general unsecured creditors as "[i]n a Chapter 7 proceeding . . . general unsecured creditors would likely receive no distribution on account of their claims." [D.I. 357 at 8].

---

¹ The last four digits of the Debtor's U.S. tax identification number are 3625. The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

² Words capitalized and not defined herein are ascribed the meaning assigned in the Plan.

Page **1** of **4**

2.      The Plan Term Sheet consists of an agreement between key stakeholders as to the structure of what ultimately became the Plan. The Committee voiced its support for the Plan Term Sheet [D.I. 295][3] in August, averring that a "Chapter 11 plan in accordance with its provisions is in the best interests of general unsecured creditors as well as the other stakeholders." [D.I. 295 at 3]. As the Committee then explained, the Plan Term Sheet, among other things, served to resolve a motion to convert the case to one under Chapter 7, ended a dispute with general unsecured creditors as to estate ownership of a Debtor receivable worth approximately $5.6 million, and provided for the creation of a post-effective date liquidating trust—formed for the benefit of unsecured creditors—pursuant to the terms of a Chapter 11 plan to be filed by the Debtor. The Court approved the Plan Term Sheet [D.I. 300] upon motion by the Debtor.

3.      Since the execution and filing of the Plan Term Sheet, the Committee has worked with the Debtor (along with other stakeholders) to negotiate and draft the language of the Plan and its related documents, including the Plan Supplement [D.I. 347], which principally consists of a Liquidating Trust Agreement ("Agreement") drafted by the Committee in consultation with signatory parties. Under the Terms of the Plan and the Agreement, a Liquidating Trust ("Trust") shall be formed on the Effective Date and vested with certain causes of action belonging to the Debtor and the Estate. The Trust shall also be vested with $100,000 (the "Initial Fund") to pay for Trust expenditures necessary for administering the Trust, liquidating assigned causes of action, and distributing the resulting proceeds to unsecured creditors.

4.      While there can be no guarantee that the liquidation of the assigned causes of action will produce a meaningful return for unsecured creditors, the Committee believes that the Initial Fund will enable the Liquidating Trustee to fully investigate the assigned assets, determine their

---

[3] The Committee summarizes the parties efforts to negotiate the principal terms of the Plan in its statement in support of the motion to approve the Plant Term Sheet.

worth, liquidate them, and distribute proceeds to Trust beneficiaries. Importantly, the nature of the Debtor's security agreements with lenders means that causes of action to be assigned to the Trust are likely subject to undersecured liens, meaning these assets would likely be unavailable to satisfy unsecured creditors' claims in Chapter 7 liquidation. Accordingly, the Plan provides unsecured creditors with opportunity to receive recovery from the liquidation of Estate assets of undetermined value, but which would otherwise likely be unavailable in Chapter 7 liquidation.

5. As is disclosed in the Plan Supplement, the Trust is to be administered by H. Kenneth Lefoldt, Jr., CPA/CFF, and overseen by a committee of five unsecured creditors. The Trustee, in addition to his duties to liquidate assets and distribute proceeds, shall also be solely responsible for objecting to unsecured claims and maintaining the claims register for unsecured claims. Thus, the Plan vests unsecured creditors with indirect control over the post-effect date administration of their claims and the Trust—which will be the engine for recovery on their claims.

6. Under these circumstances, the Committee fully supports the Plan and asks that it be confirmed.

[*Signature Page to Follow*]

| | |
|---|---|
| Dated: November 8, 2022 | *Respectfully submitted,* |
| **JOYCE, LLC** | **LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD** |
| */s/ Michael J. Joyce*<br>Michael J. Joyce (No. 4563)<br>1225 King Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 388-1944<br>Email: mjoyce@mjlawoffices.com | Benjamin W. Kadden, Esq.*<br>Stewart F. Peck, Esq.*<br>Alicia M. Bendana, Esq.*<br>Coleman L. Torrans, Esq.*<br>601 Poydras St., Ste. 2775<br>New Orleans, Louisiana 70130<br>Telephone:  (504) 568-1990<br>Facsimile:   (504) 310-9195<br>Email:   bkadden@lawla.com<br>            speck@lawla.com<br>            abendana@lawla.com<br>            ctorrans@lawla.com |
| *Co-Counsel for the Official Committee of Unsecured Creditors* | * Admitted *Pro Hac Vice*<br><br>*Co-Counsel for the Official Committee of Unsecured Creditors* |