## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JAB Energy Solutions II, LLC,[1] | ) | Case No. 21-11226 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | **Re: D.I. 312, 347** |

## ORDER GRANTING FINAL APPROVAL OF
## DISCLOSURE STATEMENT AND CONFIRMING PLAN OF LIQUIDATION OF JAB ENERGY SOLUTIONS II, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") having:

a)    commenced, on September 7, 2021 (the "<u>Petition Date</u>"), the chapter 11 case of JAB Energy Solutions II, LLC, by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

b)    operated its business and managed its properties during this chapter 11 case as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

c)    filed, on August 25, 2022, the *Combined Disclosure Statement and Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [D.I. 312] (as amended by paragraph 8 hereof and by **Exhibit A** attached hereto, with a redline reflecting such amendments on **Exhibit B** attached hereto, the "<u>Plan</u>");[2]

d)    filed, on August 25, 2022, the *Debtor's Motion for Entry of an Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* [D.I. 313];

e)    filed, on September 20, 2022, the *Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Combined Plan; (III) Deadline for Filing Objection to Confirmation of the Combined Plan; (IV) Deadline for Voting*

---

[1]  The last four digits of the Debtor's U.S. tax identification number are 3625.  The Debtor's mailing address is 19221 I-45 South, Suite 324, Shenandoah, TX 77385.

[2]  Capitalized terms used but not defined herein have the meanings given to them in the Plan.

*on the Combined Plan; and (V) Bar Date for Filing Administrative Claims Established By the Combined Plan* [D.I. 331] (the "Combined Hearing Notice"), which contained notice of the date and time set for the hearing to consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") and the deadline for filing objections to Confirmation or final approval of Disclosure Statement;

f) filed, on September 24, 2022, the *Affidavits of Service* of the solicitation package and Combined Hearing Notice [D.I. 332, 336, and 342] (the "Affidavits");

g) filed, on October 28, 2022, the *Notice of Filing of Plan Supplement with Respect to the Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 347] (the "Plan Supplement");

h) filed, on October 28, 2022, the *Certification of Stretto Regarding Tabulation of Votes in Connection With the Combined Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* [D.I. 348] (the "Voting Declaration"); and

i) filed, on November 1, 2022, the *Memorandum of Law in Support of Confirmation of Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Brief"), and the *Declaration of Albert Altro in Support of the Plan of Liquidation of JAB Energy Solutions II, LLC Under Chapter 11 of the Bankruptcy Code* (the "Altro Declaration") and collectively with the Voting Declaration, the "Declarations").

The Court having:

a) entered, on September 13, 2022, the *Order (I) Granting Interim Approval of Disclosures; (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan, and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballot; and (V) Granting Related Relief* [D.I. 326] (the "Solicitation Procedures Order");

b) reviewed the Plan, the Disclosure Statement, the Plan Supplement, the Confirmation Brief, the Voting Declaration, and the Altro Declaration, the Combined Hearing Notice, the Affidavits, and all filed pleadings filed with respect to final approval of the Disclosure Statement and Confirmation of the Plan, including all objections, statements, and reservations of rights with respect thereto, if any, filed on the docket in this Chapter 11 Case or voiced at the Combined Hearing;

c) held the Combined Hearing on November 8, 2022 at 1:00 p.m., prevailing Eastern Time;

d) considered the statements and arguments made by counsel in respect of Confirmation of the Plan and the objections thereto; and

e)     considered all oral representations, affidavits, testimony, documents, filing, and other evidence regarding Confirmation of the Plan and the objections thereto.

NOW, THEREFORE, it appearing to the Court that notice of the Combined Hearing and the opportunity for any party in interest to object to the final approval of the Disclosure Statement and Confirmation of the Plan have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation of the Plan and other evidence presented at the Combined Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, it hereby is DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

## Introduction

A.     <u>Findings and Conclusions</u>.  The determinations, findings, judgments, decrees, and orders set forth and incorporated in this order (this "<u>Order</u>" or "<u>Confirmation Order</u>") constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

B.     <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>.  The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution.  The

Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon.  The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of the Chapter 11 Case.

D.    <u>Eligibility for Relief</u>.  The Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

E.    <u>Solicitation and Notice</u>.  As evidenced by the Affidavits, the Plan, Disclosure Statement, Solicitation Procedures Order, notice of the Combined Hearing, and an appropriate ballot (collectively, the "<u>Ballots</u>") for voting on the Plan with a return envelope or the applicable Notices of Non-Voting Status (in substantially the forms approved pursuant to the Solicitation Procedures Order) (collectively, the "<u>Solicitation Materials</u>") were transmitted and served in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.  The solicitation of votes on the Plan complied with the solicitation procedures in the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, and was in compliance with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  As evidenced by the Affidavits, all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to final approval of the Disclosure Statement and Confirmation) have

been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

F. _Disclosure Statement_. The Disclosure Statement provides Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code. The Disclosure Statement also provides Holders of Claims and other entities with sufficient notice of the injunction, exculpation, and release provisions contained in Section 16 of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

G. _Voting_. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations. As evidenced by the Voting Declaration, Class 3 and Class 5 each voted to accept the Plan.

