# **EXHIBIT B**

Redline of Amended Plan Provisions
(against original Plan)

JAB Energy Solutions II, LLC

# EXHIBIT A TO CONFIRMATION ORDER

14.1    Global Settlement of Claims.

Pursuant to section 1123 of the Bankruptcy Code, and in consideration for the classification, distributions, releases and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan will constitute a good-faith compromise and settlement of ~~all Claims~~any claims and interests belonging to the Debtor or its Estate and ~~Interests and~~any controversies resolved pursuant to the Plan.

16.1    Exculpation.

The Debtor, the Debtor's officers and managers that served during the Chapter 11 Case, the Committee, the members of the Committee, and each of their respective professionals retained during the Chapter 11 Case, each solely in their capacities as such (collectively, the "Exculpated Parties"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the sale or other disposition of the Debtor's assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; *provided however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided however,* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and may raise such reasonable reliance ~~shall form~~as a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.

16.2    Releases.

(a)    Debtor Related Releases.

(i)    **Debtor/Estate Release of Released Parties.**

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor, ~~the Reorganized Debtor,~~ the Estate, ~~the Committee and~~ the Liquidating Trust ~~(~~, and the Committee, in its capacity as such (for themselves and their successors, collectively, the "Debtor/Estate Releasors") shall release (the "Debtor/Estate Release") each Released Party, and each Released Party is**

deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert ~~in its own right, or on behalf of the Holder of any Claim or Interest or other entity,~~ based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; further provided that all rights of the Liquidating Trust to prosecute any Causes of Action assigned to the Liquidating Trust as set forth herein, including the D&O Insurance Assigned Claims, shall be fully preserved (for the avoidance of doubt, Brent Boudreaux and any other person qualifying as an "Insured Person" under that certain Management Liability Solutions 2.0 Insurance Policy, Policy No. DPLE320442, Policy Form Number D56100-G, shall not be a Released Party); and further provided that nothing herein shall act as a discharge of the Debtor.

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.~~

(ii) **Debtor/Other Party Release of Committee and Liquidating Trust.**

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor, the Prepetition Senior Lender, the Prepetition Junior Lender, Lincolnshire, and the Non-Debtor Affiliates (collectively, the "**Debtor/Other Party Releasors**") shall release (the "**Debtor/Other Party Release**") the

**Committee, and the members thereof (in their capacities as such) and release and/or waive claims against the Liquidating Trust (collectively, the "Debtor/Other Party Releasees"), and each Debtor/Other Party Releasee is deemed released by the Debtor/Other Party Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Other Party Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Other Party Releasors would have been legally entitled to assert** ~~in its own right, or on behalf of the Holder of any Claim or Interest or other entity,~~ **based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Debtor/Other Party Releasee, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Debtor/Other Party Releasee that constitutes fraud, willful misconduct, or gross negligence;** *provided however*, **the foregoing Debtor/Other Party Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.**

~~**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Other Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Other Party Release is: (a) in exchange for the good and valuable consideration provided by the Debtor/Other Party Releasees; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Other Party Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Other Party Release.**~~

(b)     TOPS/OTS Related Releases.

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, TOPS and OTS, as releasors, shall release the Prepetition Senior Lender, the Prepetition Junior Lender, Lincolnshire, the Non-Debtor Affiliates, and each of such Entities' Related Persons (collectively, the "TOPS/OTS Releasees"), and each TOPS/OTS Releasee is deemed released by TOPS and OTS from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of TOPS and/or OTS, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued,

matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that TOPS and/or OTS would have been legally entitled to assert ~~in its own right, or on behalf of the Holder of any Claim or Interest or other entity,~~ based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and TOPS and/or OTS, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a TOPS/OTS Releasee that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing TOPS/OTS release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor, the Reorganized Debtor, the Prepetition Senior Lender, the Prepetition Junior Lender, Lincolnshire, and the Non-Debtor Affiliates, as releasors, shall release TOPS, OTS and each of such Entities' Related Persons (collectively, the "<u>TOPS/OTS Parties</u>"), and each TOPS/OTS Party is deemed released by the aforementioned releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the afore-mentioned releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that afore-mentioned releasors would have been legally entitled to assert ~~in its own right, or on behalf of the Holder of any Claim or Interest or other entity,~~ based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and the afore-mentioned releasors, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a TOPS/OTS Party that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing TOPS/OTS release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.**