H. _Burden of Proof_. The Debtor has met its burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence.

I. _Notice of Plan Supplement Documents_. The documents identified in the Plan Supplement were filed as required and notice of such documents was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Plan, the Solicitation Procedures Order, the Bankruptcy Code, and the Bankruptcy Rules. All information and documents included in the Plan Supplement and the amendments thereto are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement complies with the terms of the Plan, and the filing and notice of such documents provided due, adequate, and sufficient notice in accordance with the Bankruptcy

Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required.

J.      Modifications to the Plan.  Subsequent to September 20, 2022, the deadline to distribute the Solicitation Packages in compliance with the Solicitation Procedures Order, the Debtor made certain modifications to the Plan.  The amended sections of the Plan are set forth in paragraph 8 hereof and in **Exhibit A** attached hereto, along with a redline reflecting such amendments on **Exhibit B** attached hereto.  All modifications to the Plan since the entry of the Solicitation Procedures Order are consistent with the provisions of the Bankruptcy Code, including sections 1122, 1123, 1125, and 1127 of the Bankruptcy Code, including any modifications disclosed on the record at the Combined Hearing.  Except as provided for by law, contract, or previous order of the Bankruptcy Court, none of the modifications to the Plan made since the commencement of solicitation materially and adversely affects the treatment of any holder of a Claim or Interest under the Plan.  Accordingly, pursuant to section 1127(a) of the Bankruptcy Code, none of the modifications require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code.  The filing of the Plan and the disclosure of the Plan modifications on the record at or before the Combined Hearing constitute due, adequate, and sufficient notice of any and all of such modifications.  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of a Claim who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified.  No holder of a Claim shall be permitted to change its vote as a consequence of the Plan modifications, unless otherwise agreed to by the holder of the Claim and Debtor.  All modifications to the Plan made after the solicitation of the Plan are hereby approved, in accordance with section 1127 of the

Bankruptcy Code and Bankruptcy Rule 3019. The Plan as modified by this Order shall constitute the Plan submitted for Confirmation.

K. <u>Bankruptcy Rule 3016</u>. The Plan is dated and identifies its proponent (*i.e.*, the Debtor) in accordance with Bankruptcy Rule 3016(a). The filing of the Disclosure Statement on the docket of the Chapter 11 Case satisfied Bankruptcy Rule 3016(b).

<b><u>Compliance with Section 1129 of the Bankruptcy Code</u></b>

L. <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The evidentiary record at the Combined Hearing, the Declarations, the contents of the Plan and the Disclosure Statement, the Affidavits, the Confirmation Brief, and the Court's judicial notice of the complete record of this Chapter 11 Case support the findings of fact and conclusions of law set forth herein.

M. <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. Section 9 of the Plan designates Classes of Claims, other than Administrative Claims and Priority Tax Claims, which, pursuant to section 1123(a)(1) of the Bankruptcy Code, need not be designated. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims contains only Claims that are substantially similar to the other Claims within that Class. Valid reasons exist for separately classifying the various Classes of Claims created under the Plan. The Plan, therefore, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

N. <u>Specified Unimpaired and Impaired Classes (11 U.S.C. §§ 1123(a)(2) and 1123(a)(3))</u>. Section 9 of the Plan specifies that Claims in Classes 1, 2 and 4 are Unimpaired. Section 9 of the Plan also specifies the treatment of each Impaired Classes under the Plan, which are Classes 3, 5 and 6. The Plan, therefore, satisfies sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.

O.  No Discrimination (11 U.S.C. § 1123(a)(4)).  Section 9 of the Plan provides the same treatment for each Claim or Interest within a particular Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest.  The Plan, therefore, satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

P.  Implementation of the Plan (11 U.S.C. § 1123(a)(5)).  The Plan and the Liquidating Trust Agreement set forth in the Plan Supplement provide adequate and proper means for the Plan's implementation, including, without limitation: (a) the good faith compromise and settlement of all Claims and Interests and controversies resolved pursuant to the Plan; (b) establishment of the Reorganized Debtor Representative and vesting of the Distributable Assets in the Reorganized Debtor; and (c) establishment and funding of the Liquidating Trust and vesting of the Liquidating Trust Assets in the Liquidating Trust.  Section 13 (Treatment of Executory Contracts and Unexpired Leases), Section 14 (Means for Implementation of the Plan), Section 15 (Effects of Confirmation), and Section 17 (Conditions Precedent to Confirmation of the Plan and to the Effective Date), among other provisions of the Plan, set forth the means for its implementation.  The Plan, therefore, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

Q.  Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).  Section 19.16 of the Plan provides that if and to the extent applicable, the Debtor shall comply with section 1123(a)(6) of the Bankruptcy Code.