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the foregoing TOPS/OTS releases set forth in the preceding two paragraphs (the "**TOPS/OTS Release(s)**"), which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that each of the TOPS/OTS Releases is: (a) in exchange for the good and valuable consideration provided by the TOPS/OTS Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of aforementioned releasors asserting any Claim or Cause of Action released pursuant to the TOPS/OTS Releases.~~

(c) **Third Party Release.**

On and after and subject to the occurrence of the Effective Date, except as otherwise provided in the Plan, each Claimant (collectively, the "**Releasing Parties**") who (i) is not Impaired under the Plan or (ii) affirmatively votes to accept the Plan and, as to Holders of Class 5 Unsecured Claims who are not parties to the Plan Term Sheet only, who does not elect to "opt-out" by marking the appropriate box on such Releasing Party's respective Ballot or opt-out form, for themselves and their respective successors, assigns, transferees, and**, solely to the extent of any rights or claims that are derivative of each Releasing Party,** such Claimants' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), shall release (the "**Third Party Release**") each Released Party, and each of ~~the Debtor, the Reorganized Debtor, the Estate, and~~ the Released Parties shall be deemed released from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtor or the Estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided however*, the foregoing Third Party Release shall not release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.

16.3 **Injunction.**

**In implementation of the Plan**, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor, the Reorganized Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against ~~the Debtor, the Reorganized Debtor, the Estate, the Liquidating Trust, or~~ any of the Liquidating Trust Assets <ins>or Distributable Assets</ins>, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against ~~the Debtor, the Reorganized Debtor, the Estate, the Liquidating Trust, or~~ any of the Liquidating Trust Assets <ins>or Distributable Assets</ins> with respect to any such Claim or Interest; <ins>and</ins> (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against ~~the Debtor, the Reorganized Debtor, the Estate, or the Liquidating Trust, or~~ any of the Liquidating Trust Assets <ins>or Distributable Assets</ins> with respect to any ~~such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to~~ such Claim or Interest.  Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor, the Reorganized Debtor, or the Liquidating Trust under the Plan.

19.1    Payment of Statutory Fees / Closing of Chapter 11 Case.

All fees payable under section 1930 of chapter 123 of title 28 of the United States Code <ins>together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable ("Quarterly Fees") prior to the Effective Date</ins> shall be paid on the Effective Date, or as soon as practicable thereafter, by the Debtor or Reorganized Debtor.  <ins>After the Effective Date,</ins> Quarterly ~~fees~~<ins>Fees</ins> owed to the U.S. Trustee shall be paid when due in accordance with applicable law<ins>. The Debtors shall file all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the Effective Date, the Liquidating Trustee</ins> and the Reorganized Debtor shall ~~continue to~~ file ~~reports to show~~<ins>with</ins> the ~~calculation of such fees based on distributions made by~~<ins>Bankruptcy Court separate UST Form 11-PCR reports when they become due.  The Debtor,</ins> the Reorganized Debtor<ins>, and the Liquidating Trust shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee</ins> until the <ins>earliest of the</ins> Chapter 11 Case ~~is~~<ins>being</ins> closed under section 350 of the Bankruptcy Code<ins>, dismissed</ins> or <ins>converted to a case under Chapter 7 of the Bankruptcy Code, *provided that,* the calculation of the Quarterly Fees from and after the Effective Date shall take into account any distributions by</ins> the <ins>Debtor or</ins> Reorganized Debtor ~~is deemed dissolved pursuant~~ to the ~~terms hereof~~<ins>Liquidating Trust and there shall be no double counting for purposes of calculating the Quarterly Fees of the same dollars distributed by the Debtor or Reorganized Debtor to the Liquidating Trust that are later distributed by the Liquidating Trust.  The U.S. Trustee shall not</ins>

be required to file any Administrative Claim in the case, and shall not be treated as providing any release under the Plan.

The Liquidating Trustee may seek to close the Chapter 11 Case, in his discretion, on motion to the Bankruptcy Court, after consultation with the Reorganized Debtor if the Reorganized Debtor has not yet been dissolved by that time.

Document comparison by Workshare Compare on Tuesday, November 1, 2022 8:00:03 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_SF/108115/1 |
| Description | DOCS_SF-#108115-v1-JAB_-_Exhibit_to_Plan_Confirmation_Order |
| Document 2 ID | PowerDocs://DOCS_SF/108115/4 |
| Description | DOCS_SF-#108115-v4-JAB_-_Exhibit_to_Plan_Confirmation_Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---:|
| | Count |
| Insertions | 27 |
| Deletions | 28 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 55 |