R.  Directors and Officers (11 U.S.C. § 1123(a)(7)).  The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.  Section 14.3 of the Plan describes the powers of the Reorganized Debtor Representative.  Ken Green will be appointed the

Reorganized Debtor Representative. The Plan Supplement disclosed his identity. Section 14.6 of the Plan describes the powers of the Liquidating Trustee. H. Kenneth Lefoldt, Jr. will be appointed as the Liquidating Trustee for the Liquidating Trust and the Plan Supplement and Liquidating Trust Agreement attached to the Plan Supplement discloses his identity and compensation. Mr. Green's appointment as the Reorganized Debtor Representative and Mr. Lefoldt's engagement as Liquidating Trustee are consistent with the interests of Holders of Claims and with public policy. The Debtor submits that the foregoing provisions therefore satisfy section 1123(a)(7) of the Bankruptcy Code.

S.  Assumption and Rejection (11 U.S.C. § 1123(b)(2)). Consistent with section 1123(b)(2) of the Bankruptcy Code, Section 13 of the Plan provides for the assumption or rejection of all of the executory contracts or unexpired leases of the Debtor that have not already been assumed or rejected in this Chapter 11 Case.

T.  The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtor has complied with the applicable provisions of the Bankruptcy Code. Specifically: (a) the Debtor is a proper debtor under section 109 of the Bankruptcy Code; (b) the Debtor has complied with all applicable provisions of the Bankruptcy Code, including section 1125, except as otherwise provided or permitted by order of the Bankruptcy Court; and (c) the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Solicitation Materials and in tabulating the votes with respect to the Plan. In compliance with the Solicitation Procedures Order, on or before September 20, 2022, the Debtor caused copies of the following materials to be transmitted to the known Holders of Claims in Classes that were entitled to vote to accept or reject the Plan (*i.e.*, Claims in Classes 3 and 5) (collectively, the "Voting Parties"): (1) the Disclosure

Statement; (2) the Plan; (3) the Combined Hearing Notice; and (4) an appropriate form of ballot and a pre-addressed postage prepaid return envelope. In further compliance with the Solicitation Procedures Order and as evidenced by the Affidavits, the Debtor caused copies of the Combined Hearing Notice to be served on all other parties listed on the Debtor's creditor matrix. In addition, copies of the Solicitation Procedures Order, the Plan, the Disclosure Statement, and the Combined Hearing Notice have been available free of charge, at https://cases.stretto.com/wardmanhotel, and the foregoing was set forth in the Combined Hearing Notice. The Combined Hearing Notice provided due and proper notice of the Hearing and all relevant dates, deadlines, procedures, and other information relating to the Plan and/or the solicitation of votes thereon, including, without limitation, the Voting Deadline and the Objection Deadline (as such terms are defined in the Combined Hearing Notice), the time, date, and place of the Combined Hearing and the provisions in the Plan concerning certain of the third party releases provided for in the Plan. Based on the foregoing, all persons entitled to receive notice of the Disclosure Statement, the Plan, the Combined Hearing Notice, and Notices of Non-Voting Status have received proper, timely, and adequate notice in accordance with the Solicitation Procedures Order, the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto. As such, the Debtor is in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3017(d)–(f). No other or further notice is required.

U.  Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Plan has been proposed by the Debtor in good faith and in the belief that the proposed liquidation and establishment of the Liquidating Trust will maximize value for the Debtor's creditors. The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code by enabling the

Liquidating Trustee to make distributions to creditors on a fair and equitable basis, in accordance with the priorities established by the Bankruptcy Code.  The Plan has been proposed with the legitimate purpose of maximizing the value of the Estate to achieve the best interests of the Debtor's creditors.  In so finding, the Court has considered the totality of the circumstances in this Chapter 11 Case, including the Plan Term Sheet approved by the Court, in contemplation of the Plan and the compromise and settlement with the Committee and major Creditors reflected in the Plan Term Sheet.  The support for the Plan by Holders of Claims in Classes 3 and 5 who voted to accept the Plan further demonstrates that the Plan was proposed in good faith.  Finally, as described in greater detail below, the Plan's indemnification, exculpation, release, and injunction provisions are warranted, necessary, and appropriate, and are supported by sufficient consent and consideration under the circumstances of the Chapter 11 Case as a whole and are consistent with sections 105, 1123(b)(6), and 1129 of the Bankruptcy Code and applicable law in this Circuit.

V.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  No payment for services or costs and expenses in connection with this Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been or will be made by the Debtor other than payments that have been authorized by an order of the Court, including without limitation by the Confirmation of the Plan by this Order.  The Court has previously authorized the interim payment of the fees and expenses incurred by Professionals in connection with the Chapter 11 Case.  *See Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 72].  Pursuant Section 8.3 of the Plan, such Professionals' applications for allowance of final compensation and reimbursement of expenses

must be filed and served **no later than forty-five (45) days after the Effective Date.** Such

applications will be subject to review and approval by the Court.

W. <u>Proper Disclosure of Officers (11 U.S.C. § 1129(a)(5))</u>. The Debtor has complied

with section 1129(a)(5) by providing such disclosures in the Plan Supplement. The Plan, in

conjunction with the Plan Supplement, satisfies the requirements of section 1129(a)(5) of the

Bankruptcy Code.

X. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Plan does not contain any rate

changes subject to the jurisdiction of any governmental regulatory commission and will not

require governmental regulatory approval. Therefore, section 1129(a)(6) of the

Bankruptcy Code does not apply to the Plan.

Y. <u>"Best Interest Test" 11 U.S.C. § 1129(a)(7).</u> Each holder of an Impaired Claim or

Impaired Interest has either accepted the Plan or will receive or retain on account of such Claim

or Interest, property of a value on the Effective Date of the Plan that is not less than the amount

that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the

Bankruptcy Code. As set forth in Section 6.8 and Exhibit B of the Combined Plan and

Disclosure Statement, the Liquidation Analysis and the other evidence related thereto, as

supplemented by any evidence proffered or adduced at or prior to the Combined Hearing, are

persuasive and credible. The Plan, therefore, satisfies the requirements of section 1129(a)(7) of

the Bankruptcy Code.

Z. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Section 1129(a)(8) of

the Bankruptcy Code requires that each class of claims or interests must either accept a plan or

be unimpaired under a plan. Classes 1, 2 and 4 are Unimpaired Classes of Claims, each of which

is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the

Bankruptcy Code.  Classes 3 and 5 are the Impaired Classes entitled to vote on the Plan.  Class 3

and 5 have each voted to accept the Plan.  Class 6 is conclusively presumed to reject the Plan

because no distribution is anticipated to the Holders of such equity security interests, in

accordance with section 1126(g) of the Bankruptcy Code.  The Plan, therefore, does not satisfy

the requirements of section 1129(a)(8) of the Bankruptcy Code because at least one Impaired

Class has voted against the Plan.  Notwithstanding the foregoing, the Plan is confirmable because

it satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.

AA.     <u>Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the

Bankruptcy Code (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Administrative Expenses and

Priority Tax Claims as set forth in Section 8 of the Plan is in accordance with the requirements of

section 1129(a)(9) of the Bankruptcy Code.  The Plan, therefore, satisfies the requirements of

section 1129(a)(9) of the Bankruptcy Code.

BB.     <u>Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>.

As set forth in the Voting Declaration, Classes 3 and 5 are impaired classes of Claims under the

Plan, and voted to accept the Plan.  The Plan, therefore, satisfies the requirements of

section 1129(a)(10) of the Bankruptcy Code.

CC.     <u>Confirmation is not likely to be followed by need for further reorganization (11

U.S.C. § 1129(a)(11))</u>.  The Plan provides for, among other things, the liquidation of the

Debtor's remaining assets and, accordingly, no further reorganization of the Debtor is

contemplated.  Based on the evidence proffered or adduced at or prior to the Combined Hearing

and in the Confirmation Brief and the Disclosure Statement, the Debtor will have sufficient

funds available as of the Effective Date to pay all claims and expenses that are required to be

paid on the Effective Date under the Plan (including Administrative Claims, Priority Tax Claims

and Priority Non-Tax Claims), and to fund the Liquidating Trust to fulfill its obligations pursuant to the Liquidating Trust Agreement. Accordingly, the Plan is the feasible. The Plan, therefore, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

DD. <u>Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12))</u>. Section 19.1 of the Plan provides for the payment of all fees payable by the Debtor under 28 U.S.C. § 1930(a). The Plan, therefore, satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

EE. <u>Non-applicability of Certain Sections (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16))</u>. The Debtor does not owe any retiree benefits, domestic support obligations, are not individuals, and are not nonprofit corporations. Therefore, sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Chapter 11 Case.

FF. <u>"Cram Down" Requirements — Section 1129(b)</u>. The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that Class 6 (Equity Interests) is deemed to reject the Plan (the "<u>Rejecting Class</u>"), the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code given that Classes 3 and 5 have each voted to accept the Plan. *First*, all of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) have been met. *Second*, the Plan is fair and equitable with respect to the Rejecting Class. The Plan has been proposed in good faith, is reasonable and meets the requirements that no Holder of any Equity Interest that is junior to each such Class will receive or retain any property under the Plan on account of such junior interest. Accordingly, the Plan is fair and equitable towards all Holders of Equity Interests in the Rejecting Class. *Third*, the Plan is consistent with the absolute priority rule and does not discriminate unfairly with respect to the Rejecting Class and there is no other class of equity security interests treated under the Plan. The Plan may therefore be confirmed despite the fact

that not all Impaired Classes have voted to accept the Plan because the Plan does not

discriminate unfairly, and is fair and equitable with respect to the Rejecting Class.

GG.     Only One Plan (11 U.S.C. § 1129(c)).  The Plan (including previous versions

thereof), supersedes any other plan filed in this case.  The Debtor seeks Confirmation of the Plan.

No party other than the Debtor has proposed a plan.  The Plan, therefore, satisfies the

requirements of section 1129(c) of the Bankruptcy Code.

HH.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the

Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the

Securities Act, 15 U.S.C. § 77e.  The Plan, therefore, satisfies the requirements of

section 1129(d) of the Bankruptcy Code.

II.     Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record in the

Chapter 11 Case, the Debtor, and each of its officers, directors, shareholders, managers,

employees, members, agents, advisors, accountants, attorneys, and representatives (as

applicable), has acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy

Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy

Rules in connection with all their respective activities relating to the Plan, including, but not

limited to, any action or inaction in connection with their participation in the activities described

in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section

1125(e) of the Bankruptcy Code and the exculpation provisions set forth in of the Plan.

JJ.     Implementation.  The various means for implementation of the Plan, as set forth

in Section 14 and other provisions of the Plan (collectively, the "Implementation Activities"),

have been designed and proposed in good faith.  The Implementation Activities are adequate and

will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and

equitable manner in accordance with the priorities established by the Bankruptcy Code. The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtor is indebted on the Effective Date.

KK. <u>Exculpation</u>. The exculpation described in Section 16.1 of the Plan, as amended by **<u>Exhibit A</u>** attached hereto, is appropriate under applicable law because it was proposed in good faith and is appropriately limited in scope. The Plan's exculpation, including its carve-out for gross negligence, fraud or willful misconduct, is consistent with established practice in this jurisdiction and others.

LL. <u>Injunction</u>. The injunction provision provided in Section 16.3 of the Plan, as amended by **<u>Exhibit A</u>** attached hereto, is necessary to implement, preserve, and enforce the Plan.

MM. <u>Plan Releases</u>. Entry of this Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, the Debtor/Other Party Release, and the TOPS/OTS releases set forth in section 16.2(b) of the Plan (as amended by **<u>Exhibit A</u>** attached hereto, the "<u>TOPS/OTS Releases</u>"), which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release, the Debtor/Other Party Release, and the TOPS/OTS Releases are: (a) in exchange for the good and valuable consideration provided by the Released Parties, the Debtor/Other Party Releasees, and the TOPS/OTS Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors or TOPS/OTS asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release, the Debtor/Other Party Release, and the TOPS/OTS Releases.

NN.     Preservation of Rights of Action. Section 14.10 of the Plan appropriately provides that the Reorganized Debtor or Liquidating Trustee, as applicable, will retain, and may enforce, all rights to commence and pursue, as appropriate, any and all Causes of Action except for Causes of Action that have been expressly waived, settled, or otherwise released as provided under the Plan, whether arising before or after the Petition Date, including any actions specifically enumerated in the Plan Supplement, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code.  The provisions regarding the preservation of Causes of Action in the Plan are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtor, the Estate, and Holders of Claims and Equity Interests.

OO.     Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.     Confirmation.  The Plan, as amended by paragraph 8 hereof and **Exhibit A** attached hereto, is **APPROVED** in its entirety and confirmed under section 1129 of the Bankruptcy Code.  The Plan is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan, the Plan Supplement and each of the documents comprising the Plan Supplement, any amendments, modifications, or supplements thereto, and all documents and agreements thereto are incorporated by reference into and are an integral part of the Plan, and such terms and their implementation are hereby approved and authorized.  The Reorganized Debtor and/or the Liquidating Trust (as applicable) are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, and other agreements or documents created in connection with the Plan.

2.     <u>Final Approval of Disclosure Statement</u>.  The Disclosure Statement is hereby **APPROVED**, on a final basis, pursuant to section 1125 of the Bankruptcy Code.

3.     <u>Objections</u>.  The Debtor received informal comments from the Office of the United States Trustee.  To the extent that these informal comments have not been withdrawn or resolved prior to the entry of this Order, all informal comments or objections are overruled in all respects for the reasons set forth in the record of the Combined Hearing, which record is incorporated herein, and all withdrawn informal comments, if any, are deemed withdrawn with prejudice.  No formal objections to the Plan have been filed.

4.     <u>Omission of Reference to Particular Plan Provisions</u>.  The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5.     <u>Implementation</u>.  The Debtor, the Reorganized Debtor, the Reorganized Debtor Representative, the Liquidating Trust, and the Liquidating Trustee are authorized to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, leases, agreements, or other documents created or executed in connection with the Plan.  Without further order or authorization of this Court, the Debtor, the Reorganized Debtor, the Reorganized Debtor Representative, the Liquidating Trust, and the Liquidating Trustee, and their successors are authorized and empowered to make all modifications to all Plan documents that are consistent with the Plan.  Execution versions of the Plan and all related documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

6. <u>Classifications</u>. The classification of Claims for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan and the Solicitation Procedures Order.

7. <u>Effective Date</u>. The Effective Date of the Plan shall occur on the date determined by the Debtor when the conditions set forth in Section 17 of the Plan have been satisfied or, if applicable, waived in accordance with the Plan.

8. <u>Modifications or Alterations to Plan</u>. Consistent with the Liquidating Trust Agreement, sections 11.5, 11.7, and 12.10 of the Plan relating to distribution procedures are amended to change all references therein from one hundred eighty (180) days to ninety (90) days. The foregoing modifications to the Plan, along with those set forth on **<u>Exhibit A</u>** attached hereto, constitute clarifications or technical changes, and do not materially adversely affect or change the treatment of any Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications or alterations, if any, do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

9. <u>Resolution of Claims</u>. As discussed in detail in the Disclosure Statement and Plan, and as otherwise provided herein, in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise of all Claims and controversies resolved pursuant to the Plan. Subject to Section 12 of the Plan, all distributions made to Holders of Allowed Claims in any Class are intended to be and shall be final.

10.     <u>Post-Confirmation Governance</u>.  On and after the Effective Date, the Reorganized Debtor Representative shall serve in such capacity in accordance with the Plan.  The Liquidating Trustee shall serve in such capacity through the earlier of the date the Liquidating Trust is dissolved in accordance with the Plan or the Liquidating Trust Agreement and the date the Liquidating Trustee resigns, is terminated or otherwise unable to serve; *provided, however*, that, any successor Liquidating Trustee shall serve in such capacity after the effective date of such person's appointment as the Liquidating Trustee.

11.     <u>Causes of Action</u>.  Unless any Causes of Action are expressly waived, relinquished, released, compromised, or settled in the Plan  or any final order entered by this Court (including, without limitation, this Order a "<u>Final Order</u>"), the Reorganized Debtor and the Liquidating Trust expressly reserve all such Causes of Action for later adjudication.  The reservation shall include, without limitation, a reservation by the Reorganized Debtor and the Liquidating Trust of any Causes of Action not specifically identified in the Plan or Disclosure Statement, or of which the Debtor may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise), or laches will apply to such Causes of Action upon or after the Confirmation of the Plan based on the Disclosure Statement, the Plan or this Order, except where such claims and/or defenses have been expressly waived, relinquished, released, compromised, or settled in the Plan or by Final Order.  Following the Effective Date, the Reorganized Debtor or Liquidating Trust may assert, compromise or dispose of the Causes of Action without further notice to Creditors or

Interest Holders or authorization of the Bankruptcy Court, except as otherwise expressly provided herein or in the Liquidating Trust Agreement in relation to the Liquidating Trust.

12.     Reorganized Debtor.  On the Effective Date, the Reorganized Debtor Representative shall be deemed the sole manager, director, officer and representative of the Debtor to exercise the rights, powers, and authority of the Debtor under applicable provisions of this Plan and bankruptcy and non-bankruptcy law.  On or after the Effective Date, the Reorganized Debtor Representative will have the right to, among other things, (1) effect all actions and execute all agreements, instruments and other documents necessary to implement the applicable provisions of the Plan; (2) liquidate the Distributable Assets; (3) investigate, prosecute, settle, abandon or compromise any Causes of Action that the Debtor holds or may hold against any Entity that do not constitute Liquidating Trust Assets; (4) make all Distributions to Creditors, other than Beneficiaries of the Liquidating Trust, in accordance with the Plan; (5) administer the Reorganized Debtor and pursue viable Causes of Action that do not constitute Liquidating Trust Assets in accordance with the Plan; (6) establish and administer any necessary reserves for Disputed Claims (other than Unsecured Claims) that may be required; (7) object to the Disputed Claims (other than Unsecured Claims) and prosecute, settle, compromise, withdraw or resolve in any manner approved by the Bankruptcy Court such objections; (8) assert or waive any attorney-client privilege on behalf of the Debtor and Estate with regard to the Distributable Assets; and (9) employ and compensate professionals and other agents, including, without limitation, existing Professionals employed by the Debtor or the Committee.

13.     Liquidating Trust and Liquidating Trustee.  On the Effective Date, the Liquidating Trust shall be established and shall be authorized to implement and adopt any other agreements, documents, and instruments and to take any other actions contemplated under the

Plan or Liquidating Trust Agreement as necessary or desirable to consummate the Plan or to carry out the Liquidating Trust functions. On and after the Effective Date, the Liquidating Trustee shall carry out the Liquidating Trust functions on behalf of the Liquidating Trust as required by the Liquidating Trust Agreement.

14. <u>Liquidating Trust</u>. On the Effective Date, the Liquidating Trust shall become effective, in order to carry out the functions set forth in the Liquidating Trust Agreement. The Liquidating Trust shall be administered and controlled by the Liquidating Trustee as set forth in the Liquidating Trust Agreement.

15. <u>Sources of Consideration for Plan Distributions</u>. The distributions to be made under the Plan and the Liquidating Trust Expenses Initial Fund shall be funded by the Available Cash or other assets as may be held or asserted to be held by the Reorganized Debtor or the Liquidating Trust, as the case may be, pursuant to the terms of the Plan.

16. <u>Effectuating Documents; Further Transactions</u>. On and after the Effective Date, the Reorganized Debtor Representative and Liquidating Trustee is authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan in the name of and on behalf of the Reorganized Debtor and Liquidating Trust, without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan and the Liquidating Trust Agreement.

17. <u>Rejection of Executory Contracts and Unexpired Leases</u>. On the Effective Date, except for any executory contracts or unexpired leases of the Debtor: (i) that previously were assumed or rejected by an order of the Bankruptcy Court, pursuant to Section 365 of the

Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed and served prior to Confirmation; or (iii) that constitute contracts of insurance in favor of, or that benefit, the Debtor or the Estate, each executory contract and unexpired lease entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code as of the Effective Date. This Order shall constitute an order of the Bankruptcy Court approving such rejection, pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date. For the avoidance of doubt, any insurance policy acquired for the benefit of the Debtor (or any representatives thereof or successors thereto) before or after the Petition Date shall remain in full force and effect after the Effective Date according to its terms.

18. <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>. Proofs of Claim with respect to Claims arising from the rejection of executory contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court **within thirty (30) days after the earlier of (a) the Effective Date or (b) an order of the Bankruptcy Court approving such rejection.** Any Claims arising from the rejection of an executory contract or unexpired lease not filed within such time shall not be treated as an Allowed Claim for purposes of Distribution without the need for any objection by the Reorganized Debtor or Liquidating Trust or further notice to, or action, order or approval of the Bankruptcy Court. Allowed Claims arising from the rejection of the Debtor's executory contracts or unexpired leases shall be classified as General Unsecured Claims and shall be treated in accordance with Section 13 of the Plan, as applicable.

19. <u>Reservation of Rights</u>. Nothing contained in the Plan shall constitute an admission by the Debtor that any executory contract or unexpired lease is in fact an executory

contract or unexpired lease or that the Reorganized Debtor or Liquidating Trust has any liability thereunder.

20. <u>Distributions Under the Plan</u>. On and after the Effective Date, the Distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims pursuant to Section 11 of the Plan are authorized to occur and, without limitation on the other provisions of the Plan and this Order concerning the powers, duties, and authority of the Reorganized Debtor and Liquidating Trustee, and the Reorganized Debtor and Liquidating Trustee shall be authorized to effectuate such Distributions, resolution, and treatment required by the Plan and Liquidating Trust Agreement.

21. <u>Procedures for Resolving Contingent, Unliquidated, and Disputed Claims</u>. The procedures and authority to file objections, settle, compromise, withdraw or litigate to judgment Claims, adjudicate or resolve Tax issues or liabilities, and estimate, adjudicate and resolve any contingent or unliquidated Disputed Claim, contained in Section 12 of the Plan shall be, and hereby are, approved in their entirety.

22. <u>Injunction.</u> The injunction contained in Section 16.3 of the Plan, as amended by **<u>Exhibit A</u>** attached hereto, is approved and incorporated herein in all respects.

23. <u>Plan Releases</u>. The releases contained in section 16.2 of the Plan, as amended by **<u>Exhibit A</u>** attached hereto, are approved and incorporated herein in all respects.

24. <u>Exculpation</u>. The exculpation provision contained in 16.1 of the Plan, as amended by **<u>Exhibit A</u>** attached hereto, is approved and incorporated herein in all respects.

25. <u>Section 1146(a) Exemption</u>. To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers (whether from the Debtor or to any other Person) of property under the Plan or pursuant to: (1) the issuance, distribution, transfer, or exchange of any debt,

equity security, or other interest in the Debtor; (2) the creation, modification, consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; or (3) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forgo the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

26.     <u>Release of Liens</u>.  Except as otherwise provided herein or pursuant to the Plan, on the Effective Date and concurrently with the applicable Distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges or other security

interests against any property of the Estate shall be fully released, and all of the right, title and interest of any holder of such mortgages, deeds of trust, Liens, pledges or other security interests shall revert to the Debtor and their successors and assigns.  For the avoidance of doubt, except as otherwise provided herein or pursuant to the Plan, all mortgages, deeds of trust, Liens, pledges or other security interests against any property of the Estate shall be fully released on the Effective Date without any further action of any party, including, but not limited to, further order of the Bankruptcy Court or filing updated schedules or statements typically filed pursuant to the Uniform Commercial Code.

27.     _Administrative Expense Bar Date Provisions_.  Unless previously filed or as otherwise governed by a bar date order or in another order of the Court, requests for payment of Administrative Expenses arising on or after the Petition Date, through and including the Effective Date, must be filed with the Court and served on the parties identified in Section 19.6 of the Plan **on or before 45 days after the Effective Date** (the "_Administrative Claims Bar Date_").  Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Expense Bar Date shall be forever barred from asserting such Administrative Claims against the Debtor, the Estate, the Reorganized Debtor, the Liquidating Trust, or their respective property.

28.     _Cancellation of Notes, Instruments, Certificates, and Other Documents_.  On the Effective Date, except as otherwise provided herein or in the Plan, all notes, instruments, certificates, and other instruments or documents, directly or indirectly, evidencing any Claim or Interest shall be deemed cancelled and the obligations of the Reorganized Debtor or the

Liquidating Trust shall be limited to those distributions proposed under the Plan, if any, with respect to such Claim or Interest.

29.   <u>Professional Fee Claims</u>.  Any Professional or other Entity asserting a Professional Fee Claim must file and serve on respective counsel for the Debtor, the Reorganized Debtor, the Liquidating Trustee, and the Liquidating Trust and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court an application for final allowance of such Claim **no later than forty-five (45) days after the Effective Date.**  All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

30.   <u>Notices of Confirmation and Effective Date</u>.  The Debtor shall serve a combined notice of entry of this Confirmation Order and notice of the Effective Date in accordance with Bankruptcy Rules 2002 and 3020(c) on all creditors, equity holders and parties having requested notice in this Chapter 11 Case.  Notwithstanding the above, no notice of Confirmation or Effective Date or service of any kind shall be required to be mailed or made upon any party to whom the Debtor mailed notice of the Combined Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Entity, or are otherwise aware, of that Entity's new address.  The above-referenced notices are adequate under the particular circumstances of this Chapter 11 Case and no other or further notice is necessary.

31.   <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of the Confirmation Order of the occurrence of the Effective Date, this Court shall retain jurisdiction over the Chapter 11 Case and any of the proceedings related to the Chapter 11 Case pursuant to section 1142 of the

Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of the Plan are carried out.

32. <u>Payment of Statutory Fees</u>.  On the Effective Date, and thereafter as may be required, the Reorganized Debtor or Liquidating Trust, as applicable, shall pay all fees payable pursuant to section 1930 of chapter 123 of title 28 of the United States Code.

33. <u>Successors and Assigns</u>.  The rights, duties and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

34. <u>Plan Supplement</u>.  The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the Debtor at the Combined Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by the Reorganized Debtor and the Liquidating Trust, are authorized and approved when they are finalized, executed, and delivered.  Without further order or authorization of this Court, the Reorganized Debtor, the Liquidating Trust, and their successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement that are consistent with the Plan.

35. <u>Binding Effect of the Plan</u>.  The provisions of the confirmed Plan shall bind the Debtor, the Reorganized Debtor, the Liquidating Trust, the Liquidating Trustee, any Entity acquiring property under the Plan, any Beneficiary, and any Creditor or Equity Interest Holder, whether or not such Creditor or Equity Interest Holder has filed a Proof of Claim or Equity Interest in the Chapter 11 Case, whether or not the Claim of such Creditor or the Equity Interest

of such Equity Interest Holder is impaired under the Plan, and whether or not such Creditor or Equity Interest Holder has accepted or rejected the Plan. All Claims and Debts shall be fixed and adjusted pursuant to the Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, or Governmental Unit or parish in which any instrument related to under the Plan or related to any transaction contemplated under the Plan is to be recorded with respect to any taxes of the kind specified in Bankruptcy Code Section 1146(a).

36. <u>Binding Effect of Prior Orders and Agreements</u>. Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Case, all documents and agreements executed by the Debtor as authorized and directed thereunder, and all motions or requests for relief by the Debtor pending before the Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Reorganized Debtor, the Reorganized Debtor Representative, the Liquidating Trust and the Liquidating Trustee.

37. <u>Governmental Approvals Not Required</u>. Except as otherwise specifically provided herein, this Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

38. <u>Effectiveness of All Actions</u>. All actions authorized to be taken pursuant to the Plan shall be effective on, prior to or after the Effective Date pursuant to this Order, without further application to, or order of the Bankruptcy Court, or further action by the respective

officers, directors, members, managers, or employees of the Reorganized Debtor or the Liquidating Trust and with the effect that such actions had been taken by unanimous action of such officers, directors, members, managers, or employees.

39.     <u>Plan and Confirmation Order Mutually Dependent</u>.  This Order shall constitute a judicial determination and shall provide that each term and provision of the Plan is:  (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the Debtor's consent; and (c) nonseverable and mutually dependent.

40.     <u>Reversal</u>.  If any of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by the Debtor.  Notwithstanding any such reversal, modification, or vacatur of this Order, any such act or obligations incurred undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

41.     <u>No Stay</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall not be stayed and shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, the Liquidating Trust, and any and all Holders of Claims and Equity Interests, all entities that are parties to or subject to the settlements, compromises, releases, and injunctions described in the Plan or in this Order, all state or local governments and

governmental officials subject to the provisions of section 1146(a) of the Bankruptcy Code, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor.

42.     <u>Confirmation Order Supersedes</u>.  This Confirmation Order shall supersede any Bankruptcy Court orders issued prior to the Confirmation Date that may be inconsistent with this Order.

43.     <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

44.     <u>Recording</u>.  The Reorganized Debtor and the Liquidating Trust hereby are authorized to deliver a notice or short form of this Order, with the Plan attached, to any state or local recording officer, and such officer must accept for filing such documents or instruments without charging any stamp tax, recording tax, personal property transfer tax, mortgage, or other similar tax.  Such notice (a) shall have the effect of an order of this Court, (b) shall constitute sufficient notice of the entry of this Order to such filing and recording officers, and (c) shall be a reasonable instrument notwithstanding any contrary provision of non-bankruptcy law. This Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

45.     <u>Plan and Confirmation Order Govern</u>.  Without intending to modify any prior order of this Court (or any agreement, instrument, or document addressed by any prior order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document); *provided, further,* that, for the avoidance of doubt, in the event of any

inconsistency between the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern.

46.     <u>Final Order</u>.  This Confirmation Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

**Dated: November 8th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**